Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Jason A. Davis [SBN: 224250]
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Voice: (949) 310-0817
Fax:   (949) 288-6894
E-Mail: Jason@CalGunLawyers.com

Attorneys for Plaintiffs

FILED

2011 MAR 18 P 2:31

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SHERIFF LAURIE SMITH (In her individual and official capacity.), COUNTY OF SANTA CLARA, and DOES 1 to 20,<br><br>Defendants. | Case No.: CV 11-01318<br><br>**COMPLAINT**<br><br>42 U.S.C. §§ 1983, 1988,<br>CA CIVIL CODE § 52.3<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action for compensatory damages and injunctive/declaratory relief resulting from the unconstitutional polices, procedures and practices of the Defendants in the administration of California Penal Code § 12050 *et seq.*

2. This is NOT an action that seeks to challenge the current law of the State of California to engage in policy decisions that limits the carrying of loaded and

1 functional handguns to bearing them in a state of concealment with
2 appropriate background checks, training and licensing of individuals seeking
3 to exercise their Second Amendment right to bear arms for lawful self-
4 defense.

5 3. This action seeks damages and prospective injunctive relief against the
6 Defendants LAURIE SMITH, Sheriff of Santa Clara County and the
7 COUNTY OF SANTA CLARA to compel compliance with the United States
8 Constitution, to prevent future violations of Constitutional Rights and to
9 remedy violations of California State Law.

## PARTIES

4. Plaintiff TOM SCOCCA is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Santa Clara County.

5. Plaintiff MADISON SOCIETY, INC., (MS) is a Nevada Corporation with its registered place of business in Carson City, Nevada. The Madison Society has chapters throughout California. The society is a membership organization whose purpose is preserving and protecting the legal and constitutional right to keep and bear arms for its members and all responsible law-abiding citizens. It is not a publicly traded corporation. MS represents its members and supporters, which include California gun owners. MS brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

6. Plaintiff CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. CGF

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint    Page 2 of 10    Scocca v. Smith

1  represents its members and supporters, which include California gun owners. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

7. Defendant LAURIE SMITH is the Sheriff of Santa Clara County. She is legally obliged to administer California Penal Code § 12050 *et seq.* As a consequence of this duty, she is required to formulate policies and procedures to insure the constitutional implementation of California's policy of requiring a license for the concealed bearing of arms in this State. Sheriff LAURIE SMITH is sued in both her individual and official capacity.

8. Defendant COUNTY OF SANTA CLARA is a municipal entity organized under the Constitution and laws of the State of California.

9. At this time, Plaintiffs are ignorant of the names of additional Defendants. Plaintiffs therefore name these unknown Defendants as DOE Defendants and reserves the right to amend this complaint when their true names are ascertained. Furthermore, if/when additional persons and entities are discovered to have assisted and/or lent support to the wrongful conduct of the Defendants named herein, Plaintiff reserves the right to amend this complaint to add those persons and/or entities as Defendants.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

11. This Court has supplemental jurisdiction over state law causes of action arising from the same operative facts under 28 U.S.C. § 1367.

12. Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local Rules for bringing an action in this district.

## CONDITIONS PRECEDENT

13. All conditions precedent have been performed, and/or have occurred, and/or have been excused, and/or would be futile.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# STATEMENT OF FACTS

## *Background*

14. A little over 10 years ago the California Supreme Court declined to recognize:

> (...) [T]hat a right to bear arms is one of the rights recognized in the California Constitution's declaration of rights, (...). No mention is made in it of a right to bear arms. (See *In re Rameriz* (1924) 193 Cal. 633, 651 [226 P. 914, 34 A.L.R. 51] ["The constitution of this state contains no provision on the subject"].)
>
> *Kasler v. Lockyer*, 23 Cal.4th 472, 481 (2000).

15. As a consequence of that decision, the California Supreme Court declined to apply a heightened burden or level of scrutiny on the government as part of an Equal Protection analysis in a challenge to California's Assault Weapons Statutes because: *"the AWCA does not burden a fundamental right under either the federal or state Constitutions."* *Kasler* at 481.

16. Ninth Circuit interpretation was in accord. *Hickman v. Block*, 81 F.3d 98 (1996) and *Silveira v. Lockyer*, 312 F.3d 1052 (2002).

17. Presumably all of the weapon control statutes, regulations, local ordinances, policies and procedures in California that were adopted between 1924 and 2010 were premised upon a (now shaky) foundation that California and its political sub-divisions had no duty to temper their policies, practices and procedures against a constitutional commandment to respect an individual's fundamental "right to keep and bear arms" for purposes of self-defense.

18. In 2008, *District of Columbia v. Heller* (2008) 554 U.S. 570, affirmed that the federal government must recognize a right of self-defense as part of the Second Amendment's limitation on the federal government's power to regulate firearm possession.

19. In 2010, *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010), extended – via the Due Process Clause of the 14th Amendment – the requirement that state and local governments recognize a right of self-defense that is integral

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    Page 4 of 10                    Scocca v. Smith

1  to the "right to keep and bear arms."

20. California (even though the state has heretofore declined to recognize a right to keep and bear arms) had enacted a policy preference for the licensed concealed bearing of arms. (CA Penal Code § 12050)  For context the State generally prohibits (with some exceptions) the open carrying of concealable and loaded firearms in public. (CA Penal Code §§ 12025, 12031)

21. The requirements for a Sheriff to issue a license for the bearing of functional, concealed firearms are set forth at CA Penal Code § 12050 *et seq.*, they consist of:

   a. Proof of good moral character of the applicant,
   b. Proof of good cause by the applicant,
   c. Proof that the applicant either:
      i. Is a resident of the county or a city within the county, or
      ii. Spends a substantial period of time in a principal place of employment or business in the county,
   d. Proof of successful completion of a course of training that shall not exceed 16 hours,
   e. Completion of a criminal background check,
   f. Payment of a statutorily defined fee.

22. Alternatively, persons seeking a license to bear concealed firearms can apply to the municipal police department in any city/county in which the applicant resides.

23. The gravamen of this case is that the Sheriff of Santa Clara County is administering the provisions of CA Penal Code § 12050 *et seq.*, in a way that violates the Fourteenth Amendment's Equal Protection Clause with regard to the regulation of a fundamental right -- specifically:

   a. The Sheriff interprets the language "may issue" found in CA Penal Code § 12050(a)(1)(A) as statutory permission to grant or deny

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    Page 5 of 10                    Scocca v. Smith

1 concealed carry permits based on wholly arbitrary and capricious criteria, resulting in a denial of equal protection of the law.

    b. The Sheriff interprets the language "of good moral character" found in CA Penal Code § 12050(a)(1)(A) too narrowly for some applicants and too broadly for others, resulting in a denial of equal protection of the law with respect to the regulation of a fundamental right.

    c. The Sheriff interprets the language "good cause" found in CA Penal Code § 12050(a)(1)(A) too narrowly for some applicants and too broadly for others, resulting in a denial of equal protection of the law with respect to the regulation of a fundamental right.

    d. It also appears that the Sheriff is neglecting to engage in the ususal and customary practice of other Sheriffs' Departments, of posting her written policy on the Santa Clara Sheriff's website summarizing the provisions of subparagraphs (A) and (B) of paragraph (1) of subdivision (a) of Section 12050 – as required by CA Penal Code § 12050.2.

### *Violations of Plaintiffs' Right to Equal Protection*

24. Sheriff Smith has issued more than 70 concealed carry weapon permits to Santa Clara County residents.

25. In November, 2008, Plaintiff SCOCCA sent a letter of inquiry to Defendant SMITH requesting information about the process to obtain a concealed carry weapon permit. Sheriff SMITH responded by:

    a. Stating that SCOCCA lived within the jurisdiction of the City of San Jose, and informing him that he should apply to that city's police chief. (This has become a pattern and practice of delaying – and therefore denying – permits by Sheriffs in counties that have incorporated cities within their boundaries. This practice is contrary to case law and a California Attorney General Opinion.)

    b. Apparently considering the mere letter of inquiry an application,

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint     Page 6 of 10     Scocca v. Smith

|   |     |                                                                                          |
|---|-----|------------------------------------------------------------------------------------------|
| 1 |     | SMITH advised SCOCCA that his application was being denied for lack of supporting documentation. |
| 3 | 26. | On December 22, 2008, Plaintiff SCOCCA sent a completed application for a concealed carry weapon permit to Defendant Sheriff SMITH. |
| 5 | 27. | Defendant SMITH did not act upon Plaintiff SCOCCA's application for more than 90 days, prompting SCOCCA to send a letter of inquiry in April of 2009 requesting action on the application and/or an appeal. |
| 8 | 28. | On April 14, 2009 Defendant SMITH, without addressing the original application, denied the appeal. |
| 10 | 29. | Plaintiff SCOCCA possesses "good moral character" – as he is a law-abiding citizen in every meaningful way relevant to CA Penal Code § 12050 *et seq*. |
| 12 | 30. | Plaintiff SCOCCA's good moral character is functionally equivalent to the good moral character of the more than 70 licensees with permits to carry concealed weapons issued by Sheriff SMITH. |
| 15 | 31. | Plaintiff SCOCCA has "good cause[1]" – because he is the Director of Security Risk Management at a large semiconductor equipment manufacturer with corporate headquarters in Santa Clara County, with responsibilities for Global Investigations and Litigation Support. |

 a. Tom Scocca has a private investigator's license and he owns/operates a private investigation firm.

 b. Tom Scocca has a license issued by the California Bureau of Security and Investigative Services that permits him to openly carry a loaded firearm during the course and scope of his business.

 c. Tom Scocca is responsible for the investigation, and the potential

---

[1] As the theory of this case is a straight denial of equal protection, Plaintiff is not asserting a cause of action at this time in which "self-defense" standing alone is all the justification constitutionally necessary to obtain a license to bear concealed firearms. Counsel for the Plaintiff (Kilmer) is familiar with a case filed in the Eastern District of California that advances that theory. *Richards v. Prieto*, Case No.: 2:09-CV-01235-MCE-KJM.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

        detention/arrest/expulsion of persons found violating the law and/or violating the company policies of his employer.

    d. As a consequence of his duties for his employer, Tom Scocca overseas the security of millions of dollars of trade secrets and computer equipment that is subject to pirating, theft and pilfering.

    e. Part of his investigative duties requires Tom Scocca to conduct surveillance of suspicious activity – which becomes of marginal utility if he is required to openly carry his firearm in connection with his work.

32. Plaintiff Tom Scocca's "good cause" is functionally equivalent to the "good cause" of some of the more than 70 licensees with permits to carry concealed weapons issued by Sheriff SMITH.

33. In October of 2010, Plaintiff SCOCCA caused a letter to be sent to Sheriff SMITH through counsel advising her of the changes in the law with respect to the Second Amendment and requesting an interview. The interview took place on or about December 14, 2010. Present at the meeting were:

    a. TOM SCOCCA.

    b. Gene Hoffman, Officer/Director of CALGUNS FOUNDATION, INC., (CGF).

    c. Donald Kilmer, representing SCOCCA and CGF.

    d. John Hirokawa, Undersheriff.

    e. Rick Sung, Sergeant – Media Relations.

    f. Cheryl A. Stevens, of the Office of County Counsel for SANTA CLARA COUNTY.

The parties were not able to reach an agreement about the impasse in their respective positions.

34. Plaintiff SCOCCA is statutorily qualified to obtain a concealed carry weapons permit, and would bear any weapon in compliance with all laws and

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

County who have been issued permits to carry a concealed firearm by Defendant Sheriff LAURIE SMITH.

42. By promulgating, maintaining and enforcing a set of customs, practices and policies of treating similarly situated applicants differently – and/or treating differently situated applicants the same – Defendant Sheriff LAURIE SMITH is depriving Plaintiff SCOCCA of equal protection of the law as guaranteed by the California Constitution, Article I, § 7 in violation of California Civil Code § 52.3.

43. Plaintiff SCOCCA is therefore entitled to damages.

44. Plaintiffs SCOCCA, MADISON SOCIETY, INC., and CALGUNS FOUNDATION, INC., are entitled to injunctive and declaratory relief.

WHEREFORE, the Plaintiffs demands a jury trial and requests that this Court:

    A. Award compensatory damages to the Plaintiff TOM SCOCCA, MADISON SOCIETY, INC., and CALGUNS FOUNDATION, INC., against Defendants LAURIE SMITH and SANTA CLARA COUNTY, and the DOE Defendants, jointly and severally, in an amount according to proof;

    B. Award costs of this action to all the Plaintiffs;

    C. Award reasonable attorney fees and costs to the Plaintiffs on all Claims of the complaint, including but not limited to fee/cost awards under 42 USC § 1983, 1988 and California Civil Code § 52.3 and California Code of Civil Procedure § 1021.5;

    D. Injunctive and declaratory relief to prevent future constitutional violations and miscarriages of Justice;

    E. Such other and further relief as this Court may deem appropriate.

Dated: March 14, 2011,

_____
Donald Kilmer, Attorney for Plaintiff – Lead Counsel

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487