1    MIGUEL MÁRQUEZ, County Counsel (S.B. #184621)
     MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
2    OFFICE OF THE COUNTY COUNSEL
     70 West Hedding, East Wing, 9th Floor
3    San Jose, California  95110-1770
     Telephone:  (408) 299-5900
4    Facsimile:  (408) 292-7240

5    Attorneys for Defendants
     SHERIFF LAURIE SMITH and COUNTY
6    OF SANTA CLARA

7

8
                          UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
                                  (San Jose)
10

11

12   TOM SCOCCA, MADISON SOCIETY,        )    No.    CV11-01318
     INC., and THE CALGUNS               )
13   FOUNDATION, INC.,                    )    **DEFENDANTS' NOTICE OF MOTION AND**
                                          )    **MOTION TO DISMISS PLAINTIFFS'**
14        Plaintiffs,                     )    **COMPLIANT; MEMORANDUM OF**
                                          )    **POINTS AND AUTHORITIES**
15   v.                                   )
                                          )
16   SHERIFF LAURIE SMITH (In her         )    Date:    August 12, 2011
     individual and official capacity.),  )    Time:    9:00 a.m.
17   COUNTY OF SANTA CLARA, and           )    Dept.:   3
     DOES 1 to 20,                        )    Judge:   Jeremy D. Fogel
18                                        )
          Defendants.                     )
19   _____)

20        TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that on **August 12, 2011** at **9:00 a.m.** before the Honorable

22   Jeremy D. Fogel, District Judge of the United States District Court, 280 South First Street, San

23   Jose, California, Defendants Sheriff Laurie Smith and County of Santa Clara will and hereby do

24   move this Court to dismiss Plaintiffs' complaint.  The motion to dismiss is made pursuant to

25   Rule 12(b)(6) of the Federal Rules of Civil Procedure.

26        This motion is based on this Notice of Motion and Motion to Dismiss Plaintiffs'

27   Complaint, the Memorandum of Points and Authorities in Support of the Motion, the Request of

28   Judicial Notice, and such other further oral and documentary evidence and legal memoranda as

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          1                    CV11-01318

1 | may be presented at the hearing on this motion.

2 | Dated: May 27, 2011                              Respectfully submitted,

3 |                                                  MIGUEL MÁRQUEZ
                                                     County Counsel

4 |

5 |                                        By:   _____/S/_____
                                                     MELISSA R. KINIYALOCTS

6 |                                                  Deputy County Counsel

7 |                                                  Attorneys for Defendants
                                                     SHERIFF LAURIE SMITH and

8 |                                                  COUNTY OF SANTA CLARA

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          2                          CV11-01318

# TABLE OF CONTENTS

I.      INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PLAINTIFFS' ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   SCOCCA CANNOT ESTABLISH THAT THE DENIAL OF HIS
       APPLICATION FOR A CONCEALED-WEAPONS PERMIT
       CONSTITUTED A DEPRIVATION OF HIS CONSTITUTIONAL RIGHTS. . . . . 3

        1.   Heightened scrutiny does not apply unless a regulation substantially
           burdens the right to keep and to bear arms for self-defense.. . . . . . . . . . . . . . 3

        2.   The Sheriff's denial of Scocca's application for a concealed-weapons
           permit did not substantially burden his right to keep and bear arms.. . . . . . . . 5

        3.   The Sheriff's denial of Scocca's application for a concealed-weapons
           permit did not violate his right to Equal Protection.. . . . . . . . . . . . . . . . . . . . 6

    B.   PLAINTIFF ASSOCIATIONS SHOULD BE DISMISSED BECAUSE
       THEY DO NOT HAVE STANDING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        1.   Organizational plaintiffs must satisfy standing requirements to sue.. . . . . . . . 7

        2.   Plaintiff Associations do not have standing to sue on their own behalf.. . . . . 8

        3.   Plaintiff Associations do not have standing to sue in a representative
           capacity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.   PLAINTIFFS' CLAIM FOR RELIEF UNDER CALIFORNIA CIVIL
       CODE SECTION 52.3 SHOULD BE DISMISSED BECAUSE THAT
       CODE SECTION DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION. . . . 10

V.      CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**MIGUEL MÁRQUEZ**
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities            i                    CV11-01318

1

**TABLE OF AUTHORITIES**

2

**<u>CASES</u>**

3

*Akhtarshad v. City of Corona*
  2009 WL 362130, at * 7 fn. 4 (C.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

4

*al-Kidd v. Ashcroft*
  580 F.3d 949 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

5

6

*Ashcroft v. Iqbal*
  129 U.S. S.Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

7

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*
  459 U.S. 519 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

8

9

*Cabral v. County of Glenn*
  624 F.Supp.2d 1184 (E.D. Cal., 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

10

*District of Columbia v. Heller*
  554 U.S. 570 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3-5

11

12

*Environmental Protection Information Center v. Pacific Lumber Co.*
  469 F.Supp.2d 803 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*
  528 U.S. 167 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

14

15

*Garcia v. City of Ceres*
  2009 WL 529886, at * 11 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

16

*Havens Realty Corp. v. Coleman*
  455 U.S. 363 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 8

17

18

*Hunt v. Washington State Apple Advertising Commission*
  432 U.S. 333 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 10

19

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*
  624 F.3d 1083 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

20

21

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

22

*McDonald v. Chicago*
  130 S.Ct. 3020 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

23

24

*Nordyke v. King*
  2011 WL 1632063 (9th Cir. May 2, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 4, 6

25

*O'Toole v. Superior Court of San Diego County*
  140 Cal.App.4th 488 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

26

27

*Peruta v. County of San Diego*
  2010 WL 53137 (S.D. Cal. December 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

28

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities              ii                          CV11-01318

*Richards v. County of Yolo*
    Case No. 09-CV-01235 (E.D. Cal. May 16, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Richards v. Prieto*
    2:09-CV-01235 (E.D. Cal. May 16, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Romer v. Evans*
    517 U.S. 620 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SmileCare Dental Group v. Delta Dental Plan of California*
    88 F.3d 780 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United Union of Roofers v. Insurance Corporation of America*
    919 F.2d 1398 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATUTES AND CODES

**STATE**

**Civil Code**

Section 52.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Section 52.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Section 52.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Section 52.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 10, 11

Section 52.3(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

**Penal Code**

Section 12031(j)(1)-(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Section 12050.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 7, 9

**FEDERAL**

**Federal Rules of Civil Procedure**

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**United States Code**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

**United States Constitution**

Article I, section 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities

CV11-01318

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff Tom Scocca alleges that he is a resident of Santa Clara County and that he applied for a permit to carry a concealed firearm but that Defendant Sheriff Laurie Smith denied his application.  Scocca alleges that he met all of the requirements under California Penal Code section 12050, *et seq.*, to receive a permit to carry a concealed weapon and was similarly situated to other applicants who were granted such permits by the Sheriff.  Scocca contends that the Sheriff administers the statutes in a way that violates his equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, section 7 of the California Constitution.  He sues the Sheriff and County for alleged violations of 42 U.S.C. § 1983 and California Civil Code section 52.3.

Plaintiff Madison Society, Inc., alleges it is a membership organization whose purpose is to preserve and protect the legal and constitutional right to bear arms for its members and law-abiding citizens.  Plaintiff Calguns Foundation, Inc., alleges it is a non-profit organization that seeks to promote education for all stakeholders about firearm laws and to defend the civil rights of California gun owners.  These two organizations ("Plaintiff Associations") bring the same causes of action as Scocca on behalf of themselves and their supporters.

The Complaint should be dismissed for several reasons.  First, as a matter of law Scocca cannot establish that he suffered a constitutional deprivation.  Recent federal cases have held that only regulations that substantially burden the right to keep and bear arms trigger heightened scrutiny under the Second Amendment and there is no constitutional right to carry a concealed weapon.  See *Nordyke v. King*, 2011 WL 1632063 (9th Cir. May 2, 2011); *Richards v. Prieto*, 2:09-CV-01235 (E.D. Cal. May 16, 2011).

Second, Plaintiff Associations do not have standing to sue.  Specifically they do not have standing to sue on their own behalf because they have not alleged any facts to meet the injury requirement of standing.  And Plaintiff Associations do not have standing to sue on behalf of their members because: (a) they have not identified any individual member who would have

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          1                    CV11-01318

1  standing to sue in his or her own right; and (b) the claim asserted and the relief requested would

2  require the participation of an individual member in this lawsuit.

3      Third, Plaintiffs' second claim for violation of California Civil Code section 52.3 should

4  be dismissed because there is no private right of action to enforce the statute; only the Attorney

5  General may bring a claim pursuant to the statute. Accordingly, Defendants' motion to dismiss

6  should be granted.

## II.

## PLAINTIFFS' ALLEGATIONS

9      Scocca contends that on December 22, 2008, he sent the Sheriff an application for a

10  permit to carry a concealed weapon, and that on April 14, 2009, the Sheriff denied the

11  application. (Complaint ¶ 26.) Scocca alleges that he is a law-abiding citizen who possesses

12  "good moral character" and has "good cause" to carry a concealed weapon pursuant to

13  California Penal Code section 12050, *et seq.*[1] (Id. ¶¶ 29-32.)

14      Specifically, Scocca alleges that he has a private investigator's license, owns a private

15  investigation firm, and is the Director of Security Risk Management at a large semiconductor

16  equipment manufacturer with responsibilities that allegedly include overseeing the security of

17  millions of dollars of trade secrets and computer equipment and conducting surveillance of

18  suspicious activity. (Complaint ¶ 31.) Scocca contends that even though he has a license to

19  openly carry a loaded firearm during the course and scope of his business, it is of "marginal

20  utility" when conducting surveillance of suspicious activity. (*Id.*) Scocca further contends that

21  he is similarly situated to "many" of the more than 70 residents of the County who allegedly

22  have been issued permits by the Sheriff to carry concealed firearms. (*Id.* ¶ 36.)

23      Plaintiff Associations do not assert any factual allegations that they have been harmed but

24  instead merely allege that they bring this action behalf of themselves and their supporters.

25  (Complaint ¶¶ 5-6.)

26

27  [1] Section 12050 provides in part that "[t]he sheriff of a county, upon proof that the person applying
   is of good moral character, that good cause exists for the issuance . . . may issue to that person a
28  license to carry a pistol, revolver, or other firearm capable of being concealed upon the person."

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities       2                    CV11-01318

1    Plaintiffs' first claim is pursuant to 42 U.S.C. § 1983 and their second claim is pursuant to

2    Civil Code section 52.3; both claims are based on the Sheriff's alleged deprivation of Scocca's

3    right to equal protection under the United States and California Constitutions.  (Complaint ¶¶

4    35-44.)

5                                              III.

6                                    STANDARD OF REVIEW

7           A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

8    legal sufficiency of the pleadings.  A court may dismiss a complaint as a matter of law for: (1)

9    lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal claim.

10   *SmileCare Dental Group v. Delta Dental Plan of California*, 88 F.3d 780, 783 (9th Cir. 1996).

11   A court only reviews the contents of the complaint, accepting all factual allegations as true, and

12   drawing all reasonable inferences in favor of the nonmoving party.  *al-Kidd v. Ashcroft*, 580

13   F.3d 949, 956 (9th Cir. 2009).

14          Further, a court need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 129 U.S.

15   S.Ct. 1937, 1949-50 (2009).  "Threadbare recitals" of the elements of a cause of action,

16   supported by mere conclusory statements, will not suffice to survive a motion to dismiss.  *Id*. at

17   1949.  It is also improper for a court to assume that the plaintiff can prove facts that he or she

18   has not alleged.  *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

19   U.S. 519, 526 (1983).  A plaintiff therefore bears the burden of alleging sufficient factual matter

20   to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

21   (2009).

22                                             IV.

23                                        ARGUMENT

24   **A.    SCOCCA CANNOT ESTABLISH THAT THE DENIAL OF HIS APPLICATION**
         **FOR A CONCEALED-WEAPONS PERMIT CONSTITUTED A DEPRIVATION**
25       **OF HIS CONSTITUTIONAL RIGHTS**

26

27        1.    <u>Heightened scrutiny does not apply unless a regulation substantially burdens the</u>
              <u>right to keep and to bear arms for self-defense.</u>

28          In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          3                    CV11-01318

held that the Second Amendment protects an individual's right to keep and bear arms for self-defense. *Heller* distinguished the blanket handgun ban at issue in that case from apparently permissible gun-control regulations by examining the extent to which each law burdened the core right to armed self-defense. *Id.* at 628. *Heller* determined that the District of Columbia's requirement that firearms in the home be kept inoperable made "it impossible for citizens to use [firearms] for the core lawful purpose of self-defense and is hence unconstitutional." *Id.* at 630.

In *McDonald v. Chicago*, 130 S.Ct. 3020 (2010), the United States Supreme Court held that the Second Amendment right to keep and bear arms is incorporated against the states through the Due Process Clause of the Fourteenth Amendment.

Neither *Heller* nor *McDonald* articulated a standard of review in Second Amendment cases, but the United States Court of Appeals for the Ninth Circuit recently held that only regulations that substantially burden the right to keep and bear arms trigger heightened scrutiny under the Second Amendment. *Nordyke v. King*, 2011 WL 1632063 at *6. *Nordyke* reasoned that "applying strict scrutiny to every gun-control regulation would be inconsistent with *Heller*'s reasoning" because it "would require courts to assess the effectiveness of a myriad of gun-control laws." *Id.* at *4-5. Because the government's general interest in preventing crime is a compelling interest, the question would be whether the regulation is narrowly tailored to that interest. *Id.* at *5. "But courts cannot determine whether a gun-control regulation is narrowly tailored to the prevention of crime without deciding whether the regulation is likely to be effective . . . . Sorting gun-control regulations based on their likely effectiveness is a task better fit for the legislature." *Id.*

When deciding whether a restriction on guns substantially burdens Second Amendment rights, courts are to determine whether the restriction leaves law-abiding citizens with reasonable alternative means for obtaining firearms sufficient for self-defense. *Nordyke*, 2011 WL 1632063 at *7. A law does not substantially burden a constitutional right simply because it makes the right more expensive or more difficult to exercise. *Id.* at 8.

Two recent district court cases have considered challenges to concealed-weapons restrictions and provide guidance in this area. In *Peruta v. County of San Diego*, 2010 WL

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          4                    CV11-01318

53137 (S.D. Cal. December 10, 2010),[2] plaintiffs alleged that the "good cause" requirement under Penal Code section 12050 violated their right to bear arms under the Second Amendment. The *Peruta* court distinguished concealed-weapons restrictions from those at issue in *Heller*, which banned handgun possession in the home and required firearms to be kept inoperable at all times. *Id.* at *6. Unlike the restrictions in *Heller*, California permits carrying loaded firearms for self-defense and defense of the home. *Id.* at *5 (citing Cal. Penal Code §§ 12031(j)(1)-(2)). The *Peruta* court concluded that "the government has an important interest in reducing the number of concealed weapons in public in order to reduce the risks to other members of the public" and upheld the sheriff's requirement that applicants for concealed-weapons permits distinguish themselves from other members of the general public by establishing that they were placed in harm's way. *Id.* at *8.

And in *Richards v. County of Yolo*, Case No. 09-CV-01235 (E.D. Cal. May 16, 2011),[3] plaintiffs challenged a sheriff's interpretation of Penal Code section 12050; specifically, that applicants demonstrate that they have a valid reason to request a concealed-weapons permit, such as credible threats of violence or being a business owner who carries large sums of cash. *Id.* at 3:9-16. The court held that regulation of concealed firearms is an essential part of maintaining public safety and preventing crime and that the county's implementation of Section 12050 was rationally related to these legitimate government goals. *Id.* at 10:15-21.

    2.   <u>The Sheriff's denial of Scocca's application for a concealed-weapons permit did not substantially burden his right to keep and bear arms.</u>

Scocca admits that he has a license to openly carry a loaded firearm during the course and scope of his business. (Complaint ¶ 31.) He contends that this is of "marginal utility" when conducting surveillance of suspicious activity. (*Id.*) Scocca does not provide any allegations to support his contention that his license to openly carry a loaded firearm when conducting surveillance is of marginal utility. Regardless, these allegations fail to state a constitutional

---

[2] The case is presently on appeal before the Ninth Circuit. *Peruta v. County of San Diego*, Docket No. 10-56971.

[3] Plaintiffs have appealed the decision. Request for Judicial Notice (RJN) at Exhibits A and B.

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities     5     CV11-01318

1    violation as a matter of law.

2           Scocca does not allege that he wishes to carry a concealed weapon for self-defense or

3    defense of his home.  Nor does he allege that he carries large sums of cash in the course of his

4    business such that he would need a concealed weapon to protect his property.  At best he

5    vaguely alleges a hindrance in conducting surveillance of suspicious activity in the course and

6    scope of his job as a private investigator who oversees security of trade secrets and computer

7    equipment.  (Complaint ¶ 31.)  As a matter of law this cannot constitute a substantial burden on

8    Scocca's right to keep and bear arms, particularly in light of the fact that Scocca already has a

9    license to openly carry a loaded firearm.

10          Since there is no substantial burden on Scocca's right to keep and bear arms, rational-basis

11   review applies.  *Nordyke*, 2011 WL 1632063 at *6 ("in a variety of contexts the [United States

12   Supreme] Court applies mere rational basis scrutiny to laws that regulate, but do not

13   significantly burden, fundamental rights").  The Sheriff's denial of Scocca's application for a

14   concealed-weapons permit was reasonably related to the legitimate government interest in

15   maintaining public safety and preventing crime.  Scocca is still able to openly carry a loaded

16   firearm in the course of his duties as a private investigator and is not prohibited under California

17   law from using a firearm in self-defense or to protect his home.  The denial of Scocca's

18   application to carry a concealed weapon did not substantially burden his right to keep and bear

19   arms but merely limited his ability to conduct some of his business functions as he would

20   prefer.

21          3.    The Sheriff's denial of Scocca's application for a concealed-weapons permit did not
                  violate his right to Equal Protection.

22

23          Where a statute does not "purposefully operate to the detriment of a suspect class, the only

24   requirement of equal protection is that [the statute] be rationally related to a legitimate

25   governmental interest."  *Nordyke*, 2011 WL 1632063 at *14; *Romer v. Evans*, 517 U.S. 620, 631

26   (1996) (courts will uphold a legislative classification so long as it neither burdens a fundamental

27   right nor targets a suspect class and bears a rational relation to some legitimate end).  Gun

28   owners are not members of a suspect class.  *Nordyke*, 2011 WL 1632063 at *14.

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          6                    CV11-01318

Here, Scocca's equal-protection claim fails because the provisions of Penal Code section 12050 *et seq.* grant the Sheriff discretion to grant or deny applications for concealed weapons permits if applicants do not have "good moral character" or "good cause" for such permits. Not all applicants are similarly situated and not all can demonstrate that they are of good moral character and have good cause for a concealed-weapons permit. Scocca's application was obviously lacking good cause because he was not seeking a permit to protect himself or his property. Rather, he sought the privilege of carrying a concealed weapon to improve his business prospects by purportedly being able to more effectively conduct surveillance than he could with the gun he was already licensed to openly carry. The Sheriff's denial of Scocca's application for a concealed-weapons permit was reasonably related to the legitimate government interest in maintaining public safety, preventing crime, and ensuring that concealed weapons permits are granted to those individuals who need them for self-protection and protection of personal property. As such, the denial did not violate Scocca's right to equal protection. Accordingly, Scocca's complaint should be dismissed.

**B.   PLAINTIFF ASSOCIATIONS SHOULD BE DISMISSED BECAUSE THEY DO NOT HAVE STANDING**

1.   <u>Organizational plaintiffs must satisfy standing requirements to sue.</u>

It is well established that federal courts cannot entertain the claims of a litigant unless that party has demonstrated that it meets the threshold jurisdictional requirement to have constitutional and prudential standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the constitutional requirements of standing plaintiffs must show that: (1) they have suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent and not conjectural or hypothetical; (2) the injury is fairly traceable to the defendant's challenged action; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 181 (2000); *Lujan,* 504 U.S. at 560. These requirements of injury in fact, causation, and redressability are also used to determine whether an organizational plaintiff has standing in a particular case. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378 (1982).

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          7          CV11-01318

1    2.    <u>Plaintiff Associations do not have standing to sue on their own behalf.</u>

2        An organization suing on its own behalf can establish an injury when it suffered "both a

3    diversion of its resources and a frustration of its mission" as a result of the challenged conduct.

4    *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th

5    Cir. 2010).  The injury to the organization's activities must be concrete and demonstrable – with

6    a consequent drain on the organization's resources – constituting more than a simple setback to

7    the organization's abstract social interests.  *Environmental Protection Information Center v.*

8    *Pacific Lumber Co.*, 469 F.Supp.2d 803, 813 (N.D. Cal. 2007).  An organization cannot

9    manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a

10   problem that otherwise would not affect the organization at all.  *La Asociacion de Trabajadores*,

11   624 F.3d at 1088.  Instead, an organization must show that it would have suffered some other

12   injury if it had not diverted resources to counteracting the problem.  *Id.; See also Havens*, 455

13   U.S. at 379.

14       Here, Plaintiff Associations have not alleged any facts to show that they have suffered

15   injury to themselves.  The Complaint asserts only that their general purpose is to preserve and

16   promote the legal rights of California gun owners.  (Complaint ¶¶ 5-6.)  There are no allegations

17   that Plaintiff Associations have suffered or will suffer a diversion of resources or a frustration of

18   their mission as a result of the challenged conduct.  Absent a showing that they were forced or

19   will be forced to divert resources in order to counteract a problem caused by Defendant's

20   conduct, Plaintiff Associations do not have standing to sue on their own behalf.  Because

21   Plaintiff Associations have not alleged that they have suffered an injury, the motion to dismiss

22   them from this action should be granted.

23   3.    <u>Plaintiff Associations do not have standing to sue in a representative capacity.</u>

24       If the organization has not suffered injury to itself, it may still have standing to sue on

25   behalf of its members if:  (1) at least one of its members would otherwise have standing to sue

26   in his own right; (2) the interests it seeks to protect are germane to the organization's purpose;

27   and (3) neither the claim asserted nor the relief requested requires the participation of individual

28   members in the lawsuit.  *Hunt v. Washington State Apple Advertising Commission*, 432 U.S.

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          8                    CV11-01318

333, 343 (1977).

Here, although Plaintiff Associations arguably meet the second prong of the *Hunt* test, they fail to meet the first and third prongs. As to the first prong, the Complaint does not allege that Scocca is a member of either of the associations, nor does it allege that any other member of the associations would otherwise meet the standing requirements to sue in his own right. The Complaint merely states that the associations bring this action on behalf of themselves and their supporters. Plaintiff Associations do not identify an individual who: (a) qualifies as a "member" of either of the associations; or (b) satisfies the three constitutional requirements of standing (i.e., injury in fact, causation, and redressability). (Complaint ¶¶ 5-6.) Absent an allegation that at least one of its members would have standing, Plaintiff Associations cannot sue in a representative capacity.

As to the third prong, both the claims asserted and the relief requested by Plaintiff Associations would require the participation of an individual member. First, Plaintiffs allege that the Sheriff interprets the "good moral character" and "good cause" provisions of California Penal Code section 12050 "too narrowly for some applicants and too broadly for others, resulting in a denial of equal protection of the law with respect to the regulation of a fundamental right." (Complaint ¶ 23.) To establish their equal-protection claim, Plaintiffs need to conduct an individualized review of the Sheriff's discretion in granting and denying permits to carry concealed weapons. The equal-protection claim does not challenge a blanket policy or a statute that is facially discriminatory against Plaintiff Associations' members or supporters. Nor does the equal-protection claim involve a statute that can be evenly applied to all individuals who are governed by the statute's provisions. Rather, the equal-protection claim involves the Sheriff's implementation of Section 12050, which is based on the discretion the statute expressly vests with the Sheriff. As such, Plaintiff Associations' equal-protection claim requires the participation of a member who was denied a permit to carry a concealed weapon by The Sheriff and was similarly situated to applicants who were granted such a permit by the Sheriff.

/ /

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          9          CV11-01318

Second, Plaintiff Associations fail the third prong of the *Hunt* test because they seek compensatory damages, which would also require individualized proof. Federal courts have consistently denied associations standing to seek monetary relief, which would require individual members to participate at the proof-of-damages stage, thereby requiring individual participation in the lawsuit. *United Union of Roofers v. Insurance Corporation of America*, 919 F.2d 1398, 1400 (9th Cir. 1990).

Plaintiff Associations do not have standing to sue on their own behalf and do not have standing to sue in a representative capacity. Accordingly, Plaintiff Associations should be dismissed from this action.

## C. PLAINTIFFS' CLAIM FOR RELIEF UNDER CALIFORNIA CIVIL CODE SECTION 52.3 SHOULD BE DISMISSED BECAUSE THAT CODE SECTION DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION

California Civil Code section 52.3 is a state civil-rights statute, which provides that:

(a) No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California.

(b) The Attorney General may bring a civil action in the name of the people to obtain appropriate equitable and declaratory relief to eliminate the pattern or practice of conduct specified in subdivision (a), whenever the Attorney General has reasonable cause to believe that a violation of subdivision (a) has occurred.

Recent District Court decisions have expressly held that a claim under California Civil Code section 52.3 may be brought only by the Attorney General; not private parties. (Request for Judicial Notice, Exhibit C, *Garcia v. City of Ceres*, 2009 WL 529886, at * 11 (E.D. Cal. 2009) (holding the Section 52.3 "is strictly for the Attorney General . . . and there is nothing to suggest that California Civil Code section 52.3 provides a private right of action"); Exhibit D, *Akhtarshad v. City of Corona*, 2009 WL 362130, at * 7 fn. 4 (C.D. Cal. 2009) ("There is no private right of action to enforce California Civil Code section 52.3"). The statute explicitly states that "<u>The Attorney General</u> may bring a civil action in the name of the people . . . whenever the Attorney General has reasonable cause to believe that a violation of [this provision] has occurred." Cal. Civ. Code § 52.3(b) (emphasis added). Notably, Section 52.3

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          10                          CV11-01318

1  does not state that an individual may institute a civil action under the statute.

2  Plaintiffs may argue that *Cabral v. County of Glenn*, 624 F.Supp.2d 1184, 1193 (E.D. Cal.,

3  2009), is controlling and supports their contention that they have a private right of action under

4  Section 52.3.  But that *Cabral* has no application to this action for several reasons.  Although

5  the court in *Cabral* stated that the individual plaintiff had adequately stated a claim pursuant to

6  section 52.3.  it erroneously referred to section 52.3 as "the Bane Act."  (*Id.* at 1193.) The Bane

7  Act is California Civil Code section <u>52.1.</u>  In contrast to Section 52.3, the Bane Act explicitly

8  provides a private right of action:  "<u>Any individual</u> whose exercise or enjoyment of rights

9  secured by the Constitution or laws of the United States, or of the rights secured by the

10  Constitution or laws of this state, has been interfered with, as described in [this provision], may

11  institute and prosecute in his or her own name and on his or her own behalf a civil action for

12  damages . . . ."  Cal. Civ. Code § 52.1(b) (emphasis added); *see O'Toole v. Superior Court of*

13  *San Diego County*, 140 Cal.App.4th 488, 501-02 (2006).  The Bane Act also permits the

14  Attorney General or any district attorney or city attorney to bring a civil action for equitable

15  relief in the name of the People of the State of California in order to protect the rights specified

16  in the statute.  Cal. Civ. Code § 52.1(a).

17  Moreover, the defendants in *Cabral* did not allege that the plaintiff was barred from

18  instituting a private cause of action under 52.3.  *Cabral v. County of Glenn*, 624 F.Supp.2d at

19  1193.  As such, the court did not evaluate whether there was a private right of action under

20  Section 52.3.  Instead, the court simply concluded that "Plaintiff adequately allege[d] a pattern

21  or practice of conduct" such that his claim pursuant to "the Bane Act" survived defendants'

22  motion to dismiss.  *Id*.  The court failed to recognize that Section 52.3 is a statutory provision

23  separate from the Bane Act and it did not consider that fact as it related to private individuals'

24  standing to sue under Section 52.3.  Accordingly, *Cabral* has no application to this matter and

25  should not be read to allow Plaintiffs' claim pursuant to Section 52.3.

26  Simply put, there is no private right of action to enforce California Civil Code section

27  52.3; only the Attorney General may bring an enforcement action under the statute.

28  Accordingly, Plaintiffs' second claim pursuant to Section 52.3 accordingly fails as a matter of

M I G U E L   M Á R Q U E Z
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          11                    CV11-01318

1   law and should be dismissed with prejudice.

2                                             **V.**

3                                      **CONCLUSION**

4          Scocca cannot establish that he suffered a constitutional deprivation because the denial of

5   his application to carry a concealed weapon did not substantially burden his right to keep and

6   bear arms.  In fact, he continues to hold a license to openly carry a loaded firearm during the

7   course and scope of his business and under California law has the right to use a firearm in self-

8   defense and defense of his home.  Moreover, Plaintiff Associations cannot meet the

9   requirements of associational standing to sue on either their own behalf or in a representative

10  capacity.  Further, Plaintiffs are not entitled to bring a claim under California Civil Code section

11  52.3 because the statute does not provide a private right of action.  As such, Defendants

12  respectfully request that the Court grant their motion to dismiss.

13  Dated: May 27, 2011                              Respectfully submitted,

14                                                   MIGUEL MÁRQUEZ
                                                     County Counsel
15

16                                        By:    _____/S/_____
                                                 MELISSA R. KINIYALOCTS
17                                               Deputy County Counsel

18                                               Attorneys for Defendants
                                                 SHERIFF LAURIE SMITH and COUNTY
19                                               OF SANTA CLARA

20

21

22

23

24

25

26

27

28  416621.wpd

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Notice of Motion and Motion
to Dismiss Plaintiffs' Complaint;
Memorandum of Points and Authorities          12                        CV11-01318