Westlaw.

Page 1

Slip Copy, 2009 WL 529886 (E.D.Cal.)
**(Cite as: 2009 WL 529886 (E.D.Cal.))**

C
Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
Brianna GARCIA, et al., Plaintiff,
v.
CITY OF CERES, et al., Defendants.

No. CV F 08-1720 LJO SMS.
March 2, 2009.

West KeySummaryCivil Rights 78 ⇌1088(5)

78 Civil Rights
   78I Rights Protected and Discrimination Prohibited in General
      78k1088 Police, Investigative, or Law Enforcement Activities
         78k1088(5) k. Criminal Prosecutions. Most Cited Cases
    Detainees' Fifth Amendment claims against the city and its police officers were barred by *Heck* as calling into question the detainees' nolo contendere pleas and resulting convictions. The detainees did not point to any authority that *Heck* did not apply to nolo contendere infractions, failed to substantiate Fifth Amendment claims, and failed to explain how such claims were not barred by *Heck*. U.S.C.A. Const.Amend. 5; 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

Kimberly Celeste Ayers, Law Office of Kimberly Ayers, Modesto, CA, for Plaintiff.

Kelly Renee McGrane-Irwin, Ferguson Praet and Sherman, Santa Ana, CA, for Defendants.

**ORDER ON DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS** (Doc. 26.)
LAWRENCE J. O'NEILL, District Judge.
*INTRODUCTION*
*1 Defendant City of Ceres ("City") and six of its police officers [FN1] seek to dismiss most of plaintiffs' [FN2] excessive force, unlawful detention and related claims as lacking necessary elements and as barred for failure satisfy California tort claim requirements. Plaintiffs respond that their First Amended Complaint ("FAC") adequately pleads most of their claims. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion on the record and VACATES the March 6, 2009 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES plaintiffs' claims except their Fourth Amendment violation claims as alleged in the FAC's (first) deprivation of constitutional rights cause of action.

    FN1. The defendant police officers are Michael Perez, Berber ("Officer Berber"), Julio Amador, Melton, Vanessa Garcia and Brian Ferrerira ("Officer Ferreira") (collectively "defendant officers"). The City and defendant officers will be referred to collectively as "defendants."

    FN2. Plaintiffs are Mario Armendariz ("Mr.Armendariz"), Briana Garcia ("Ms.Garcia"), Daisy Mayorga ("Ms.Mayorga"), Jessee Alvarez ("Mr.Alvarez"), and Marilyn Alvarez ("Ms.Alvarez") (collectively "plaintiffs").

*BACKGROUND*[FN3]

    FN3. The factual recitation is derived generally from plaintiffs' operative FAC, the subject of defendants' challenges.

*Plaintiffs' Arrests*
On September 8, 2007, defendant officers were dispatched to Ms. Garcia's residence to investigate reports of a loud party or music. Defendant officers unlawfully entered the residence, repeatedly struck and forcibly removed each plaintiff from the residence. Officer Berber deployed his taser and struck Mr. Armendariz in the abdomen.

Plaintiffs were placed into patrol vehicles and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT C**

Slip Copy, 2009 WL 529886 (E.D.Cal.)
**(Cite as: 2009 WL 529886 (E.D.Cal.))**

transported to jail. When Mr. Armendariz was handcuffed in a patrol vehicle, Officer Ferreira applied pepper spray to Mr. Armendariz and later sprayed him with a water hose. Defendant officers denied Mr. Armendariz' request for medical treatment for injuries which required hospitalization.

In police reports, defendant officers misrepresented facts leading to their entry into Ms. Garcia's residence and arrest and detention of plaintiffs.

### *Plaintiffs' Nolo Contendere Pleas*

In September and October 2008, each plaintiff pled nolo contendere to the following charges:

1. Mr. Armendariz and Mr. Alvarez-violation of California Penal Code section 409 (remaining present at a riot, rout or unlawful assembly after warning to disperse);

2. Ms. Garcia-violation of California Penal Code section 415(1) (unlawful public fighting); and

3. Ms. Alvarez and Ms. Mayorga-violation of California Penal Code section 415(2) (disturbance by loud and unreasonable noise).

Subsection 3 of California Penal Code section 1016 provides that a plea of nolo contendere "shall be considered the same as a plea of guilty and that, upon a plea of nolo contendere, the court shall find the defendant guilty."

### *Plaintiffs' Claims*

The FAC alleges against all defendants:

1. A (first) deprivation of constitutional rights cause of action that defendant officers deprived plaintiffs of their liberty in violation of their due process rights, subjected plaintiffs to unreasonable search and seizure, and violated plaintiffs' rights to equal protection and freedom from unnecessary or excessive force and that violations of plaintiffs' constitutional rights resulted from the City's customs, practices and policies;

2. A (second) false arrest and imprisonment cause of action that defendant officers in the scope of their City employment unlawfully arrested plaintiffs without a warrant;

\*2 3. A (third) assault and battery cause of action that defendant officers in the scope of their City employment unlawfully beat and abused plaintiffs and struck Mr. Armendariz with a taser;

4. A (fourth) violation of statute cause of action that defendants violated California Civil Code sections 51.7, 52.1 and 52 .3 by violence and threats of violence undertaken because of plaintiffs' race, color, ancestry or national origin; and

5. A (fifth) conspiracy cause of action that defendant officers conspired to assault, batter and falsely arrest and imprison plaintiffs, to deprive Mr. Armendariz of needed medical attention, to cover up the true facts to support false arrest and imprisonment and denial of medical care.

The FAC alleges a (sixth) negligent hiring, training and retention cause of action against the City only that it failed to properly train or supervise defendant officers regarding use of force and developed a custom and practice by which its employees engaged in excessive force and improper use of tasers. The FAC seeks damages for physical injuries and emotional distress and punitive damages.

### *DISCUSSION*
### *F.R.Civ.P. 12(b)(6) Standards*

Defendants pursue F.R.Civ.P. 12(b)(6) challenges that each of plaintiffs' causes of action lack sufficient factual or legal grounds or are barred for failure to comply with California tort claim requirements.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
(Cite as: 2009 WL 529886 (E.D.Cal.))

issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir.1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990); *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir.1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe he complaint in the light most favorable to the plaintiff; (2) accept all ell-pleaded factual allegations as true; and (3) determine whether plaintiff an prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir.1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank,* 339 F.3d 765, 767 (8th Cir.2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir.1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations omitted).

\*3 For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.,* 290 F.Supp.2d 1158, 1162, n. 2 (C.D.Cal.2003). However, a court may consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.' " *Parrino v. FHP, Inc.,* 146 F.3d 699, 705 (9th Cir.1998) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.,* 245 F.2d 67, 70 (9 th Cir.1956); *see Estate of Blue v. County of Los Angeles,* 120 F.3d 982, 984 (9th Cir.1997).

With these standards in mind, this Court turns to defendants' challenges to plaintiffs' claims.

***Deprivation Of Constitutional Rights***
This Court construes the FAC's (first) deprivation of constitutional rights cause of action to pursue claims pursuant to 42 U.S.C. § 1983 (" section 1983 ") for violation of plaintiffs' Fifth, Eighth and Fourteenth Amendment rights.[FN4]

> FN4. Defendants do not challenge plaintiffs' Fourth Amendment claim under the first cause of action.

" Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus,* 435 U.S. 247, 253, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 417, 96 S.Ct. 984, 996, 47 L.Ed.2d 128 (1976)).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
**(Cite as: 2009 WL 529886 (E.D.Cal.))**

### *Fifth Amendment*

The (first) deprivation of constitutional rights cause of action alleges that defendant officers violated plaintiffs' rights "to equal protection, and freedom from unnecessary or excessive force under the Fourth, Fifth, Eighth and Fourteenth Amendments." Defendants assume that plaintiffs attempt to assert a procedural due process claim under the Fifth Amendment which is barred as calling into question plaintiffs' nolo contendere pleas and resulting convictions.

In *Heck v. Humphrey,* 512 U.S. 477, 487-488, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the U.S. Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*4 "*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.' " *Smith v. City of Hemet,* 394 F.3d 689, 695 (9th Cir.2005), *cert. denied,* 545 U.S. 1128, 125 S.Ct. 2938, 162 L.Ed.2d 866 (2005) (quoting *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996)). "[F]or purposes of the *Heck* analysis, a plea of nolo contendere in a California criminal action has the same effect as a guilty plea or jury verdict of guilty." *Nuno v. County of San Bernardino,* 58 F.Supp.2d 1127, 1135 (C.D.Cal.1999).

Plaintiffs argue that four of them pled nolo contendere to infractions, not misdemeanors, to avoid application of *Heck.* Plaintiffs further argue that *Heck* does not apply given factual issues whether plaintiffs' resistance or obstruction arose prior to the defendant officers' alleged excessive force.

Plaintiffs point to no authority that *Heck* does not apply to nolo contendere infractions. Plaintiffs' factual issues argument addresses their Fourth Amendment claims which are not subject to defendants' F.R.Civ.P. 12(b)(6) motion. Plaintiffs fail to substantiate Fifth Amendment claims or explain how such claims are not barred by *Heck.* As such, plaintiffs' Fifth Amendment claims fail, and plaintiffs offer nothing to warrant an attempt to amend them.

### *Eighth Amendment*

Defendants fault the (first) deprivation of constitutional rights cause of action's reference to the Eighth Amendment in that the FAC addresses pretrial detention, which is evaluated under the Fifth Amendment, not the Eighth Amendment.

In *Bell v. Wolfish,* 441 U.S. 520, 536-538, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the United States Supreme Court explained:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
(Cite as: 2009 WL 529886 (E.D.Cal.))

Page 5

proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. *See Ingraham v. Wright,* 430 U.S. 651, 671-672 n. 40, 674, 97 S.Ct. 1401, 1412-1413 n. 40, 1414, 51 L.Ed.2d 711 (1977); *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 165-167, 186, 83 S.Ct. 554, 565-567, 576, 9 L.Ed.2d 644 (1963); *Wong Wing v. United States,* 163 U.S. 228, 237, 16 S.Ct. 977, 980, 41 L.Ed. 140 (1896). A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. He has had only a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Gerstein v. Pugh, supra,* 420 U.S., at 114, 95 S.Ct., at 863; *see Virginia v. Paul,* 148 U.S. 107, 119, 13 S.Ct. 536, 540, 37 L.Ed. 386 (1893) .... Under such circumstances, the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.

*5 Plaintiffs raise no meaningful opposition to dismissal of their Eighth Amendment claims which fail and do not warrant an attempt to cure by amendment.

### Fourteenth Amendment

Defendants contend that the Fourteenth Amendment does not apply to plaintiffs' claims given that excessive force is evaluated under the Fourth Amendment's reasonableness standard.

The first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright,* 510 U.S. at 271, 114 S.Ct. at 811. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide of analyzing these claims.' " *Albright,* 510 U.S. at 273, 114 S.Ct. at 813 (quoting *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)).

"Failure to observe the requirements of the fourth amendment will not support an independent claim for a failure of due process, particularly in this case, where the facts supporting each claim are identical." *Simons v. Marin County,* 682 F.Supp. 1463, 1470 (N.D.Cal.1987). "If the fourth amendment, which specifically governs the standards of arrest has not been breached, neither will the plaintiff be able to state a claim under the more general fourteenth amendment standard." *Simons,* 682 F.Supp. at 1470.

Plaintiffs do not challenge meaningfully that Fourth Amendment claims supersede Fourteenth Amendment claims. Plaintiffs' key rights at issue address warrantless home entry, excessive force and wrongful arrest-matters subject to the Fourth Amendment's explicit textual source. The Fourth Amendment, not more generalized substantive due process, guides analysis of plaintiffs' claims.

Moreover, this Court is not satisfied that the (first) deprivation of constitutional rights cause of action alleges a Fourteenth Amendment due process claim. "The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished 'without due process of law.' " *Baker,* 443 U.S. at 145, 99 S.Ct. at 2695. A "procedural due process claim challenges the procedures used in effecting a deprivation." *Sierra Lake Reserve v. City of Rocklin,* 938 F.2d 951, 957 (9th Cir.1991). "The Constitution does not guarantee that only the guilty will be arrested." *Baker,* 443 U.S. at 145, 99 S.Ct. at 2695.

Plaintiffs point to no precise allegations to support liberty deprivation without due process of law. Again, plaintiffs' allegations are grounded in the Fourth Amendment.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
(Cite as: 2009 WL 529886 (E.D.Cal.))

"The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.' " *Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir.1998). The substantive component of the Due Process Clause is violated by executive action only when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Collins v. City of Harker Heights,* 503 U.S. 115, 128, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992).

*6 "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright,* 510 U.S. at 272, 114 S.Ct. at 812. The Fourteenth Amendment's due process clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg,* 521 U.S. 702, 721, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). "There is no general liberty interest in being free from capricious government action." *Nunez,* 147 F.3d at 873. Substantive due process does not protect individuals from all governmental actions that infringe liberty in violation of some law. *Santiago de Castro v. Medina,* 943 F.2d 129, 130-131 (1st Cir.1991). Courts must resist the temptation to augment the substantive reach of the Fourteenth Amendment, "particularly if it requires redefining the category of rights deemed to be fundamental". *Michael H. v. Gerald D.,* 491 U.S. 110, 109 S.Ct. 2333, 2341, 105 L.Ed.2d 91 (1989).

This Court is not in a position to augment plaintiffs' Fourth Amendment claim within the Fourteenth Amendment's substantive reach. Again, plaintiffs' allegations appear to support Fourth Amendment claims, not Fourteenth Amendment claims. Plaintiffs' Fourteenth Amendment claims fail and cannot be resurrected by an attempt at amendment.

*False Arrest And Imprisonment*

Defendants attack a section 1983 claim under the (second) false arrest and imprisonment cause of action as barred by *Heck* in that a convicted section 1983 plaintiff may not file a suit "based on facts or claims that would conflict with the underlying conviction." Defendants point out that a section 1983 claim "necessarily implicates" a criminal conviction when the section 1983 claim attempts to negate an essential element of the underlying crime or alleges misconduct or procedural irregularities that call the underlying criminal proceeding into doubt to render a conviction or sentence invalid. See *Heck,* 512 U.S. 486-487, 114 S.Ct. 2364, ---L.Ed.2d ---- - ---- (1994). Defendants characterize a section 1983 false arrest and imprisonment claim to call into question plaintiffs' nolo contendere plea convictions and sentencing. Defendants continue that a state law claim alleged under the (second) false arrest and imprisonment cause of action is likewise barred by *Heck.*

Plaintiffs claim that *Heck* does not apply to their false arrest and imprisonment claims although they pled nolo contendere to obstruction and resistance charges. Plaintiffs' false arrest and imprisonment claims fall squarely under *Heck's* bar in that plaintiffs seek to recover for alleged unconstitutional imprisonments which have neither been reversed, expunged, declared invalid nor call into question. A successful false arrest and imprisonment claim here would necessarily imply the invalidity of plaintiffs' nolo contendere pleas, which are inconsistent with the defendant officers' alleged wrongs subject to the FAC's (second) false arrest and imprisonment cause of action. Moreover, *Heck* bars a state law false arrest and imprisonment claim in that there is no distinction "between section 1983 and a state tort claim arising from the same alleged misconduct." *Yount v. City of Sacramento,* 43 Cal.4th 885, 902, 76 Cal.Rptr.3d 787, 183 P.3d 471 (2008).

*7 Defendants further argue that a state claim is barred by California Government Code section 815(a) as lacking "an authorizing statute or enactment."

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
(Cite as: 2009 WL 529886 (E.D.Cal.))

The California Tort Claims Act, Cal. Gov.Code, §§ 810, et. seq., does not provide that a public entity is liable for its own conduct or omission to the same extent as a private person or entity. *Zelig v.County of Los Angeles,* 27 Cal.4th 1112, 1128, 119 Cal.Rptr.2d 709, 722, 45 P.3d 1171 (2002). California Government Code section 815(a) provides that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," "[e]xcept as otherwise provided by statute." Certain statutes provide expressly for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities, but the Tort Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School Dist.,* 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679, 843 P.2d 624 (1993); *see Michael J. v. Los Angeles County Dept. of Adoptions,* 201 Cal.App.3d 859, 866, 247 Cal.Rptr. 504 (1988) ("Under the Act, governmental tort liability must be based on statute; all common law or judicially declared forms of tort liability, except as may be required by state or federal Constitution, were abolished."). Moreover, under California Government Code section 815.2(b), a public entity is not liable for injury resulting from the wrong of its employee "where the employee is immune from liability."

A court first determines whether a statute "imposes direct liability" on a defendant public entity. *Munoz v. City of Union City,* 120 Cal.App.4th 1077, 1111, 16 Cal.Rptr.3d 521, 547 (2004). "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of [California] Civil Code section 1714." *Eastburn v. Regional Fire Protection Authority,* 31 Cal.4th 1175, 1183, 7 Cal.Rptr.3d 552, 80 P.3d 656 (2003). "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable." *Lopez v. So. Cal. Rapid Transit Dist.,* 40 Cal.3d 780, 795, 221 Cal.Rptr. 840, 710 P.2d 907 (1985). Thus, "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." *Peter W. v. San Francisco Unified Sch. Dist.,* 60 Cal.App.3d 814, 819,131 Cal.Rptr. 854 (1960).

Plaintiffs do not address meaningfully a California Government Code section 815(a) defense, which applies to the City only and bolsters dismissal of the (second) false arrest and imprisonment cause of action against the City. The *Heck* and California Government Code section 815(a) bars negate an attempt to amend the (second) false arrest and imprisonment cause of action, which fails as to all defendants.

*California Tort Claims Act Compliance*
*8 Defendants argue that the FAC's state law claims are barred for plaintiffs' failure to comply with California Tort Claims Act requirements. Ms. Mayorga concedes that she filed no state law tort claim.

The California government claims statutes require timely filing of a proper claim as condition precedent to maintenance of an action. Cal. Gov.Code, §§ 905, 911.2, 945.4 (presentment of a written claim to the applicable public entity is required before a "suit for money or damages may be brought against a public entity") [FN5]; *County of San Luis Obispo v. Ranchita Cattle Co.,* 16 Cal.App.3d 383, 390, 94 Cal.Rptr. 73 (1971). The claims procedures applicable to actions against public employees are the same for actions against public entities. Cal. Gov.Code, §§ 950-950.6. Compliance with the claims statutes is mandatory. *Farrell v. County of Placer,* 23 Cal.2d 624, 630, 145 P.2d 570 (1944). Failure to file a claim is fatal to the cause of action. *Johnson v. City of Oakland,* 188 Cal.App.2d 181, 183, 10 Cal.Rptr. 409 (1961). "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
(Cite as: 2009 WL 529886 (E.D.Cal.))

subjects a claim against a public entity to a demurrer for failure to state a cause of action." *State v. Superior Court,* 32 Cal.4th 1234, 13 Cal.Rptr.3d 534, 538, 90 P.3d 116 (2004). "Accordingly, submission of a claim within [six months] is a condition precedent to a tort action against either the employee or the public entity." *Williams v. Horvath,* 16 Cal.3d 834, 838, 129 Cal.Rptr. 453 (1976).

> FN5. California Government Code section 911.2(a) provides: "A claim relating to a cause of action for death or for injury to person ... shall be presented ... not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented ... not later than one year after the accrual of the cause of action."

California Government Code section 910 addresses the content of a tort claim and requires the "date, place and other circumstances of the occurrence ... which gave rise to the claim" and a "general description" of the "injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim."

The California claims statutes are designed to protect governmental agencies from stale and fraudulent claims, provide an opportunity for timely investigation and encourage settling meritorious claims. *Johnson v. San Diego Unified School Dist.,* 217 Cal.App.3d 692, 697, 266 Cal.Rptr. 187 (1990). Since the claims statutes should not be used as traps for the unwary when their underlying purposes have been satisfied, courts employ a test of substantial compliance, rather than strict compliance, in determining whether the plaintiff has met the filing requirements of the Tort Claims Act. *Johnson,* 217 Cal.App.3d at 697, 266 Cal.Rptr. 187.

Defendants argue that a tort claim must specify "facts" and "theory of liability" to support a claim. Defendants argue that "deviation from the facts and theories presented in the claim is impermissible." "If a plaintiff relies on more than one theory of recovery against the [governmental agency], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer [or motion for judgment on the pleadings] if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Fall River Joint Unified School Dist. v. Superior Court,* 206 Cal.App.3d 431, 434, 253 Cal.Rptr. 587 (1998) (brackets in original; citations omitted).

*9 Here, each plaintiff but Ms. Mayorga submitted to the City a tort claim with the following description of circumstances:

> City of Ceres and Ceres police agency negligently hired, trained and supervised police officers who individually and under color of authority violated **Ms. Gonzales'** civil rights, falsely arrested her, inflicted emotional, psychological harm, mental anguish, intentionally and negligently and falsified police reports causing **Ms. Gonzales** to be subjected to false criminal charges.

The tort claim of each plaintiff, except Ms. Mayorga, described injuries, damages or losses as:
> False arrest, false imprisonment, physical injury, attorney fees for criminal defense of false charges, violation of civil rights, lost wages, public humiliation, mental anguish, physical and emotional distress and injuries to be proven at trial.

As for the tort claims for plaintiffs other than Ms. Mayorga, defendants question the reference to "Ms. Gonzales" and note the absence of reference to assault and battery and a conspiracy. Defendants argue that the tort claims fail to "list the allegations against the Defendants individually" and to define "the factual basis of each of their claims." Defendants argue that the substantial compliance doctrine fails to "cure a total omission of an essential element of a claim." *See Fall River,* 206 Cal.App.3d

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

431, 434-435, 253 Cal.Rptr. 587 (a new failure-to-supervise count missing from tort claim was barred).

Defendants appear to attack the FAC's (third) assault and battery and and (fifth) conspiracy causes of action as omitted from plaintiffs' state tort claims. Plaintiffs concede that Ms. Mayorga filed no state tort claim to prevent her to pursue such claims. As such, attention turns to whether the state tort claims of plaintiffs other than Ms. Mayorga reflect assault and battery and conspiracy claims.

### Assault And Battery

"A battery is any intentional, unlawful and harmful contact by one person with the person of another.... A harmful contact, intentionally done is the essence of battery." *Ashcraft v. King,* 228 Cal.App.3d 604, 611, 278 Cal.Rptr. 900, 903 (1991). Apprehension of such contact is the basis of assault. 5 Witkin, *Summary of California Law* (9th ed. 1988) Torts, § 347, p. 437.

"A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm.... The pointing of a gun at another in a threatening manner is sufficient to cause fear of personal injury unless it is known by the person at whom the weapon is pointed that the gun is in fact unloaded." *Lowry v. Standard Oil Co.,* 63 Cal.App.2d 1, 7, 146 P.2d 57, 60 (1944).

As to defendant officers, plaintiffs' state tort claims focus on civil rights violation, false arrest, infliction of emotional and related harm, and falsified police reports. The closest reference to assault and battery is "physical injury" mentioned in the description of injuries of the state tort claims. Assault and battery are separate theories of recovery for which there is no factual basis for recovery reflected in plaintiffs' state tort claims. Plaintiffs misplace reliance on the City's purported notice of the substance of plaintiffs' assault and battery claim based on plaintiffs' contacts with the City and it police department. Plaintiffs' state tort claims fail to substantially comply with the Tort Claims Act to reflect assault and battery theories.

**\*10** Defendants further argue that the (third) assault and battery cause of action is barred by California Government Code section 815(a) as lacking "an authorizing statute or enactment." Plaintiffs do not address meaningfully a California Government Code section 815(a) defense, which applies to the City only and bolsters dismissal of the assault and battery claim against the City.

### Conspiracy

Defendants are unsure if the FAC's (fifth) conspiracy cause of action is "a state based tort." Plaintiffs opposition papers do not address whether the cause of action is federal or state based. As such, this Court surmises the cause of action is state based in the absence of plaintiffs' representation that it is federal based.

As noted above, plaintiffs' state tort claims focus on civil rights violation, false arrest, infliction of emotional and related harm, and falsified police reports of and by defendant officers. Plaintiffs' state tort claims do not hint of a conspiracy, and plaintiffs offer nothing meaningful to defend the conspiracy claim. As such, the conspiracy claim fails for non-compliance with the Tort Claims Act.

In addition, defendants argue that as a state claim, the conspiracy cause of action is barred by California Government Code section 815(a) as lacking "an authorizing statute." Plaintiffs do not address meaningfully a California Government Code section 815(a) defense, which applies to the City only and bolsters dismissal of the conspiracy claim against the City.

### Bane Act Claims

Defendants fault the FAC's (fourth) violation of statute cause of action for failure to allege "any type of racial motivation" and as duplicative of plaintiffs' section 1983 claims. The cause of action references sections of California's Bane Act.

The Bane Act and related statutes "are Califor-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
(Cite as: 2009 WL 529886 (E.D.Cal.))

nia's response to [the] alarming increase in hate crimes." *In re Joshua H.,* 13 Cal.App.4th 1734, 1748, fn. 9, 17 Cal.Rptr.2d 291 (1993). The Bane Act "provides for a personal cause of action for the victim of a hate crime." *Bay Area Rapid Transit Dist. v. Superior Court,* 38 Cal.App.4th 141, 144, 44 Cal.Rptr.2d 887 (1995).

California Civil Code section 51.7 grants the "right to be free from any violence, or intimidation by threat of violence, committed" against "persons or property" because of a characteristic listed or defined in California's Unruh Civil Rights Act, California Civil Code section 51.

California Civil Code section 52.1 (" section 52.1 ") permits a civil action against a person who interferes or attempts to interfere by threats, intimidation or coercion with "exercise or enjoyment" of rights secured by the United States and California Constitutions and laws. Section 52.1 in intended to "stem a tide of hate crimes." *Jones v. Kmart Corp.,* 17 Cal.4th 329, 338, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998). " Section 52.1 does not provide any substantive protections; instead, it enables individuals to sue for damages as a result of constitutional violations." *Reynolds v. County of San Diego,* 84 F.3d 1162, 1170 (9th Cir.1996).

*11 California Civil Code section 52.3(a) prohibits a "pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected Constitution or law of the United States or by the Constitution or laws of California." California Civil Code section 52.3(b) empowers the Attorney General to bring a civil action "to obtain appropriate equitable and declaratory relief to eliminate the pattern or practice of conduct specified in subdivision (a)."

The FAC's (fourth) violation of statute cause of action makes a vague reference to plaintiffs' "race, color, ancestry or national origin." Plaintiffs' opposition papers do not address meaningfully plaintiffs' Bane Act claims other than to indicate that they state a claim. This Court construes plaintiffs' lack of opposition as plaintiffs' concession that their Bane Act claims fail. Moreover, defendants note that a California Civil Code section 52.3 claim is "strictly for the Attorney General and may not be alleged by Plaintiffs." This Court agrees, and there is nothing to suggest that California Civil Code section 52.3 provides a private right of action.

*Negligent Hiring, Training And Retention*
The City faults the FAC's (sixth) negligent hiring, training and retention cause of action as an attempt "to circumvent the *Monell* theory of pleading by alleging negligence."

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Davis v. Mason County,* 927 F.2d 1473, 1480 (9th Cir.), *cert. denied,* 502 U.S. 899, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir.1989). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell,* 436 U.S. at 691, 98 S.Ct. at 2018. The local government unit "itself must cause the constitutional deprivation." *Gilette v. Delmore,* 979 F.2d 1342, 1346 (9th Cir.1992), *cert. denied,* 510 U.S. 932, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478-480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). To maintain a section 1983 claim against a local government, a plaintiff must establish the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
(Cite as: 2009 WL 529886 (E.D.Cal.))

Page 11

"moving force" behind the constitutional deprivation). *Monell,* 436 U.S. at 691-694, 98 S.Ct. 2018, 56 L.Ed.2d 611; *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir.2002).

*12 "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.' " *Lee v. City of Los Angeles,* 250 F.3d 668, 681 (9th Cir.2001) (quoting *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992)). A local government entity may be liable under section 1983 "if its deliberate policy caused the constitutional violation alleged." *Blankenhorn v. City of Orange,* 485 F.3d 463, 484 (9th Cir.2007). As to failure to train employees, the Ninth Circuit Court of Appeals has explained:

> The custom or policy of inaction, however, must be the result of a "conscious," ... or " 'deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' "
>
> ...
>
> A local governmental entity's failure to train its employees can also create § 1983 liability where the failure to train "amounts to deliberate indifference to the rights of persons" with whom those employees are likely to come into contact.... "[F]or liability to attach in this circumstance the identified deficiency in a [local governmental entity's] training program must be closely related to the ultimate injury." ... In other words, a plaintiff must show that his or her constitutional "injury would have been avoided" had the governmental entity properly trained its employees....

*Lee,* 250 F.3d at 681 (citations omitted.)

A section 1983 plaintiff alleging a policy of failure to train peace officers must show: (1) he/she was deprived of a constitutional right; (2) the local government entity had a training policy that amounts to deliberate indifference to constitutional rights of persons' with whom its peace officers are likely to come into contact; and (3) his/her constitutional injury would have been avoided had the City properly trained those officers. *Blankenhorn,* 485 F.3d at 463.

The City argues that it is not subject to a state law negligence claim in the absence of a specific duty established by statute.

"[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of [California] Civil Code section 1714." *Eastburn v. Regional Fire Protection Authority,* 31 Cal.4th 1175, 1183, 7 Cal.Rptr.3d 552, 80 P.3d 656 (2003). "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable." *Lopez v. So. Cal. Rapid Transit Dist.,* 40 Cal.3d 780, 795, 221 Cal.Rptr. 840, 710 P.2d 907 (1985). Thus, "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." *Peter W. v. San Francisco Unified Sch. Dist.,* 60 Cal.App.3d 814, 819,131 Cal.Rptr. 854 (1960).

*13 The (sixth) negligent hiring, training and retention cause of action rests on conclusory allegations which fail to demonstrate that an alleged constitutional violation was the product of a City policy or custom. The FAC points to no statutory basis to impose direct tort liability against the City. Plaintiffs appear to concede the absence of a claim against the City in that their defense of the cause of action is limited to a statement that the cause of action states a claim. Dismissal of the cause of action is further warranted by the absence of plaintiffs' request to seek to amend it or any other claim.

***CONCLUSION AND ORDER***
For the reasons discussed above, this Court:

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 529886 (E.D.Cal.)
**(Cite as: 2009 WL 529886 (E.D.Cal.))**

1. DISMISSES with prejudice plaintiffs' Fifth, Eighth and Fourteenth Amendment claims alleged in the FAC's (first) deprivation of constitutional rights cause of action; and

2. DISMISSES with prejudice the (second) false arrest and imprisonment, (third) assault and battery, (fourth) statute violation, (fifth) conspiracy, and (sixth) negligent hiring, training and retention causes of action.

In light of this order, plaintiffs are limited to Fourth Amendment violation claims against defendants as alleged in the (first) deprivation of constitutional rights cause of action.

IT IS SO ORDERED.

E.D.Cal.,2009.
Garcia v. City of Ceres
Slip Copy, 2009 WL 529886 (E.D.Cal.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.