**Westlaw.**

Not Reported in F.Supp.2d, 2009 WL 362130 (C.D.Cal.)
**(Cite as: 2009 WL 362130 (C.D.Cal.))**

C
Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
Reza AKHTARSHAD, Ayako Akhtarshad, and R. A., a minor by and through his Guardian Ad Litem Reza Akhtarshad, Plaintiff,
v.
The CITY OF CORONA, The Corona City Police Department, and Beau Christian, individually and in his capacity as an employee of the Corona Police Department, Defendants.

No. EDCV 08-290-VAP (JCRx).
Feb. 10, 2009.

West KeySummaryCivil Rights 78 ⇌1088(4)

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1088 Police, Investigative, or Law Enforcement Activities
            78k1088(4) k. Arrest and Detention. Most Cited Cases

An arrestee who claimed to have been arrested based on intentional discrimination due to his race and ethnicity could not maintain a § 1983 claim against the arresting police officer, absent evidence that the officer discriminated against him based on the fact that the arrestee was an Iranian. The police officer responded to a call by a department store requesting removal of the allegedly unruly arrestee. The police officer claimed to have made the arrest because the arrestee shut or slammed the door of the apartment store in the officer's face as they walked out of the store, and that he only told the arrestee that he was under arrest after that incident. 42 U.S.C.A. § 1983.

Jason R. Walsh, Jason R. Walsh Law Offices, Riverside, CA, for Plaintiff/Defendants.

Kelly R. McGrane-Irwin, Ferguson, Praet and Sherman, Santa Ana, CA, Terry Bridges, Reid and Hellyer, Riverside, CA, for Defendants.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
VIRGINIA A. PHILLIPS, District Judge.
   *1 Defendants City of Corona, the Corona City Police Department, and Beau Christian filed a Motion for Summary Judgment on January 9, 2009. Plaintiffs Reza Akhtarshad, Ayoka Akhtarshad, and R. A., a minor by and through his Guardian Ad Litem Reza Akhtarshad, filed no timely Opposition to the Motion for Summary Judgment. For the following reasons, the Court GRANTS the Motion.

**I. BACKGROUND**
Plaintiffs Reza Akhtarshad, Ayoka Akhtarshad, and R. A., a minor by and through his Guardian Ad Litem Reza Akhtarshad, filed a Complaint on March 5, 2008 against Defendants the City of Corona, the Corona City Police Department, and Beau Christian ("Officer Christian"), individually and in his capacity as an employee of the Corona City Police Department. The Complaint contains the following claims, by all Plaintiffs against all Defendants:

• The first claim for violation of 42 U.S.C. § 1981, for intentional racial discrimination. (Compl. at ¶¶ 48-53.)

• The second claim for violation of 42 U.S.C. § 2000d, for intentional racial discrimination. (Compl. at ¶¶ 54-57.)

• The third claim for violation of 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the Fourth Amendment, the Sixth Amendment,[FN1] and the Fourteenth Amendment, for intentional racial discrimination, "the unlawful use of force, assault, battery, arrest, detention, conspiracy, imprisonment, prosecution, racial and ethnic profiling, interference with right to patronize businesses and denial of equal protection." (Compl. at ¶¶ 58-62.)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT D**

Page 2

Not Reported in F.Supp.2d, 2009 WL 362130 (C.D.Cal.)
**(Cite as: 2009 WL 362130 (C.D.Cal.))**

FN1. In Plaintiffs' First Amended Complaint, discussed below, Plaintiffs removed the Sixth Amendment claim and replaced it with a Fifth Amendment claim.

• The fourth claim for violation of California Civil Code §§ 51, 51.7, 52, 52.1, and 52.3, for intentional racial discrimination, "the unlawful use of force, assault, battery, arrest, detention, conspiracy, imprisonment, prosecution, racial and ethnic profiling, interference with right to patronize businesses and denial of equal protection." (Compl. at ¶¶ 63-67.)

• The fifth claim for committing the California tort of "unlawful use of force, detention, arrest, and prosecution." (Compl. at ¶ 68-69.)

• The sixth claim for committing the California tort of "assault and battery." (Compl. at ¶ 70-71.)

• The seventh claim for committing the California tort of "child endangerment." (Compl. at ¶ 72-73.)

• The eighth claim for committing the California tort of "intentional infliction of emotional distress." (Compl. at ¶ 74-75.)

• The ninth claim for committing the California tort of "loss of affection/consortium." (Compl. at ¶ 76-77.)

On July 31, 2008, Plaintiffs filed a First Amended Complaint ("FAC"), which removed claims five through nine of the original Complaint.

On January 9, 2009, Defendants filed a "Motion for Summary Judgment or Summary Adjudication of Issues" ("Motion") as to all of Plaintiffs' claims, the Declaration of Kelly R.M. Irwin ("Irwin Declaration"), with Exhibits A through O attached, including the manual filing of Exhibits A and B, and a "Separate Statement of Undisputed Facts and Conclusions of Law" ("SUF").

*2 Defendants noticed the Motion for a hearing date of February 2, 2009 at 10:00 a.m. Under Local Rule 7-9, a party must file Opposition papers no later than 14 days before the date designated for the hearing of the Motion. As January 19, 2009 was a Court holiday, Plaintiffs' Opposition was due on January 16, 2009. Plaintiffs are represented by counsel and have filed no timely Opposition, as of the date of this Order.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson,* 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998); *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030, 1033 (9th Cir.1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Celotex,* 477 U.S. at 325. Instead, the moving party's burden is met by pointing out there is an absence of evidence supporting the non-moving party's case. *Id.*

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256. The non-moving party must make an affirmative showing on all matters placed in issue by the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 362130 (C.D.Cal.)
**(Cite as: 2009 WL 362130 (C.D.Cal.))**

motion as to which it has the burden of proof at trial. *Celotex,* 477 U.S. at 322; *Anderson,* 477 U.S. at 252; *see also* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial,* 14:144.

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. *Barlow v. Ground,* 943 F.2d 1132, 1135 (9th Cir.1991); *T.W. Electrical Serv. Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630-31 (9th Cir.1987).

### III. UNCONTROVERTED FACTS[FN2]

> FN2. The Court adopts as uncontroverted those material facts that are supported by evidence proffered by Defendants. The Court does not review or consider Defendants' proposed statements of fact numbered 52-66 for any purpose because they relate to claims abandoned by Plaintiffs. The Court includes, by way of material background information, undisputed information from Plaintiffs' FAC missing from Defendants' Statement of Undisputed Facts.
>
> The Court notes Defendants' proposed facts numbered 8, 36, and 41 are not supported by the proffered evidence. Proposed facts numbered 5 and 12 are supported only by the Christian Declaration cited, not by the video evidence, which is inconclusive. The statement in proposed fact number 19 that "Plaintiff refused to cooperate" is not supported by the evidence cited.
>
> In addition, the following proposed facts are not considered because they consist of legal conclusions: 10-11, 32-33, 37-40, 42-44, 47-52.

Plaintiff Reza Akhtarshad was born in Iran and is a naturalized citizen of the United States. (*See* FAC at ¶ 4.) Plaintiff Ayako Akhtarshad was born in Japan and is a naturalized citizen of the United States. (*Id.*) Reza and Ayako Akhtarshad are a married couple. (*Id.* at ¶ 7.) Plaintiff R.A., the child of Reza and Ayako Akhtarshad, was born in the United States. (*Id.* at ¶ 4.)

*3 On December 22, 2006 at around 8:00 p.m., Plaintiffs were shopping at a Ross department store located at 330 North McKinley Street, in the City of Corona. (*Id.* at ¶ 7) Plaintiff Ayako Akhtershad ("Ayako") went to another area of the store, leaving Plaintiffs Reza Akhtarshad ("Reza") and R.A. ("R.A."), who was five years old, together shopping.[FN3] (*Id.*) R.A. was handling a pillow, and a Ross employee contacted Reza and R.A. because of this. (*Id.*) After the contact between them escalated into a disagreement, a store manager arrived and asked Reza and R.A. to leave the store. (*See* SUF ¶ 3.) The Ross store manager called the police and said he had asked Reza to leave the store, that Reza would not do so, and that Reza was cursing at the Ross employees. (*Id.* at ¶¶ 9, 21, 22.) Corona City Police Department Officer Christian was summoned to remove Reza and R.A. from the store. (*Id.* at ¶ 3.)

> FN3. The Court refers to the Plaintiffs by their first names for ease of reference only.

Officer Christian arrived at the Ross store and began talking with Reza. (*See* FAC at ¶ 9.) Reza was carrying R.A. with his left arm. (*Id.*) Reza attempted to shut the door on Officer Christian as the three of them went outside the store. (*See* SUF ¶¶ 5, 6, 12, 23.) Officer Christian immediately told Reza that he was under arrest for assault on a peace officer. (*Id.* at ¶¶ 5, 13, 24.) Officer Christian grabbed Reza's right wrist and tried to place Reza in a "rear wrist lock" but Reza pulled away and pushed against Officer Christian. (*Id.* at ¶¶ 7, 28.) At some point, Officer Christian pushed Reza up against the glass window of the Ross store, but Reza was not injured. (*Id.* at ¶ 27.)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

After repeated attempts to gain control of Reza and requests for him to put down R.A., an onlooker offered to hold R.A. (*Id.* at ¶¶ 14, 19, 25, 26.) Reza handed R.A. over to the onlooker, and Officer Christian immediately pushed Reza to the ground, out of fear for everyone's safety. (*Id.* at ¶ 15.) Officer Christian called for emergency back-up on his radio. (*Id.* at ¶ 16.) Ayako did not see the arrest of her husband take place. (*Id.* at ¶ 35.)

Reza did not lose consciousness when he was being taken into custody. (*Id.* at ¶ 29.) Officer Christian did not strike Reza at any time. (*Id.* at ¶ 30.)

During his contact with Reza and R.A., Officer Christian did not make any race-based comments. (*Id.* at ¶ 1.) Officer Christian does not harbor any bias for or against those of Persian descent. (*Id.* at ¶ 2.) Officer Christian did not use disparaging remarks or racial slurs against Plaintiffs. (*Id.* at ¶ 4.) Officer Christian was motivated to arrest Reza because of Reza's conduct, and for no other reason. (*Id.* at ¶ 45.)

During booking, Reza asked to be taken to the hospital because he believed he was having a heart attack. (*Id.* at ¶ 31.) An ambulance transported Reza to the hospital. (*Id.* at ¶ 20.) The paramedic attending to Reza did not notice any visible injuries to Reza's head or clavicles. (*Id.*) Reza did not complain to his wife, Ayako, of any injury or pain after the incident. (*Id.* at ¶ 34.)

*4 The District Attorney filed charges against Reza but later dropped them. (*Id.* at ¶ 46.)

### IV. DISCUSSION
Defendants move for summary judgment on each of Plaintiffs' four claims.

### A. Claim One
Plaintiffs claim Defendants intentionally discriminated against them based on Plaintiffs' race and ethnicity. To demonstrate a violation of 42 U.S.C. § 1981, a plaintiff must show "intentional discrimination on account of race." *Evans v. McKay,* 869 F.2d 1341, 1344 (9th Cir.1989.)

Defendants argue this claim, as against the City of Corona, is invalid, because Plaintiff fails to plead that the City has an unconstitutional custom, policy, or practice. *See Monell v. Dep't of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality may not be held liable under a respondeat superior theory for the acts of its employees. *Id.* at 694; *Gibson v. County of Washoe,* 290 F.3d 1175, 1185 (9th Cir.2002); *Fed'n of African American Contractors v. City of Oakland,* 96 F.3d 1204, 1214-1215 (9th Cir.1996) (Section 1981 does not impose municipal respondeat superior liability on state actors). Accordingly, as a matter of law, Plaintiffs cannot state this claim against the City of Corona; Defendants are entitled to summary judgment on Plaintiffs' first claim against the City of Corona.

As against Officer Christian and the Corona City Police Department, Defendants present evidence that Officer Christian's arrest of Reza was based on probable cause and not based on Reza's race or ethnicity. Defendants show Officer Christian arrested Reza because Reza attempted to "shut or slam the door [of the department store] into [Officer Christian] as [Officer Christian] exited [through the door]." (Christian Decl. at ¶ 5.) Furthermore, Officer Christian states, immediately after that incident, he informed Plaintiff Reza Akhtarshad that "he was now under arrest for assault on a police officer." (*Id.* at ¶ 6.)

Plaintiffs carry the burden of proof on this claim at trial; Defendants meet their burden by pointing out Plaintiffs have no evidence to support their claim, or by presenting evidence to defeat Plaintiffs' claim. *See Celotex,* 477 U.S. at 325. Here, Defendants do both: they argue Plaintiffs present no evidence to prove Plaintiff Reza Akhtarshad's arrest was motivated by racial discrimination, and they also present the evidence of Officer Christian that the arrest was not racially motivated and took place only because Reza tried to close the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 362130 (C.D.Cal.)
**(Cite as: 2009 WL 362130 (C.D.Cal.))**

door on Officer Christian. (See Mot. at 3; Christian Decl. at ¶¶ 5-6.)

Now, the burden shifts to Plaintiffs to demonstrate a genuine issue of material fact that must be resolved at trial. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256. Plaintiffs do not oppose Defendants' Motion on its merits and present no evidence to rebut Defendants' arguments. Accordingly, Officer Christian and the Corona City Police Department are entitled to summary judgment on Plaintiffs' first claim.

**B. Claim Two**

*5 Plaintiffs claim Defendants receive federal funding and intentionally discriminated against Plaintiffs because of their ethnicity and caused injury to Plaintiffs, thus violating Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d. Title VI prohibits discrimination on the basis of race, color, or national origin in connection with a program or activity that receives federal financial assistance. *See* 42 U.S.C. § 2000d; *Gonzaga University v. Doe,* 536 U.S. 273, 283-84, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (recognizing Title VI provides a private right of action). To demonstrate a violation of Title VI, a plaintiff must show the following: (1) she was discriminated against by the defendant; (2) her race, color, or national origin motivated the defendant's discriminatory conduct; and, (3) the defendant received federal financial assistance. *See, e.g., Fobbs v. Holy Cross Health System Corp.,* 29 F.3d 1439, 1447 (9th Cir.1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131 (9th Cir.2001); *Thomson by and through Buckhanon v. Bd. of Special School Dist. No. 1,* 144 F.3d 574, 581 (8th Cir.1998).

Defendants argue Plaintiffs have no evidence to prove this claim. (*See* Mot. at 4.) Since Plaintiffs have the burden of proof at trial, Defendants meet their burden by pointing out that there is an absence of evidence supporting Plaintiffs' case. *See* Celotex, 477 U.S. at 325. The burden now shifts to Plaintiffs, who must demonstrate a genuine issue of material fact that must be resolved at trial. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256. Plaintiffs do not rebut Defendants' assertion with any admissible evidence. Thus, Defendants are entitled to summary judgment on Plaintiffs' second claim.

**C. Claim Three**

Plaintiffs allege Defendants intentionally discriminated against them based on their ethnicity, were subjected to "the unlawful use of force, assault, battery, arrest, detention, conspiracy, imprisonment, prosecution, racial and ethnic profiling, interference with right to patronize business and denial of equal protection" and, thus, violated 42 U.S.C. § 1983 and the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment. (Compl. at ¶¶ 58-62.) The Court construes the following as cognizable claims properly brought under Section 1983:(1) wrongful arrest; (2) excessive force; and (3) violation of substantive due process. The Court limits its analysis to these claims only.

To prove a claim under Section 1983, a plaintiff must show that the defendant violated his or her rights secured by the Constitution or laws of the United States and the defendant was a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Section 1983 provides an avenue to vindicate federal rights but is not itself a source of substantive rights. *Graham v. Connor,* 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Defendants argue Plaintiffs allege only a violation of due care, not protected under 42 U.S.C. § 1983. (*See* Mot. at 19.) The Court does not reach the merits of the argument at this point, as Plaintiffs clearly allege violations of three Constitutional Amendments; accordingly, the Court rejects Defendants' argument. Now, the Court evaluates each Constitutional Amendment Plaintiffs argue Defendants violated.

**1. Fourth Amendment**

*6 As an initial matter, Plaintiffs bring this claim against the City of Corona, without alleging

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

that the City has a custom, practice, or policy that violates Plaintiffs' rights; Defendant City of Corona is entitled to summary judgment as to the Fourth Amendment claim, as a municipality has no respondeat superior liability for the acts of its employees. *See Monell,* 436 U.S. at 694; *Gibson,* 290 F.3d at 1185.

As against Officer Christian and the Corona City Police Department, Defendants argue Plaintiffs have no evidence to support their claim that their Fourth Amendment right to be free from excessive force had been violated. (*See* Mot. at 6.) Defendants argue Officer Christian's conduct of pushing Reza to the ground and handcuffing him were not excessive, given the circumstances. (*Id.*) Furthermore, Defendants point out that Plaintiffs Ayako and R.A. can present no evidence as to any excessive force they experienced. (*Id.*)

Defendants also argue Officer Christian's arrest of Reza was based on probable cause and was objectively reasonable. (*See* Mot. at 4-8.) Defendants present the sworn testimony of Officer Christian to support their argument. (Christian Decl. at ¶¶ 5-11.)

Plaintiffs carry the burden of proof on this claim at trial; Defendants meet their burden by pointing out Plaintiffs have no evidence to support their claim, or by presenting evidence to defeat Plaintiffs' claim. *See Celotex,* 477 U.S. at 325.

Now, the burden shifts to Plaintiffs to demonstrate a genuine issue of material fact that must be resolved at trial. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256. Plaintiffs do not rebut Defendants' assertions with any admissible evidence; accordingly Plaintiffs do not meet their burden. Officer Christian and the Corona City Police Department are entitled to summary judgment as to Plaintiffs' Fourth Amendment claim.

**2. Fifth Amendment**
Plaintiffs allege their Fifth Amendment rights were violated by Defendants, but do not provide in their FAC the basis for this claim. Defendants construe Plaintiffs' claim as being one for a violation of due process, protected under the Fifth Amendment. Defendants then argue the due process clause of the Fifth Amendment applies only to the federal government, not to municipalities or individual police officers, and, thus, that the claim is improper. (*See* Mot. at 8.)

The Fifth Amendment is a limitation on the powers of the federal government. *See, e.g., High Tech Gays v. Defense Indus. Sec. Clearance Office,* 895 F.2d 563, 570-71 (9th Cir.1990); *Geneva Towers Tenants Org. v. Federated Mortgage Investors,* 504 F.2d 483, 487 (9th Cir.1974). The rights to due process, both substantive and procedural, and equal protection apply to the states through the Fourteenth Amendment. *See, e.g., Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 175-176, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Here, Defendants are not federal actors; thus Plaintiffs' claim for violation of the Fifth Amendment is improper against them. *See Castillo v. McFadden,* 399 F.3d 993, 1002 n. 5 (9th Cir.2005). Furthermore, Plaintiffs failed to allege the City of Corona had a policy, practice, or custom that violated their Fifth Amendment rights; there is no basis for the City of Corona's liability on this claim. *See Monell,* 436 U.S. at 691, 694; *Gibson,* 290 F.3d at 1185 (9th Cir.2002).

*7 Accordingly, Defendants are entitled to summary judgment as to Plaintiffs' Fifth Amendment claim.

**3. Fourteenth Amendment**
Plaintiffs allege Defendants violated their Fourteenth Amendment due process rights. Plaintiffs bring this claim against the City of Corona, without alleging that the City has a custom, practice, or policy that violates Plaintiffs' rights; Defendant City of Corona is entitled to summary judgment as to the Fourteenth Amendment claim, as a municipality has no respondeat superior liability for the acts of its employees. *See Monell,* 436 U.S. at 694; *Gibson,* 290 F.3d at 1185.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 362130 (C.D.Cal.)
**(Cite as: 2009 WL 362130 (C.D.Cal.))**

As to Officer Christian and the Corona City Police Department, Defendants argue Plaintiffs have no evidence to prove this claim and also present Officer Christian's Declaration to show his arrest of Reza was reasonable, not based on Reza's race or ethnicity, and was supported by probable cause. (*See* Mot. at 8-10; Christian Decl. at ¶¶ 5-11.)

Plaintiffs carry the burden of proof on this claim at trial; Defendants meet their burden by pointing out Plaintiffs have no evidence to support their claim, or by presenting evidence to defeat Plaintiffs' claim. *See Celotex,* 477 U.S. at 325.

Now, the burden shifts to Plaintiffs to demonstrate a genuine issue of material fact that must be resolved at trial. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256. Plaintiffs do not rebut Defendants' assertions with any admissible evidence; accordingly Plaintiffs do not meet their burden. Officer Christian and the Corona City Police Department are entitled to summary judgment as to Plaintiffs' Fourteenth Amendment claim.

**D. Claim Four**

Plaintiffs claim intentional racial discrimination, "the unlawful use of force, assault, battery, arrest, detention, conspiracy, imprisonment, prosecution, racial and ethnic profiling, interference with right to patronize businesses and denial of equal protection," in violation of California Civil Code §§ 51.7, 52.1 and 52.3.[FN4]

> FN4. There is no private right of action to enforce California Civil Code § 52.3. *See* Cal. Civ.Code § 52.3(b) ( *"The Attorney General* may bring a civil action in the name of the people to obtain appropriate equitable and declaratory relief [for the violation of this provision] ...") (emphasis added). Accordingly, Defendants are entitled to summary judgment as to Plaintiffs' claim for violation of California Civil Code § 52.3.

**1. California Civil Code § 51.7**

In order to establish a prima facie claim for a violation of California Civil Code § 51.7, a plaintiff must prove the following elements: (1) that the defendant interfered with or attempted to interfere with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) that the plaintiff reasonably believed that if she exercised her constitutional right the defendant would commit violence against her or her property to prevent her from exercising her constitutional right or retaliate against the plaintiff for having exercised her constitutional right; (3) that the plaintiff was harmed; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff's harm. *See Austin B. v. Escondido Union School Dist.,* 149 Cal.App.4th 860, 882, 57 Cal.Rptr.3d 454 (2007).

Defendants argue Plaintiffs have no evidence to support their claim and also present evidence, from Officer Christian's Declaration, that the arrest of Reza Akhtarshad was not motivated by Reza's ethnicity. (*See* Mot. at 11-13; Christian Decl. at ¶¶ 5-6.) Defendants, thus, meet their burden of presenting evidence that tends to show Plaintiffs cannot prove an essential element of their claim. *See Celotex,* 477 U.S. at 325.

*8 Now, the burden shifts to Plaintiffs to demonstrate a genuine issue of material fact that must be resolved at trial. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256. Plaintiffs do not rebut Defendants' assertion with any admissible evidence; accordingly Plaintiffs do not meet their burden. Defendants are entitled to summary judgment on Plaintiffs' claim for violation of California Civil Code § 51.7.

**2. California Civil Code § 52.1**

To demonstrate a prima facie claim for violation of California Civil Code § 52.1, a plaintiff must show interference or attempted interference, by threats, intimidation, or coercion, with her exercise of constitutional rights, privileges, or immunities. *See* Cal. Civ.Code § 52.1. Defendants argue Plaintiffs cannot demonstrate a violation of this

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 8

Not Reported in F.Supp.2d, 2009 WL 362130 (C.D.Cal.)
**(Cite as: 2009 WL 362130 (C.D.Cal.))**

statutes and they present evidence to show Officer Christian did not interfere with Plaintiffs' rights, because Officer Christian's arrest of Reza was reasonable and based on probable cause. (*See* Mot. at 12-13; Christian Decl. at ¶ 5-11.) [FN5] Defendants meet their burden of presenting evidence that tends to show Plaintiffs cannot prove at least an essential element of their claim. *See Celotex,* 477 U.S. at 325.

> FN5. Defendants also argue the governmental immunities proscribed in the Tort Claims Act and in California Penal Code § 847(b) apply to shield the Defendants from liability for monetary and statutory damages. (*See* Mot. at 12.) The Court need not reach these arguments, because the Court has already found Defendants met their burden on this claim.

Now, the burden shifts to Plaintiffs to demonstrate a genuine issue of material fact that must be resolved at trial. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256. Plaintiffs do not rebut Defendants' assertion with any admissible evidence; accordingly Plaintiffs do not meet their burden. Defendants are entitled to summary judgment on Plaintiffs' fourth claim for violation of California Civil Code § 52.1.

### E. Qualified Immunity for Officer Christian

Defendants argue Officer Christian, as a police officer, is entitled to qualified immunity as to all of Plaintiffs' federal claims. The Court has granted Defendants summary judgment on all of Plaintiffs' federal claims; thus it does not reach the issue of qualified immunity.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment.

C.D.Cal.,2009.
Akhtarshad v. City of Corona
Not Reported in F.Supp.2d, 2009 WL 362130 (C.D.Cal.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.