1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  27281 Las Ramblas, Suite 200
   Mission Viejo, CA 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

10

                    UNITED STATES DISTRICT COURT
11          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
12

13  TOM SCOCCA, MADISON              Case No.:  CV 11 01318
    SOCIETY, INC., and THE
14  CALGUNS FOUNDATION, INC.,        **PLAINTIFFS' OPPOSITION TO
                                     DEFENDANTS' MOTION TO
15         Plaintiffs,               DISMISS COMPLAINT and
                                     MEMORANDUM OF POINTS AND
16                                   AUTHORITIES**

17              vs.                  Date:      August 12, 2011
                                     Time:      9:00 a.m.
18  SHERIFF LAURIE SMITH (In her     Courtroom: 3
    individual and official capacity.),  Judge:  Hon. Jeremy D. Fogel
19  COUNTY OF SANTA CLARA, and
    DOES 1 to 20,
20

21         Defendants.

22         By and through undersigned counsel, Plaintiffs TOM SCOCCA, MADISON

23  SOCIETY, INC., and THE CALGUNS FOUNDATION, INC., hereby oppose

24  Defendants' Motion to Dismiss and submit this memorandum to support that

25  opposition.

26  Date: July 22, 2011

27         /s/ Donald E. J. Kilmer, Jr.
           Attorney for the Plaintiffs

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1

## TABLE OF CONTENTS

2  Introduction | Preliminary Statement ...................................................................5

3  Legal Standards Re: Fed.R.Civ.P. 12(b)(6)........................................................9

4  Statement of Facts................................................................................................9

5  Discussion | Argument .......................................................................................10

6      I.      Plaintiffs' California Constitutional and Civil Code § 52.3 Claim.......................10

7      II.     The Institutional Plaintiffs Have Standing.............................................................12

8           A.     The Institutional Plaintiffs Have a Stake in the Case................................12

9           B.     The Institutional Plaintiffs Have Associational Standing.........................13

10      III.    Tom Scocca Have a Valid Equal Protection Claim on These Facts.....................14

11  Conclusion..........................................................................................................15

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Akhtarshad v. City of Corona*, 2009 U.S. Dist. LEXIS 10979 . . . . . . . . . . . . . . . . . . 11

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696 . . . . . . . . . . . . . . . . 9

*Beliveau v. Caras* (CD CA 1995) 873 F. Supp. 1393 . . . . . . . . . . . . . . . . . . . . . . . . 9

*City of Cleburne v. Cleburne Living Centers*, 473 U.S. 432 (1985) . . . . . . . . . . . . . 14

*Coffin v. Safeway, Inc.* (D AZ 2004) 323 F. Supp. 2d 997 . . . . . . . . . . . . . . . . . . . . 9

*Compassion in Dying v. Washington*, 79 F.3d 790 (9th Cir. 1996), rev'd sub nom. *Washington v. Glucksberg*, 521 U.S. 702, 138 L. Ed. 2d 772, 117 S. Ct. 2258, 117 S. Ct. 2302 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Conley v. Gibson* (1957) 355 U.S. 41, 78 S. Ct. 99 . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45 . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ezell v. City of Chicago*, 2011 U.S. App. LEXIS 14108 . . . . . . . . . . . . . . . . . . . . . . 13

*Garcia v. City of Ceres*, 2009 U.S. Dist. LEXIS 16165 . . . . . . . . . . . . . . . . . . . . . . 11

*Gerhart v. Lake County Mont.*, 637 F.3d 1013 (9th Cir. 2011) . . . . . . . . . . . . . . . . . 14

*Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295 . . . . . . . . . . . . . . . 9

*Guillory v. County of Orange*, 731 F.2d 1379 (9th Cir. 1984) . . . . . . . . . . . . . . . . . 14

*Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp. 2d 1096 . . . . . . . . . 9

*Hunt v. Wash. State Apple Advertising Commission*, 432 U.S. 333 (1977) . . . . . . . . . 13

*Katz v. United States*, 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967) . . . . . . . . 8

*Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*March v. Rupf*, 2001 U.S. Dist. LEXIS 14708 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*NAACP v. City of Richmond*, 743 F.2d 1346 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . 5

*Peruta v. County of San Diego*, 758 F. Supp. 2d 1106 (S.D. Cal. 2010) . . . . . . . . . . . 14

*Quinn v. Fresno County Sheriff*, 2011 U.S. Dist. LEXIS 12192 . . . . . . . . . . . . . . . . . 11

*Reno v. ACLU*, 521 U.S. 844, 138 L. Ed. 2d 874, 117 S. Ct. 2329 (1997) . . . . . . . . . . 8

*Richards v. Prieto (Yolo County)*, 2011 U.S. Dist. LEXIS 51906 . . . . . . . . . . . . . . . . 12

*SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F. Supp. 718 . . . . . . . . . . . . . . . 9

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Silveira v. Lockyer*, 328 F.3d 567 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Texas v. Johnson*, 491 U.S. 397 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   *Texas v. Johnson*, 491 U.S. at 420 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United Food & Commercial Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. White* (CD CA 1995) 893 F. Supp. 1423 . . . . . . . . . . . . . . . . . . . . . . 9

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

### STATE CASES

*Katzberg v. Regents of University of California*, 29 Cal. 4th 300 (2002) . . . . . . . . . . . 10

*Ley v. State of California*, 114 Cal. App. 4th 1297 (2004) . . . . . . . . . . . . . . . . . . . . . . 11

*Skelly v. State Personnel Board*, 15 Cal. 3d 194 (1975) . . . . . . . . . . . . . . . . . . . . . . . . 10

### DOCKETED CASES

*Richards v. Prieto (Yolo County)*, Case No.: 11-16255 . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

### Introduction | Preliminary Statement

Defendants are trying to recast this case as one seeking to vindicate a Second Amendment right to bear concealed firearms in public pursuant to a state regulated, but county issued license.  It is not that kind of case.

Quite apart from the harm that flows from a system of licensing the right of self-defense, which doesn't recognize self-defense as "good cause" – there is the harm that flows from a licensing process with no objective standards.  A system which permits a government official to have the absolute, non-reviewable discretion to engage in arbitrary and capricious judgments of citizens, who are presumptively entitled to be treated equal before the law, is an invitation to abuse.

In a First Amendment context: "The dangers of discretion are particularly evident in parade permit schemes, where waivers will often be sought for politically controversial causes.  It is precisely when "political and social pressures" are most likely to affect decision making that objective standards to govern discretion are most essential."  *NAACP v. City of Richmond*, 743 F.2d 1346, 1357 (9th Cir. 1984). See also generally: *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011 (9th Cir. 2009).

This case is about finding out whether Sheriff Laurie Smith has a set of objective standards for granting (and/or denying) concealed carry weapons permits, whether she is applying those objective standards to all cases and specifically whether she applied those standards when evaluating Plaintiff TOM SCOCCA's application for a permit/license.

Concealed carry laws in the 50 states and the District of Columbia can be classified as: Unrestricted, Shall Issue, May (Discretionary) Issue and Non-issuing.

1.  Unrestricted – No permit is required for a resident to carry a concealed firearm, though some of these jurisdictions still issue permits upon request and therefore overlap with "Shall Issue" states. Currently the states of Alaska, Vermont, Arizona and Wyoming fall in this category.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD                     Page 5 of 15                          Scocca v. Smith

2.      Shall Issue – In these jurisdictions, the granting authority has no discretion to refuse to issue a permit. Essentially these jurisdictions treat the concealed weapon permit/license like a driver's license and issues to all persons meeting the threshold qualifications.  These typically include: (1) minimum age requirements, (2) payment of a fee, (3) a criminal history free of crimes of violence and/or crimes of moral turpitude, (4) proof of training with the firearm to be carried, and (5) demonstrated proficiency with the firearm to be carried. Currently, the states of Alaska, Arizona, Arkansas, Colorado, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wyoming fall in this category.  The states of Alabama and Connecticut are *de facto* "shall issue" states but have statutory language that is similar to the "may issue" states.  Wisconsin, at the time of this writing, is a non-issuing state but is set to become a "shall issue" jurisdiction on November 11, 2011.

3.      May (Discretionary) Issue – In these jurisdictions government official with the power to issue permits/licenses have the discretion to grant or deny the right to carry a concealed firearm based on subjective criteria such as "good cause" and/or whether the person seeking the permit has good moral character.  California is among these jurisdictions. See: California Penal Code § 12050 *et seq*.  The issuing authorities in California are Chiefs of Police and County Sheriffs.  The remaining discretionary issues states are Delaware, Hawaii, Maryland, Massachusetts, New Jersey, New York and Rhode Island.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD                    Page 6 of 15                    Scocca v. Smith

4.     Illinois and the District of Columbia are the only jurisdictions that have no licensing process for the concealed carrying of firearms.[1]

While this case does not seek to challenge the underlying policy of discretionary issue,[2] it does seek to establish whether that discretion may be wholly arbitrary and capricious, or must adhere to objective standards to insure that all persons seeking to exercise a licensed right to bear concealed firearms are treated equally before the law.

Gun Control generates vigorous debate within and without our court system and the debate has the power to test objectivity.  In his concurring opinion in *Texas v. Johnson*, 491 U.S. 397, 421 (1989), Justice Kennedy stripped the veneer off of the difficult and often underestimated toll that difficult decisions have on judicial officers at all levels of our courts:

> I write not to qualify the words Justice Brennan chooses so well, for he says with power all that is necessary to explain my ruling.  I join his opinion without reservation, but with a keen sense that this case, like others before us from time to time, exacts its personal toll.  This prompts me to add to our pages these few remarks.
>
> The case before us illustrates better than most that the judicial power is often difficult in its exercise.  We cannot here ask another Branch to share responsibility, as when the argument is made that a statute is flawed or incomplete.  For we are presented with a clear and simple statute to be judged against a pure command of the Constitution. The outcome can be laid at no door but ours.
>
> The hard fact is that sometimes we must make decisions we do not like.  We make them because they are right, right in the sense that the law and the Constitution, as we see them, compel the result.  And so great is our commitment to the process that, except in the rare case, we do not pause to express distaste for the result, perhaps for fear of undermining a valued principle that dictates the decision.  This is one of those rare cases.

---

[1] This data regarding the status of various states' concealed carry policies was derived from Wikipedia: http://en.wikipedia.org/wiki/Concealed_carry_in_the_United_States; last accessed on July 22, 2011.

[2] There are currently two cases pending the Ninth Circuit Court of Appeals that are directly on point:  *Richards v. Prieto (Yolo County)*, Case No.: 11-16255 and *Peruta v. County of San Diego*, Case No.: 10-56971.  Neither case has been set for oral argument.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    In the context of the gun control debate, Judge Kozinski (before he became

2  Chief Judge of the Ninth Circuit Court of Appeals) dissented from a request for a

3  rehearing *en banc* in *Silveira v. Lockyer*, with these thoughts:

> Judges know very well how to read the Constitution
> broadly when they are sympathetic to the right being
> asserted. We have held, without much ado, that "speech,
> or . . . the press" also means the Internet, see *Reno v.*
> *ACLU*, 521 U.S. 844, 138 L. Ed. 2d 874, 117 S. Ct. 2329
> (1997), and that "persons, houses, papers, and effects"
> also means public telephone booths, see *Katz v. United*
> *States*, 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507
> (1967). When a particular right comports especially well
> with our notions of good social policy, we build
> magnificent legal edifices on elliptical constitutional
> phrases – or even the white spaces between lines of
> constitutional text. See, e.g., *Compassion in Dying v.*
> *Washington*, 79 F.3d 790 (9th Cir. 1996) (en banc), rev'd
> sub nom. *Washington v. Glucksberg*, 521 U.S. 702, 138 L.
> Ed. 2d 772, 117 S. Ct. 2258, 117 S. Ct. 2302 (1997). But,
> as the panel amply demonstrates, when we're none too
> keen on a particular constitutional guarantee, we can be
> equally ingenious in burying language that is
> incontrovertibly there.
>
> It is wrong to use some constitutional provisions as
> spring-boards for major social change while treating
> others like senile relatives to be cooped up in a nursing
> home until they quit annoying us. As guardians of the
> Constitution, we must be consistent in interpreting its
> provisions. If we adopt a jurisprudence sympathetic to
> individual rights, we must give broad compass to all
> constitutional provisions that protect individuals from
> tyranny. If we take a more statist approach, we must give
> all such provisions narrow scope. Expanding some to
> gargantuan proportions while discarding others like a
> crumpled gum wrapper is not faithfully applying the
> Constitution; it's using our power as federal judges to
> constitutionalize our personal preferences.

*Silveira v. Lockyer*, 328 F.3d 567 (2003)

23    The irony of being saddled with the state's discretionary issue law, is that

24  California's Sheriffs (and Chiefs of Police) must carry out their duties under Penal

25  Code § 12050 under a persistent cloud of suspicion that they are exercising this

26  power in return for friendship, political favors, campaign contributions or any other

27  form of corrupt patronage, ***even if they are not.*** Only a thorough examination of

28  the standards and practices for issuing these permits/licenses – under the

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   microscope of Equal Protection jurisprudence – will insure that the government is

2   complying with its constitutional duties to insure that no person within its

3   jurisdiction is being denied equal protection of the law.

4   **LEGAL STANDARDS RE: FED.R.CIV.P. 12(B)(6) MOTIONS**

5   Since the Defendants have elected, under Fed.R.Civ.P. 12(b)(6), to challenge the

6   legal sufficiency of the complaint, the court must decide whether the facts alleged, if

7   true, would entitle plaintiff to some form of legal remedy. Unless the answer is

8   unequivocally "no," the motion must be denied.  *Conley v. Gibson* (1957) 355 U.S.

9   41, 45-46, 78 S.Ct. 99, 102;  *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48;

10  *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp. 718, 726-727 (quoting

11  text); *Beliveau v. Caras* (CD CA 1995) 873 F.Supp. 1393, 1395 (citing text);  *United

12  States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (citing text).

13  Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a

14  cognizable legal theory" or "the absence of sufficient facts alleged under a

15  cognizable legal theory."  *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d

16  696, 699;  *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295, 297 – "A

17  suit should not be dismissed if it is possible to hypothesize facts, consistent with the

18  complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ

19  2003) 279 F.Supp.2d 1096, 1101 (citing text);  *Coffin v. Safeway, Inc.* (D AZ 2004)

20  323 F.Supp.2d 997, 1000 (citing text).

21

22  **STATEMENT OF FACTS**

23  This Court is required to accept as true all material allegations of the

24  complaint and construe the facts in the light most favorable to the Plaintiffs.  That

25  makes the 10 page Complaint itself the Statement of Facts for this memorandum.

26  Paragraphs 24, 30, 32 and 34 refer to current licensees with permits issued

27  by Defendant SMITH. By way of illustrating Plaintiffs' good faith and due diligence

28  in researching the underlying facts of this case before filing the complaint, they

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD          Page 9 of 15          Scocca v. Smith

1   would hereby inform the court that they obtained, through a Public Records Act

2   Request, redacted copies of the 70+ license applications for the licensees referenced

3   above.  An analysis of these applications is what lead Plaintiffs herein to allege, on

4   information and belief, that Defendant SMITH's policies for issuing/denying

5   permits appear to be arbitrary and without any discernable objective standards.

6

7                           DISCUSSION | ARGUMENT

8          Defendants spend one-third of their memorandum challenging SCOCCA's

9   14th Amendment claims, one-third challenging the institutional Plaintiffs' standing

10  and the last third challenging the pendant state constitutional claims.  Working

11  backwards...

12

13  I.  PLAINTIFFS' CALIFORNIA CONSTITUTIONAL AND CIVIL CODE § 52.3 CLAIM

14         Defendants are half right.  Plaintiffs hereby stipulate to striking paragraph

15  43 of the complaint seeking **damages** for SCOCCA under California Constitution,

16  Article 1, § 7 and Civil Code § 52.3.

17         However, Defendants are flat wrong when they argue that injunctive and

18  declaratory relief is not available to a private party under either (or both) the

19  California Constitution, Article 1, § 7 and/or Civil Code § 52.3.  Defendants appear

20  to argue that the Civil Code § 52.3 claim must fail, but they neglect to address

21  whether Article 1, § 7 of the state constitution is self-executing or requires statutory

22  implementation.   California case law very clearly sets forth the doctrine that a

23  constitutional cause of action brought by a private plaintiff against a proper

24  defendant is appropriate under Article 1, § 7.  *Katzberg v. Regents of University of*

25  *California*, 29 Cal. 4th 300, 342-343 (2002).  See also: *Skelly v. State Personnel*

26  *Board,* 15 Cal.3d 194 (1975).  Clearly the Plaintiffs can proceed under the self-

27  executing "equal protection" provisions of the California Constitution and seek

28  attorney fees and costs under the private attorney general statute. CCP § 1021.5.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

For their proposition that Plaintiffs cannot avail themselves of Civil Code § 52.3, Defendants cite two district court cases from the Eastern and Central District of California.  Respectively: *Garcia v. City of Ceres*, 2009 U.S. Dist. LEXIS 16165 and *Akhtarshad v. City of Corona*, 2009 U.S. Dist. LEXIS 10979.

The judge in the *Garcia* case found that the Plaintiff put up no meaningful defense of his *"Bane Act"* claims," and thus construed plaintiffs' lack of opposition as a concession.  The claim was apparently a conglomeration of California Civil Code §§ 51.7, 52.1, and 52.3.  In an offhand remark, that would be hard to characterize as a holding (having already concluded that plaintiff conceded the point), the judge simply agreed with the defendant's notation that § 52.3 is "strictly for the Attorney General and may not be alleged by Plaintiffs" – and went on say "there is nothing to suggest that California Civil Code § 52.3 provides a private right of action." *Garcia* at 29-30.   This is hardly an adjudication on the merits.

The analysis in footnote 4 in the *Akhtarshad* case regarding California Civil Code § 52.3 is just as cursory and therefore not very enlightening.  One subsequent case from the Eastern District noted a conflict between *Garcia* and *Akhtarshad* with a California appellate case which found an implied right to a private cause of action under § 52.3.  See: *Quinn v. Fresno County Sheriff*, 2011 U.S. Dist. LEXIS 12192, 28-29.  But because the district court resolved the underlying claims on other grounds, it did not reach the merits of this controversy.

Although these trial court decisions from a sister district court may have persuasive authority here in the Northern District, the California case cited in *Quinn* should be dispositive. In *Ley v. State of California*, 114 Cal. App. 4th 1297, 1306 (2004), the Court reiterated the case law that Plaintiffs herein have already conceded – namely that California Civil Code § 52.3 does not provide for *money* damages.  It did not hold that a private cause of action does not exist under § 52.3.

Defendant's motion to dismiss the state law constitutional claims should be denied.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD                    Page 11 of 15                    Scocca v. Smith

## II.  THE INSTITUTIONAL PLAINTIFFS HAVE STANDING

Defendants arguments here are two-fold. (1) They argue that MADISON SOCIETY, INC., (MS) and CALGUNS FOUNDATION, INC., (CGF) do not have a stake in this case and (2) that MS and CGF do not have representative capacity.

### A.  THE INSTITUTIONAL PLAINTIFFS HAVE A STAKE IN THE CASE.

Defendants' contention that Plaintiffs MS and CGF only state a general purpose to preserve and promote the legal rights of gun owners is a very narrow reading of the complaint.

First – even though cited in their memorandum, Defendants neglect to point out that CGF is a also a named plaintiff in *Richards v. Prieto (Yolo County)*, 2011 U.S. Dist. LEXIS 51906.  This case, challenging on Second Amendment grounds the discretionary issue policies of the Sheriff of Yolo County, is presently on appeal. Additionally CGF – as a stand alone plaintiff – recently secured a writ of mandate against the County of Ventura and the Ventura Sheriffs' Department to compel the production of records relating to the issuance (and denial) of permits to carry a concealed weapon. (See concurrently filed Request for Judicial Notice.)

MS also sponsors litigation protecting its members' Second Amendment rights.  See their website at: http://www.madison-society.org/laws/litigation.htm.

It is without question that both CGF and MS have skin in the game and will suffer both a diversion of their resources and a frustration of their missions by the outcome in of this case.  Paragraph 33 of the complaint plainly points out that Gene Hoffman, Officer /Director of CGF attended the pre-litigation meeting in an attempt to keep the case out of court.  Many of his members are Santa Clara County residents and are eagerly awaiting the outcome of this case.  Had Defendant SMITH modified her policies (or lack thereof) this suit might not have been filed.[3]

---

[3] For example, Sacramento County and the Sheriff of Sacramento County were originally named Defendants in *Richards v. Prieto*.  They were dismissed when the new Sheriff amended his policies and Sacramento County has now become a *de facto* "Shall Issue" jurisdiction.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

B.  THE INSTITUTIONAL PLAINTIFFS HAVE ASSOCIATIONAL STANDING.

Both MS and CGF meet the requirements for associational/membership standing under the line of cases: *United Food & Commercial Workers Union Local 751 v. Brown Group*, 517 U.S. 544, 553 (1996) ; and *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).  See also: *Ezell v. City of Chicago*, 2011 U.S. App. LEXIS 14108. (7th Cir., July 6, 2011)

    1.    Though not a requirement for membership, MS and CGF have many members who own, shoot, collect, buy and sell firearms.  They also keep firearms for other legal purposes, such as self defense.  Those members who live in Santa Clara County would have a stake in the reformation of Defendant SMITH's policies and procedures with regard to issuance of concealed weapon permits.

    2.    Defendants concede Plaintiffs meet the second prong of the *Hunt* test.

    3.    As for the final prong of the *Hunt* test, Defendants misunderstand the fundamental thrust of this lawsuit. While they concede in their memorandum that it will be necessary to conduct an individualized review of the Sheriff's discretionary decisions in granting and denying permits (9:17-19); they contend that because Plaintiffs are not challenging a blanket policy or statute they lack representational standing.  But it is the absence of objective standards, which are absolutely necessary to even measure whether there is equal or unequal treatment, that is at issue in this case.  Stated another way: Suppose a sheriff was accused of denying permits to black people, but by happy coincidence (for the sheriff) no black people lived in his/her county. (Residence in the county being a state law requirement.) Is anyone seriously suggesting that the NAACP, or the Congress of Racial Equality would not have standing to challenge this policy?

Defendant's motion to dismiss the institutional Plaintiffs should be denied.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD       Page 13 of 15       Scocca v. Smith

III.   <u>Tom Scocca Has a Valid Equal Protection Claim on These Facts</u>.

Defendants completely misunderstand and misconstrue the Equal Protection claims in this case.  They spend their entire argument on this topic (3:27 – 7:14) discussing standards of review for the Second Amendment.  This is not a Second Amendment case.  It is a Fourteenth Amendment "Equal Protection" case.

"A law, valid on its face, but so administered as to unjustly discriminate between persons in similar circumstances, may deny equal protection." *Yick Wo v. Hopkins*, 118 U.S. 356 (1886).   The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Centers*, 473 U.S. 432, 439 (1985).

Directly on point with regard to equal protection claims and the issuance/denial of concealed weapons permits – a litigant is  "[...]entitled to place evidence before the jury from which it might find an equal protection violation.  By limiting the examination of Gates, the court prevented appellants from doing this.  The appellants were unable to attempt to establish how they as a class were treated differently than others.  A law that is administered so as to unjustly discriminate between persons similarly situated may deny equal protection. *Yick Wo v. Hopkins*, 118 U.S. 356 (1886); *Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1349 (9th Cir. 1983)."  *Guillory v. County of Orange*, 731 F.2d 1379 (9th Cir. 1984).   See also: *Peruta v. County of San Diego*, 758 F. Supp. 2d 1106, 1118 (S.D. Cal. 2010) and *March v. Rupf*, 2001 U.S. Dist. LEXIS 14708.

Finally, the Supreme Court has recognized that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she was been irrationally singled out as a so-called 'class of one.'  *Enquist v. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(per curiam)." *Gerhart v. Lake County Mont.*, 637 F.3d 1013 (9th Cir. 2011).

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD                          Page 14 of 15                          Scocca v. Smith

1

### CONCLUSION

2     Defendants' Motion to Dismiss should denied in its entirety.  The Defendants

3 should be ordered to answer this lawsuit and the parties must be permitted to begin

4 conducting discovery.

5     In the alternative, the Court should grant Plaintiffs leave to amend their

6 Complaint to cure any perceived defects.

7 RESPECTFULLY SUBMITTED,

8
Dated: July 22, 2011,
9
 /s/ Donald Kilmer                         /s/ Jason Davis
10
Donald Kilmer, Jr. [SBN: 179986]          Jason A. Davis [SBN: 224250]
11 Law Offices of Donald Kilmer, APC        Davis & Associates

12 Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487