1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  27281 Las Ramblas, Suite 200
   Mission Viejo, CA 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

10

11
                UNITED STATES DISTRICT COURT
12          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION
13

14  TOM SCOCCA, MADISON                    Case No.:    CV 11 01318 - JF
    SOCIETY, INC., and THE
15  CALGUNS FOUNDATION, INC.,              **REQUEST FOR JUDICIAL NOTICE
                                           IN SUPPORT OF PLAINTIFFS'
16       Plaintiffs,                       OPPOSITION TO MOTION TO
                                           DISMISS**
17
         vs.                               **Current Date:    Aug. 12, 2011
18                                         Current Time:     9:00 a.m.
    SHERIFF LAURIE SMITH (In her           Courtroom 3, 5th Floor**
19  individual and official capacity.),
    COUNTY OF SANTA CLARA, and             **Honorable Jeremy Fogel**
20  DOES 1 to 20,

21       Defendants.
22

23       Pursuant to the Federal Rule of Evidence, Plaintiffs hereby request that this

24  Court take judicial notice of the order filed in *The Calguns Foundation, Inc., v.*

25  *County of Ventura*, Case No.: 56-2010-00383664-CU-WM-VTA.  A true and correct

26  copy of the order filed July 1, 2011 is attached.

27  Respectfully Submitted on July 22, 2011.   /s/ Donald Kilmer

28                                             Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Req Jud Notice        Page 1 of 1                    Scocca v. Smith

VENTURA SUPERIOR COURT
FILED
JUL 01 2011
MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

| | |
|---|---|
| THE CALGUNS FOUNDATION, INC., <br><br> Petitioner, <br><br> vs. <br><br> COUNTY OF VENTURA; BOB BROOKS in Individual Capacity and Official Capacity as Ventura County Sheriff; VENTURA COUNTY SHERIFFS DEPARTMENT, <br><br> Respondents. | Case No.: 56-2010-00383664-CU-WM-VTA <br><br> STATEMENT OF INTENDED *DECISION* |

    The court has taken under submission the writ application of petitioner Calguns Foundation to compel respondent County of Ventura to produce certain records related to the issuance (and denial) of permits to carry a concealed weapon (CCW).   This application is made pursuant to the California Public Records Act (PRA) found at Government Code section 6250, et. seq. The County has provided certain information, but Petitioner contends that they are entitled to additional information which the County has declined to produce.  The county has requested a Statement of Decision.  This ruling is the court's Statement of Intended Decision.

    The petition is granted as stated, explained and limited in this ruling.

    The California Public Records Act was first enacted in 1968.  The legislative intent is stated in Government Code section 6250. "...[T]he Legislature, mindful of the right of

individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." Right away, the statute confronts the potential tension between an individual's right to privacy and the right of access to information regarding how Government conducts its business. Having recognized these two competing interests, the Public Records Act lists certain areas of exception including areas of exception relating to the judiciary and sworn peace officers. Areas of exception, however, are narrowly construed, and although the press is frequently the party seeking access to records, it can be someone with no more than an idle curiosity. See California State University v. Superior Court, 90 Cal.App.4th, and Marylander v. Superior Court, 81 Cal.App.4th 1119.

There are numerous cases since 1968 which address the conflict between privacy and disclosure as recognized in Government Code section 6250. Privacy and disclosure are both fundamental rights, and frequently they conflict, requiring courts to engage in a balancing exercise to see which right is more compelling in any given case. Hill v. NCAA, 7 Cal.4th 1, gives the following three elements for a court to consider in evaluating a privacy claim: (1) the legally protected privacy interest, (2) the expectation of privacy, and (3) the extent of the invasion of the privacy interest.

In this case, Petitioner has requested certain records relating to the issuance of, and the refusal to issue, a permit to carry a concealed weapon. Petitioner is a non-profit organization whose purpose is to insure that the Second Amendment rights of citizens to own and carry firearms is properly protected. In this case, they are interested to know if the County is acting in an even handed manner in evaluating applications it receives for a permit to carry a concealed weapon. The subject of owning and carrying firearms is often hotly contested by members of the public, and the court is not intending to engage in that debate in this case. Petitioner's interest is a legitimate one. It's reason for obtaining the information it has requested is neither specious nor overbroad.

The County has provided a data matrix containing the total number of approved applications, the number of denied applications, and the number of revoked applications. It has

also provided a list of the names, ZIP codes and occupations of persons issued and denied a CCW permit for the period in question, 01/01/2007 - 07/15/2010. Petitioner is agreeable to a redaction of social security numbers, drivers license numbers and birthdates, but is still insistent on the production of pages 11 and 13 of the standard Department of Justice application form.

This case is strikingly similar to CBS v. Block, 42 Cal.3d 646, where a similar request for CCW permits was made under the PRA to the County of Los Angeles. The volume of records at issue there was 35 pages, a number substantially smaller than is at issue here. That difference may make the mechanics of compliance more difficult, but it does not change the legal principles which were discussed at length as part of the 5-2 majority opinion.

Initially, the Block court confirmed that the issue which was presented was legitimate. That is, the public was not in a position to judge whether the responsible county officer was properly exercising his discretion in issuing concealed weapons permits without being able to review the reasons why the carry permit was sought, and why it was granted or denied.

In Block, the County had declined to release the information to CBS based on the contention that release of the information would present a safety hazard to persons possessing the permits. The court thought this was "conjectural" at best. In the case here, the County offers a similar objection. The declaration of Sgt. James Bullington raises the same objections. The court agrees that the threat of danger to the permit holder is certainly possible, but it is also conjectural, and not a valid reason to withhold the requested information.

There is no question that there is a collision between the "...fundamental..." right of the public to know how concealed weapons permits are evaluated, and the privacy concerns of the individuals applying for those permits. In applying the Hill factors, this court concludes that there is a low expectation of privacy in persons applying for these permits, and additionally a low invasion of privacy when appropriate redactions are instituted. The application form itself contains a warning that "...**all**..." of the information being provided may be subject to public disclosure. That, however, does not mandate that all information be disclosed, if for no other reason than Petitioner does not need all that information. Beyond that, there are legitimate privacy interests which can be protected by suitable redactions. As stated in Block, because

some information may be private and sensitive does not justify withholding the entire document when redaction can keep sensitive information private.

The County argues that reviewing all of the involved documents to redact private information would be financially oppressive, and states that it would involve an estimated 222 hours [n.b. just under 30 eight hour work days, a seemingly generous estimate] of the time of a sworn deputy at the overtime rate of $68.00/hour. The court suggested using a lower compensated clerical or administrative person. This was not favorably received by counsel for the County. The court is not going to order who does the redactions. That decision is internal to the County. This, however, is not a fishing expedition. It is a focused request directed toward specific documents for a finite period of time. How the County accomplishes what it is obligated to do is the County's problem to solve.

The writ petition is granted. Respondent County of Ventura is ordered to produce within 45 days of the date of this ruling the following:

a. Pages 11 and 13 of each application for a CCW submitted to Respondents for the period January 1, 2007 - July 15, 2010 as well as any additional pages submitted by an applicant to complete those pages;

b. A copy of all carry licenses, license amendments and/or denial letters issued to applicants for a CCW for the same period;

Respondents are further ordered to delete from any records produced the following:

a. The home address and home telephone number of peace officers and judicial officers including commissioners and magistrates;

b. The home and business address, home and business telephone number, name of any business, social security number, physical description, times and places as may appear on page 13, and specific weapon authorized.

c. The applicant's medical or psychological history or that of members of his family and/or household;

d. Information related to when the applicant is potentially vulnerable to attack.

Petitioner is the prevailing party and is entitled to its statutory costs of suit pursuant to a

-4-

cost bill.

Petitioner is entitled by statute to its reasonable attorneys fees. These will be determined by noticed motion.

Counsel for Petitioner is directed to prepare and submit a form of Order and Judgment consistent with this ruling.

This Statement of Intended Decision will become the court's Statement of Decision unless objections are received within the statutory period. Any party filing objections is directed to concurrently submit proposed findings on any issue to which an objection is filed.

Clerk to give notice.

July 1, 2011

_____
Henry J. Walsh
Judge of the Superior Court

PROOF OF SERVICE
CCP § 1013

STATE OF CALIFORNIA )
) ss.
COUNTY OF VENTURA )

Case Number: 56-2010-00383664-CU-WM-VTA
Case Title: **Calguns Foundation, Inc. v. County of Ventura, et al.**

I am employed in the County of Ventura, State of California. I am over the age of 18 years and not a party to the above-entitled action. My business address is 800 S. Victoria Avenue, Ventura, CA 93009. On the date set forth below, I served the within:

STATEMENT OF INTENDED DECISION

On the following named party(ies)

Jason Davis
27281 Las Ramblas, Suite 200
Mission Viejo, Ca 92691

Leroy Smith
County Counsel
800 South Victoria Avenue, L/C 1830
Ventura, Ca 93009

_____ BY PERSONAL SERVICE: I caused a copy of said document(s) to be hand delivered to the interested party at the address set forth above on _____ at _____ a.m./p.m.

__x___ BY MAIL: I caused such envelope to be deposited in the mail at Ventura, California. I am readily familiar with the court's practice for collection and processing of mail. It is deposited with the U.S. Postal Service on the dated listed below.

and_____ BY FACSIMILE: I caused said documents to be sent via facsimile to the interested party at the facsimile number set forth above at _____ a.m./p.m. from telephone number **805-662-6712**.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on **July 1, 2011**, at Ventura, California.

MICHAEL D. PLANET, Superior Court
Executive Officer and Clerk

By: _____
H. McIntyre, Judicial Secretary

RECEIVED
JUL 0 5 2011
COUNTY COUNSEL
VENTURA, CALIFORNIA