MIGUEL MÁRQUEZ, County Counsel (S.B. #184621)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants
SHERIFF LAURIE SMITH and COUNTY
OF SANTA CLARA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose)

| | |
|---|---|
| TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF LAURIE SMITH (In her individual and official capacity.), COUNTY OF SANTA CLARA, and DOES 1 to 20,<br><br>Defendants. | No.   CV11-01318<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**<br><br>Date:   August 26, 2011<br>Time:   9:00 a.m.<br>Dept.:   3<br>Judge:   Jeremy D. Fogel |

## I.

## INTRODUCTION

Plaintiffs contend that "[t]his case is about finding out whether Sheriff Laurie Smith has a set of objective standards for granting (and/or denying) concealed carry weapons permits." (Opposition at 5:18-19.)  This contention reveals that this case is not about vindicating a civil-rights violation.  Rather, Plaintiffs appear to be on an ideological quest to abrogate Penal Code section 12050 by obliterating the Sheriff's discretion under the statute and substituting the statute's references to "good moral character" and "good cause" with unspecified "objective standards."  But without factual support for their conclusory allegations that Defendants Sheriff

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss         1                            CV11-01318

Laurie Smith and the County of Santa Clara violated Plaintiff Tom Scocca's right to equal protection, the Complaint fails to state a cognizable claim as a matter of law.

Moreover, Madison Society, Inc. and Calguns Foundation, Inc. do not have standing to bring an action on their own behalf or in a representative capacity because the organizations have not alleged that any of their members have suffered an injury that is fairly traceable to Defendants' conduct.

Finally, Plaintiffs' claim for violation of California Civil Code section 52.3 should be dismissed because there is no private right of action to enforce the statute; only the Attorney General may bring a claim pursuant to the statute. Plaintiffs have cited no authority to support their conclusion that they can bring a claim pursuant to Section 52.3. Accordingly, Defendants' motion to dismiss should be granted.

## II.

**PLAINTIFFS FAILED TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO STATE A CLAIM FOR RELIEF**

To survive a motion to dismiss, a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires courts to draw on judicial experience and common sense. *Id.* But where the well-pleaded facts do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not successfully "show[n] – that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. Proc. 8(a)(2)).

The tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Rule 8 [of the Federal Rules of Civil Procedure] marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

//

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss     2     CV11-01318

Here, Plaintiffs' complaint should be dismissed because it fails to state a plausible claim for relief and contains legal conclusions that are not supported by factual allegations.

### III.

### ARGUMENT

**A.   SCOCCA'S EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW**

   1.   <u>Plaintiffs concede that the Sheriff's denial of Scocca's application for a concealed-weapons permit did not violate his Second Amendment rights.</u>

Plaintiffs contend that "[t]his is not a Second Amendment case.  It is a Fourteenth Amendment 'Equal Protection' case." (Opposition at p. 14:4-5.)  Plaintiffs are not challenging the denial of Scocca's application to carry a concealed weapon on the ground that it violated his rights under the Second Amendment.  (*Id.* at 5:2-4; 14:4-5.)

The Ninth Circuit, however, has analyzed claims challenging gun restrictions under the Second Amendment rather than the Equal Protection Clause of the Fourteenth Amendment.  *Nordyke v. King*, 2011 WL 1632063 at *14 ("Although the right to keep and to bear arms for self-defense is a fundamental right, that right is more appropriately analyzed under the Second Amendment" rather than the Equal Protection Clause).  The Ninth Circuit in *Nordyke* reasoned that the Second Amendment provides an explicit textual source of constitutional protection against unlawful restrictions on the right to keep and bear arms.  As such, the Second Amendment, rather than Equal Protection Clause of the Fourteenth Amendment, must be the guide for analyzing claims alleging an unlawful restriction on the right to keep and bear arms.  *Id.* (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

Defendants' moving papers thoroughly discussed the reasons the Sheriff's denial of Scocca's application for a concealed-weapons permit did not constitute a violation of the Second Amendment.  Plaintiffs' opposition to Defendants' motion to dismiss did not address the Second Amendment issue, alleging instead that the claims should be analyzed under the Equal Protection Clause of the Fourteenth Amendment.  By failing to address this issue, Plaintiffs concede that the Sheriff's denial of Scocca's application for a concealed-weapons permit did not violate his Second Amendment rights.  Because Scocca's claims are properly

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss         3                                   CV11-01318

analyzed under the Second Amendment and not the Equal Protection Clause of the Fourteenth Amendment, and because Plaintiffs concede that they have no viable Second Amendment claim, Defendants' motion to dismiss should be granted.

2. <u>The Sheriff's denial of Scocca's application for a permit to carry a concealed weapon did not violate his right to equal protection.</u>

The Equal Protection Clause of the Fourteenth Amendment requires that all "persons similarly situated" be treated the same under the law. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). The right to equal protection is also guaranteed by Article I, Section 7 of the California Constitution. The federal and state equal-protection provisions are analyzed in the same manner. (*In re Demergian* (1989) 48 Cal.3d 284, 291-92.)

The equal-protection analysis is a two-step process. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995). First, courts must determine whether a law is "applied in a discriminatory manner or imposes different burdens on different classes of people." *Id.* Second, courts must "assess the legitimacy of a discriminatory statute under the appropriate level of scrutiny." *Sagana v. Tenorio*, 384 F.3d 731, 740 (9th Cir. 2004). Where a statute does not purposefully operate to the detriment of a suspect class, the only requirement of equal protection is that the statute be rationally related to a legitimate governmental interest. *Nordyke*, 2011 WL 1632063 at *14.

Here, even if Plaintiffs' constitutional claims are appropriately analyzed under the Equal Protection Clause, the equal-protection claim fails for two reasons. First, Plaintiffs have no factual allegations that the Sheriff treated Scocca differently from similarly situated individuals. The California Legislature has vested the Sheriff with discretion to deny applications for concealed-weapons permits if applicants do not have "good moral character" or "good cause" to hold such permits. Cal. Penal Code § 12050. Plaintiffs make clear that they are not challenging the statutory scheme but are instead challenging whether the Sheriff "must adhere to objective standards to insure [sic] that all persons seeking to exercise a licensed right to bear concealed firearms are treated equally before the law." (Opposition at 7:3-6.)

Plaintiffs contend that the Sheriff has issued more than 70 permits to carry concealed

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss       4       CV11-01318

weapons to Santa Clara County residents and that Scocca's moral character and good cause for a concealed-weapons permit are "functionally equivalent" to the more than 70 holders of such permits.  (Complaint ¶¶ 24, 30, 32.)  But this legal conclusion is devoid of factual allegations.

Notably, Plaintiffs admit that they have obtained from the Sheriff, through a request pursuant to the California Public Records Act, the applications for concealed-weapons permits for the 70-plus holders of such permits in Santa Clara County.  (Opposition at 10:1-2.)  Thus, Plaintiffs have the information they need to determine whether Scocca is similarly situated to any of the other concealed-weapons permit holders.  Yet Plaintiffs failed to plead any facts alleging that the Sheriff treated Scocca differently from similarly situated applicants.

The second reason Plaintiffs' equal-protection claim fails is because they are not members of a suspect class and they have no factual allegations that the Sheriff's denial of Scocca's application for a concealed-weapons permit was without rational basis.  As discussed in Defendants' moving papers, the Ninth Circuit has held that gun owners are not members of a suspect class.  *Nordyke*, 2011 WL 1632063 at *14.  As such, the Sheriff's implementation of the concealed-weapons statutory scheme is not subject to strict scrutiny and need only be rationally related to a legitimate governmental interest.

Scocca is a private investigator who oversees trade secrets and has a permit to openly carry a loaded firearm.  (Complaint ¶ 31.)  Scocca's application for a concealed-weapons permit was based on his allegation that his duties of conducting surveillance activities would somehow be of "marginal utility" if he had to openly carry his loaded firearm in connection with his work.  (*Id.*)  Scocca clearly did not seek a concealed-weapons permit to defend himself, his home, or his personal property.  Rather, his application was based on his vague assertions about the effectiveness of his ability to conduct surveillance with the loaded firearm he has a permit to carry.  The Sheriff's discretionary decision to deny Scocca's application was rationally related to the legitimate government interest in maintaining public safety, preventing crime, and ensuring that concealed-weapons permits are granted to those individuals who need them for self-protection and protection of personal property.

Further, Plaintiffs suggest that even if Scocca has not alleged class-based discrimination,

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss           5           CV11-01318

1   his equal-protection claim should survive Defendants' motion to dismiss under a "class of one"
2   theory. (Opposition at 14:23-28.) This theory similarly fails to state a cognizable claim.
3         The Supreme Court has recognized that "an equal protection claim can in some
4   circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but
5   instead claims that she has been irrationally singled out as a so-called 'class of one.' " *Gerhart*
6   *v. Lake County, Montana*, 637 F.3d 1013, 1021, (9th Cir. 2011.) To succeed on a "class of one"
7   claim, a plaintiff must demonstrate that a defendant: (1) intentionally; (2) treated plaintiff
8   differently than other similarly situated persons; (3) without a rational basis. *Id.* The
9   "intentionally" factor does require a plaintiff to prove that a defendant harbored ill will towards
10  the plaintiff but rather that the defendant intended to treat plaintiff differently from other
11  similarly situated persons. *Id.*
12        Here, Plaintiffs have no factual allegations – just legal conclusions – that the Sheriff
13  treated Scocca differently than other applicants seeking concealed-weapons permits. This
14  failure to plead facts in support of the equal-protection claim is fatal because Plaintiffs have
15  applications pertaining to over 70 concealed-weapons permit holders. Plaintiffs did not plead
16  any facts that Scocca was similarly situated to other applicants. Instead, Plaintiff simply alleged
17  that Scocca's moral character and cause for seeking a concealed-weapons permit were
18  "functionally equivalent" to those of individuals who were granted such permits.
19        Moreover, Plaintiffs have no factual allegations that the Sheriff's denial of Scocca's
20  application for a concealed-weapons permit was without rational basis. Instead, Plaintiffs
21  simply allege that the Sheriff interprets the language of "good moral character" and "good
22  cause" in Penal Code section 12050 too narrowly for some applicants and too broadly for
23  others. (Complaint ¶ 23.) Even though Plaintiffs have application materials for over 70 holders
24  of concealed-weapons permits, they have pleaded no facts to support their conclusory
25  allegations.
26        Plaintiffs' equal-protection claims under the federal and state constitutions should be
27  dismissed because Plaintiffs failed to plead facts that Scocca was similarly situated to applicants
28  who were granted concealed-weapons permits. Moreover, Plaintiffs have failed to plead facts

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss     6     CV11-01318

1  that would establish that the Sheriff's discretionary decision to deny Scocca's application was
2  without rational basis.  Thus, Defendants' motion to dismiss Plaintiff's equal-protection claims
3  should be granted.

**B.  THE ORGANIZATIONAL PLAINTIFFS SHOULD BE DISMISSED BECAUSE THEY DO NOT HAVE STANDING**

    1.  <u>The organizations do not have standing to sue on their own behalf.</u>

Plaintiffs oppose Defendants' motion to dismiss the organizational plaintiffs for lack of standing on the ground that both Madison Society and Calguns Foundation "have skin in the game and will suffer both a diversion of their resources and a frustration of their missions by the outcome of this case." (Opposition at p. 12:21.)  But the standard for organizational standing requires that the injury to the organization's activities be concrete and demonstrable, with a consequent drain on the organization's resources, constituting more than a simple setback to the organization's abstract social interests.  *Environmental Protection Information Center v. Pacific Lumber Co.*, 469 F.Supp.2d 803, 813 (N.D. Cal. 2007).  Plaintiffs' conclusory allegation that many members of Calguns Foundation "are eagerly awaiting the outcome of this case" (Opposition at 12:23-24) is insufficient to meet this standard.

There is no actual concrete and particularized injury to the organizational plaintiffs that is fairly traceable to Defendants' conduct.  Plaintiffs' citation to a decision on a writ of mandate filed by Calguns Foundation (Plaintiffs' Request for Judicial Notice), is irrelevant.  In that action Calguns Foundation was challenging a public entity's alleged failure to provide public records in response to a request by Calguns Foundation pursuant to the Public Records Act.  In this action, however, neither Calguns Foundation nor Madison Society have alleged an injury to the organizations that was caused by Defendants or that the organizations were forced or will be forced to divert resources in order to counteract a problem caused by Defendant's conduct.  Thus, the organizations do not have standing to sue on their own behalf.

    2.  <u>The organizations do not have standing to sue in a representative capacity.</u>

If an organization has not suffered injury to itself, it may still have standing to sue on behalf of its members if:  (1) at least one of its members would otherwise have standing to sue

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss    7    CV11-01318

in his own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977).

Here, the organizations do not have standing to sue in a representative capacity. The Complaint does not allege that Scocca is a member of either of the organizations, nor does it allege that any other member of the organizations would otherwise meet the standing requirements to sue in his or her own right.

Plaintiffs ignore this fatal defect and instead allege that the organizations have standing because of "the absence of objective standards" for granting or denying applications for concealed-weapons permits and thus individual members would not be required to participate in the lawsuit. (Opposition at 13:20-22.) Plaintiffs do not state what their requested "objective standards" would consist of or why participation of individual members in this action would not be required. Even if Plaintiffs' unspecified "objective standards" were constitutionally required – which they are not – the participation of individual members would be necessary to determine whether individual applications met the purported "objective standards" for issuance of a concealed-weapons permit. The organizations therefore do not have standing to sue Defendants in a representative capacity. Accordingly, Calguns Foundation and Madison Society should be dismissed.

**C.   PLAINTIFFS' CLAIM FOR RELIEF UNDER CALIFORNIA CIVIL CODE SECTION 52.3 SHOULD BE DISMISSED BECAUSE THAT CODE SECTION DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION**

Plaintiffs cite *Quinn v. Fresno County Sheriff*, 2011 U.S. Dist. LEXIS 12192, 28-29, in support of their contention that their state civil-rights claim pursuant to California Civil Code section 52.3 should not be dismissed. (Opposition at 11:18.) But that case involved a Bane Act claim under California Civil Code section 52.1; it did not involve a claim under Section 52.3. Plaintiffs' citation to *Ley v. State of California*, 114 Cal.App.4th 1297, 1306 (2004) (Opposition at 11:23-24) is similarly unpersuasive because the court in that case did not evaluate whether there was a private right of action under Section 52.3. The court simply affirmed summary

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss         8                                CV11-01318

1  judgment in favor of defendant after finding that plaintiff did not have evidence to support his

2  civil-rights claims. *Id.* at 1307.

3  As discussed in more detail in Defendants' motion to dismiss, there is no private right of

4  action to enforce California Civil Code section 52.3; only the Attorney General may bring an

5  enforcement action under the statute as evidenced by the statute's explicit language stating that:

6  "The Attorney General may bring a civil action in the name of the people . . . whenever the

7  Attorney General has reasonable cause to believe that a violation of [this provision] has

8  occurred." Cal. Civ. Code § 52.3(b). Plaintiffs' second claim pursuant to Section 52.3

9  accordingly fails as a matter of law and should be dismissed with prejudice.

## IV.

## CONCLUSION

Plaintiffs have couched this action as an equal-protection case but have not alleged facts to support that they are similarly situated to any individual who has a permit to carry a concealed weapon. Plaintiffs' allegations show that this case is not about vindicating an equal-protection violation but is rather about stripping the Sheriff of her statutory authority to exercise discretion in granting or denying applications for concealed-weapons permits. If Plaintiffs are dissatisfied with the California Legislature's decision to vest sheriffs with the discretion to grant or deny applications for permits to carry concealed weapons, their recourse is to convince the Legislature to change the law. Plaintiffs' legal conclusions lack factual support and are insufficient to force Defendants to incur the time and expense of litigation. Defendants' motion to dismiss should accordingly be granted.

Dated: July 29, 2011

Respectfully submitted,

MIGUEL MÁRQUEZ
County Counsel

By:  _____/S/_____
MELISSA R. KINIYALOCTS
Deputy County Counsel

Attorneys for Defendants
SHERIFF LAURIE SMITH and COUNTY OF SANTA CLARA

445664.wpd

MIGUEL MÁRQUEZ
County Counsel
County of Santa Clara
San Jose, California

Defendants' Reply to Plaintiffs'
Opposition to Motion to Dismiss                 9                        CV11-01318