MIGUEL MÁRQUEZ, County Counsel (S.B. #184621)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants
SHERIFF LAURIE SMITH and
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF CALIFORNIA
(San Francisco)

| | |
|---|---|
| TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC., <br><br>                    Plaintiffs, <br><br> v. <br><br> SHERIFF LAURIE SMITH (In her individual and official capacity.), COUNTY OF SANTA CLARA, and DOES 1 to 20, <br><br>                    Defendants. | No.    CV11-01318 EMC <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

The parties submit this Joint Case Management Conference Statement pursuant to the Court's October 5, 2011 Reassignment Order.

1.    <u>Jurisdiction and Service</u>

Plaintiffs Tom Scocca, Madison Society, Inc., and Calguns Foundations, Inc. filed the Complaint in this action on March 18, 2011, alleging violations of 42 U.S.C. § 1983 and California Civil Code section 52.3.  Plaintiffs have served Defendants County of Santa Clara and Sheriff Laurie Smith.

2.    <u>Factual Background</u>

Plaintiff Tom Scocca alleges that he is a resident of Santa Clara County and that he

applied for a permit to carry a concealed firearm but that Defendant Sheriff Laurie Smith denied his application.  Scocca alleges that he met all of the requirements under California Penal Code section 12050, *et seq.*, to receive a permit to carry a concealed weapon and was similarly situated to other applicants who were granted such permits by the Sheriff.  Scocca contends that the Sheriff administers the statutes in a way that violates his equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, section 7 of the California Constitution.  He sues the Sheriff and County for alleged violations of 42 U.S.C. § 1983 and California Civil Code section 52.3.

Plaintiff Madison Society, Inc., alleges it is a membership organization whose purpose is to preserve and protect the legal and constitutional right to bear arms for its members and law-abiding citizens.  Plaintiff Calguns Foundation, Inc., alleges it is a non-profit organization that seeks to promote education for all stakeholders about firearm laws and to defend the civil rights of California gun owners.  These two organizations bring the same causes of action as Scocca on behalf of themselves and their supporters.

3.   <u>Legal Issues</u>

The parties dispute whether the Sheriff implements the statutes that govern the carrying of concealed firearms, California Penal Code § 12050, *et seq.*, in an unconstitutional manner.

4.   <u>Motions</u>

The County has filed a motion to dismiss the Complaint on several grounds: (1) that Scocca cannot establish that he suffered a constitutional deprivation; (2) that the organizations do not have standing to sue; and (3) that Plaintiffs' second claim for violation of California Civil Code section 52.3 should be dismissed because there is no private right of action to enforce the statute; only the Attorney General may bring a claim pursuant to the statute.  The motion is set for hearing on December 2, 2011.

5.   <u>Amendment of Pleadings</u>

Given the pending motion to dismiss, it is unclear at this time whether Plaintiffs will amend the Complaint.

/ /

6.   Evidence Preservation

The parties have taken steps to preserve evidence relevant to the issues reasonably evidence in this action.

7.   Disclosures

The parties have not yet exchanged initial disclosures.

8.   Discovery

The parties have not yet commenced discovery given the pending motion to dismiss.

9.   Class Actions

This is not a class action.

10.   Related Cases

There are no known related cases pending before another judge of this Court.

11.   Relief

Plaintiffs seek compensatory damages, costs, attorney's fees, injunctive, and declaratory relief.

12.   Settlement and ADR

The parties agree to defer scheduling ADR until after the Court rules on the pending motion to dismiss.

13.   Consent to Magistrate Judge

Defendants have declined to proceed before a Magistrate Judge.

14.   Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   Narrowing of Issues

The issues in this case may be narrowed by the motion to dismiss and/or by a motion for summary judgment.

16.   Expedited Schedule

It is unclear whether this is the type of case that can be handled on an expedited basis. Depending on the outcome of the pending motion to dismiss, Defendants may wish to file a

1   motion for summary judgment after completion of discovery.

2        17.   Scheduling

3        Last Day to Amend Complaint                    January 6, 2012

4        Fact Discovery Cutoff                          August 31, 2012

5        Hearing on Dispositive Motions                 September 28, 2012

6        Expert Discovery Cutoff                        December 14, 2012

7        Pretrial Conference                            January 15, 2013

8        Trial                                          January 28, 2013

9        18.   Trial

10       The parties have requested a jury trial and expect the trial to last for 5 to 7 days.

11       19.   Disclosure of Non-party Interested Entities or Persons

12       This rule does not apply to Defendants.

13       I hereby attest that I have on file all holograph signatures for any signatures indicated by a

14  "conformed" signature (/S/) within this efiled document.

15                                          MIGUEL MÁRQUEZ
                                            County Counsel
16

17  Dated: October 13, 2013              By:   _____/S/_____
                                            MELISSA R. KINIYALOCTS
18                                          Deputy County Counsel

19                                          Attorneys for Defendants
                                            SHERIFF LAURIE SMITH and
20                                          COUNTY OF SANTA CLARA

21

22

23                                          LAW OFFICES OF DONALD KILMER

24

25  Dated: October 13, 2013              By:   _____/S/_____
                                            DONALD E.J. KILMER, JR., ESQ.
26
                                            Attorneys for Plaintiffs
27

28  482862.wpd