UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOM SCOCCA, *et al.*,

    Plaintiffs,

    v.

SHERIFF LAURIE SMITH, *et al.*,

    Defendants.
_____/

No. C-11-1318 EMC

**ORDER TO SHOW CAUSE**

Currently pending before the Court is Defendants' motion to dismiss Plaintiffs' sole claim for violation of equal protection. At the hearing on the motion to dismiss, Plaintiffs invoked heightened scrutiny based on a fundamental right and disavowed any argument of rational review (*i.e.*, that even if no fundamental right were involved, the sheriff's denial of his application to carry a concealed weapon was without a rational basis). *See Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277-78 (9th Cir. 2005) (stating that, "[w]hen no suspect class is involved and no fundamental right is burdened, we apply a rational basis to determine the legitimacy of the classifications"). In light of this position and the important question as to the proper standard of scrutiny, the Court must consider whether it should stay proceedings in this case to await the Ninth Circuit's en banc hearing and decision in *Nordyke v. King*, 644 F.3d 776 (9th Cir. 2011), *rehearing en banc granted*, No. 07-15763, 2011 U.S. App. LEXIS 23703 (9th Cir. Nov. 28, 2011). If the Ninth Circuit ultimately agrees with the three-judge panel that an equal protection claim based on the fundamental right to bear arms for self-defense is more appropriately analyzed under the Second Amendment, which provides an explicit textual source of constitutional protection (644 F.3d at 794), then Plaintiffs

would have no claim, having disavowed any argument under rational basis review. Furthermore, there is a substantial likelihood that the Ninth Circuit will provide guidance as to the appropriate level of scrutiny to gun-related regulations, such as that involved in the instant case. *See* 644 F.3d at 783 (three-judge panel stating that "[t]he Supreme Court's reasoning in *Heller* and *McDonald* suggests that heightened scrutiny does not apply unless a regulation substantially burdens the right to keep and to bear arms for self-defense").

Accordingly, the Court hereby orders Plaintiffs to show cause why proceedings in this case should not be stayed pending the Ninth Circuit's en banc hearing and decision in *Nordyke v. King*. *See generally Lockyer v. State of Cal.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (stating that a court must examine the competing interests which will be affected by the granting of or refusal to grant a stay). Because the Court has, at this juncture, serious concerns over whether Madison Society, Inc. and Calguns Foundation, Inc. have standing, at least based on the allegations in the complaint, Plaintiffs should focus particularly on the possible harm, if any, to Mr. Scocca which may result from the granting of a stay. Plaintiffs' response to the order to show cause shall be filed within one week of the date of this order. Defendants shall have one week thereafter to file a response. After reviewing the parties' briefs, the Court shall determine whether an additional hearing is necessary.

IT IS SO ORDERED.

Dated: January 23, 2011

_____
EDWARD M. CHEN
United States District Judge

2