1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  27281 Las Ramblas, Suite 200
   Mission Viejo, CA 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

10

11               UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
                   SAN FRANCISCO DIVISION
12

13  TOM SCOCCA, MADISON            Case No.:   CV 11 01318 EMC
    SOCIETY, INC., and THE
14  CALGUNS FOUNDATION, INC.,      **PLAINTIFFS' RESPONSE TO
                                   ORDER TO SHOW CAUSE**
15          Plaintiffs,

16             vs.

17

18  SHERIFF LAURIE SMITH (In her
    individual and official capacity.),
19  COUNTY OF SANTA CLARA, and
    DOES 1 to 20,
20

21          Defendants.

22          By and through undersigned counsel, Plaintiffs TOM SCOCCA, MADISON

23  SOCIETY, INC., and THE CALGUNS FOUNDATION, INC., hereby respond to this

24  Court's <u>ORDER TO SHOW CAUSE</u> issued on January 23, 2012.

25

26  Date: January 30, 2012

27          /s/ Donald E. J. Kilmer, Jr.
            Attorney for the Plaintiffs

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## RESPONSE TO ORDER TO SHOW CAUSE

Pursuant to an <u>Order to Show Cause</u> issued by this Court on January 23, 2012, Plaintiffs herein aver that a stay is unwarranted and prejudicial to them at this time.  The Court appeared to request responses to two interrelated questions:

1.  If "judicial scrutiny" is at issue in this case, and if the Ninth Circuit en banc panel rehearing *Nordyke v. King*, Case No.: 07-15763 intends to address scrutiny, why should this court (and these parties) spend resources to chart legal territory that may be rendered moot by the Court of Appeals?

2.  What prejudice is there to the individual Plaintiff SCOCCA if the matter is stayed given that the Court is somewhat less convinced that the institutional Plaintiffs (CALGUNS FOUNDATION, INC, and MADISON SOCIETY, INC.) have standing?

The Court also seemed concerned that the *Nordyke* panel may just conclude that the Second Amendment (and its ancillary rights, like being treated equally under laws regulating that right) is somehow different from other enumerated rights and therefore not subject to an "equal protection" analysis.  But that conclusion was foreclosed in *McDonald v. City of Chicago*, 130 S.Ct. 3020 at 3044 – when the Supreme Court rejected the City of Chicago's request that they "treat the right recognized in *Heller* as a second-class right, subject to an entirely different body of rules than the other *Bill of Rights* guarantees that [...] have [been] held to be incorporated into the *Due Process Clause*."  See also: *Hoye v. City of Oakland*, 653 F.3d 835 (9th Cir. 2011).

Turning to the points raised directly in the <u>Order to Show Cause</u>:

1.  Judicial scrutiny (whatever it ends up being) of the Second Amendment (and claims related to the Second Amendment, but not directly on point, like this case) will only help this Court answer the question: *Has Sheriff Smith actually violated equal protection of the law with her policies (or lack thereof) for issuing concealed carry licences?*

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

A.   This question would be appropriate now if – and only if – discovery were complete and the case was before the Court on cross-motions for summary judgment.  If the case were in that posture, the Plaintiffs would concede that a stay is appropriate and they would have stipulated to that remedy.

B.   But rational basis review for the Second Amendment (including bearing arms in public, subject to appropriate regulation) has already been rejected by the United States Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570, 629, fn.27.

C.   That leaves intermediate scrutiny or strict scrutiny.  And in either one of those approaches the Court must analyze <u>evidence</u> to adjudicate the claims.  In a First Amendment context, using intermediate scrutiny and interpreting the rationale set forth in *City of Los Angeles v. Alameda Books, Inc.*, (2002) 535 U.S. 425, the Seventh Circuit held:

> [...] [B]ecause books (even of the "adult" variety) have a constitutional status different from granola and wine, and laws requiring the closure of bookstores at night and on Sunday are likely to curtail sales, the public benefits of the restrictions must be established by evidence, and not just asserted. The evidence need not be local; Indianapolis is entitled to rely on findings from Milwaukee or Memphis (provided that a suitable effort is made to control for other variables). See *Andy's Restaurant*, 466 F.3d at 554-55.  ***But there must be evidence; lawyers' talk is insufficient.***
> (Emphasis added.)

> *Annex Books v. City of Indianapolis*,
> 581 F.3d 460, 463 (7th Cir. 2009)

An FRCP 12 motion is not an appropriate vehicle for that exercise.[1]

---

[1]  It is also possible that the Supreme Court is signaling an entirely new approach to adjudicating fundamental (at least those that are enumerated) rights by engaging in historical and/or categorical analysis regarding contemporary interpretations of various rights when they were ratified and/or incorporated against state action.  Both *District of Columbia v. Heller* 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010) foreshadowed this approach. On the day this Court issued its <u>Order to Show Cause</u>, the Supreme Court seemed to double down on that analysis in *United States v. Jones*, 2012 U.S. LEXIS 1063.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    Therefore the Court should permit amendment of the complaint in any

2    areas it deems it to be deficient (e.g., institutional plaintiffs' standing)

3    and order the Defendants to answer the complaint so that the parties

4    can get on with the business of completing discovery.

5  2.    Which leads to the question of prejudice raised by the Court's inquiry.

6     A.    First, Plaintiffs feels duty bound to inform this Court of other cases in

7    the Court of Appeals and at least one District Court that have been

8    stayed pending the *Nordyke* en banc hearing.

9      i.    *Richards v. Prieto (Yolo County),* No.: 11-16255 – is a Second

10    Amendment and Equal Protection challenge to the good cause

11    and good moral character standards for the issuance of firearm

12    carry licences under California law.  (Plaintiffs' counsel Donald

13    Kilmer is co-counsel in this matter.)

14      ii.    *Peruta v. San Diego County*, No.: 10-56971 – is similar to the

15    *Richards* case and though docketed in the Ninth Circuit during

16    2010, it was filed in the District Court of Southern California

17    well after the *Richards* case.

18      iii.    *Montana Shooting Sports v. Holder*, No.: 10-36094 – is a case

19    challenging the federal government's jurisdiction to regulate

20    firearm sales with regard to firearms that are manufactured,

21    sold and possessed solely within the State of Montana.

22      iv.    *Pena v. Cid*, Case No.:  2:09-CV-01185-KJM-CKD - is pending in

23    the District Court for the Eastern District of California. It is a

24    challenge to the State of California's Safe-Handgun Roster and

25    the criteria for including/excluding firearms for sale in

26    California based on vague and ambiguous characteristics of

27    firearms. (Plaintiffs' counsel Don Kilmer and Jason Davis are

28    co-counsel in this matter.)

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

B.   However, all of these cases are either already in the Court of Appeals on undisputed facts or they have motions for summary judgment pending.  In other words, these cases are procedurally different from this case in that the factual records are already complete.

C.   The prejudice to all the Plaintiffs – but especially TOM SCOCCA – is the delay that a stay would cause.  If this case were in the posture of having completed discovery, then SCOCCA would be no more prejudiced by a stay than any of the other parties whose cases have been stayed pending the *Nordyke* en banc rehearing.  But when the *Nordyke* en banc panel makes its ruling, those stayed cases will be ripe for immediate adjudication of their claims.  Plaintiffs herein would still have to conduct time-consuming discovery before the case can be adjudicated.  Given that SHERIFF SMITH'S policies will be subject to <u>at least</u> intermediate scrutiny, there is no reason to stall this case when the only hardship to the Defendants is to conduct discovery now or conduct it later.  If/when discovery in this matter is complete and *Nordyke* is still pending, then a stay would probably make sense.

### *NORDYKE* IS UNNECESSARY TO AN ADJUDICATION OF THIS CASE

An additional argument against a stay is implied in Plaintiffs' Opposition to the Motion to Dismiss, but bears emphasis in this Response to the Court's Order to Show Cause.  Prior to *Heller, McDonald* and *Nordyke* in a Ninth Circuit case that is still good law, a trial court was reversed because: "The appellants were entitled to place evidence before the jury from which it might find an equal protection violation. [...] A law that is administered so as to unjustly discriminate between persons similarly situated may deny equal protection.  *Yick Wo v. Hopkins*, 118 U.S. 356, 30 L. Ed. 220, 6 S. Ct. 1064 (1886)."  (Other citations omitted.) See: *Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir. 1984).

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1      So again, regardless of what form or level of judicial scrutiny SHERIFF

2  SMITH's policies are going to be subjected to, evidence is necessary before an

3  adjudication on the merits (i.e., equal protection) can proceed.

4      The Court's citation to *Kahawaiolaa v. Norton*, 386 F.3d 1271 (9th Cir. 2005)

5  does not appear to be helpful for answering the question of a stay.  The opinion sets

6  forth a distinction between classifications based on political considerations and

7  classifications based on race (i.e., tribal membership and/or the very definition of

8  tribe).  That opinion conceded that in conducting an equal protection analysis that

9  deals with classifications that are race-based and/or that infringe on fundamental

10  rights, a court must apply strict scrutiny.  *Id*, at 1277-1278.  However, because the

11  right at issue (whether or not to classify Native Hawaiians as Indian Tribes) was

12  determined to be exclusively a political question, left to Congress and the Executive

13  branch, the plaintiffs were non-suited due to the deference afforded under a rational

14  basis analysis in political question cases.  These cases are too dissimilar for that

15  kind of holding.  Though not currently alleged, Plaintiffs do not contend that

16  SHERIFF SMITH issues licenses and permits based on political considerations,

17  electoral whim and/or the arbitrary rules of patronage.  Our current claim is that

18  she has no discernable standards that meet any level of constitutional scrutiny.

19

20  **NEW FACTS THAT GO TO INSTITUTIONAL STANDING AND PREJUDICE.**

21      Amendment of the complaint may still be necessary based on new, additional,

22  and/or implied facts:

23  1.    The CALGUNS FOUNDATION, INC., and MADISON SOCIETY, INC.,

24        plaintiffs are prepared to have some of their individual members seek new

25        licenses from SHERIFF SMITH that match the concessions made by County

26        Counsel during oral argument.  (e.g., they carry large amounts of cash, they

27        conduct investigations, engage in commerce of a sensitive nature, etc...)  Of

28        course that assumes that SHERIFF SMITH will process the applications.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Response OSC                     Page 6 of 9                     Scocca v. Smith

2.      If necessary, the institutional plaintiffs are also prepared to set out a more detailed statement of facts to address the institutional standing issues.[2]  For example, Plaintiffs are prepared to allege facts that the CALGUNS FOUNDATION, INC., and MADISON SOCIETY, INC., have members who reside in Santa Clara County and easily meet the requirements for associational standing: (1) their members would otherwise have standing to sue in their own right; (2) the interests the associations seek to protect are germane to their organizational purposes; and (3) neither the claim asserted nor the relief requested requires the participation of individual association members in the lawsuit. See *United Food & Commercial Workers Union Local 751 v. Brown Group*, 517 U.S. 544, 553, 116 S. Ct. 1529, 134 L. Ed. 2d 758 (1996); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).  See also *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011).

3.      Additionally, it has come to the attention of all the Plaintiffs that SHERIFF SMITH may be in violation of her duties under *Salute v. Pitchess*, 61 Cal. App. 3d 557 (1976).  That case stands for the proposition that Sheriffs can not refuse to process applications for concealed carry licenses.  In an article printed in the San Jose Mercury News on December 11, 2011, about this very case, Deputy County Counsel Cheryl Stevens said: "*Smith stopped issuing permits in the early months of this year*."  The articles intimates that SMITH is reviewing her policies regarding carry licences. But this is just another lawless violation of her duties under California law.  SHERIFF SMITH does not have the power under state law to unilaterally decide to stop issuing permits in her county because a lawsuit is pending.

---

[2]  Notwithstanding the rule that where at least one plaintiff has standing, jurisdiction is secure and the court should adjudicate the case whether the additional plaintiffs have standing or not. See *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp*., 429 U.S. 252, 264, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977); *Bond v. Utreras*, 585 F.3d 1061, 1070 (7th Cir. 2009).

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

4.     Finally, Plaintiffs would bring to this Court's attention the fact that neither TOM SCOCCA, nor any of the members of the institutional plaintiffs' organizations are generally permitted to openly carry unloaded handguns in belt-holsters in public any more.  California Assembly Bill 144 (Portantino and Ammiano) was passed into law by the state legislature and signed by the governor on October 9, 2011.   A.B. 144 purports to outlaw the "unloaded open carrying" of handguns in public places.  A.B. 144, was codified on January 1, 2012, as Penal Code § 26350.  This is important, and goes to the issue of prejudice inherent in any delay if this case is stayed. Prior to this California statute becoming law, otherwise law-abiding persons were permitted to carry – openly (i.e., not concealed) – unloaded handguns for use in self-defense.  Indeed, this was an important justification for two District Court Judges to find that the right to a (CCW) license issued by a County Sheriff was <u>not</u> subject to judicial review, because people had the ability to openly carry unloaded – but easily loadable – firearms for self-defense.  See: *Richards v. Yolo County*, 2011 U.S. Dist. Lexis 51906, at 51919; and *Peruta v. County of San Diego,* 2010 U.S. Dist. Lexis 130878, at 13102. (Both cases are pending in the Ninth Circuit.)  Without the means to openly carry an unloaded handgun for self-defense, TOM SCOCCA and the members of the institutional plaintiffs' organizations, are without effective means of self-defense in public.  Even members of the institutional plaintiffs organizations who can obtain the Sheriff's sanctioned (high risk) employment or who develop direct threats against their lives would still be without legal remedy if this court stays any legal actions against her while SHERIFF SMITH continues on her present course of arbitrarily and capriciously exercising the power to issue licenses to carry functioning (albeit concealed) handguns that is given to her by the California legislature.

/ / / /

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1

C<small>ONCLUSION</small>

2    A stay of this action is unnecessary and unwarranted at this time.  The Court

3  should permit the parties to finish the job of getting the pleadings in order, let the

4  case mature into an "at issue" lawsuit and then proceed with discovery.  If discovery

5  closes and *Nordyke* is still undecided, then the Court can reconsider the issue of a

6  stay.

7  RESPECTFULLY SUBMITTED,

8
Dated: January 30, 2012,

9
 /s/ Donald Kilmer                                       /s/ Jason Davis
10  Donald Kilmer for Plaintiffs                Jason Davis for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487