MIGUEL MÁRQUEZ, County Counsel (S.B. #184621)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
SHERIFF LAURIE SMITH and
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose)

| | |
|---|---|
| TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF LAURIE SMITH (In her individual and official capacity.), COUNTY OF SANTA CLARA, and DOES 1 to 20,<br><br>Defendants. | No. CV11-01318 EMC<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE** |

## I.

## INTRODUCTION

On January 6, 2012, the Court heard oral argument on a motion to dismiss filed by Defendants County of Santa Clara and Sheriff Laurie Smith. During the hearing, Plaintiffs Tom Scocca, Madison Society, Inc., and Calguns Foundation, Inc. alleged that strict or intermediate scrutiny applied to the Sheriff's exercise of her discretion in granting or denying permits to carry concealed weapons. Plaintiffs alleged that a fundamental right was at issue and disavowed any argument of rational review of their equal-protection claim (i.e., that even if no fundamental right was involved, the Sheriff's denial of Scocca's application for a permit to carry a concealed weapon was without rational basis).

On January 23, 2012, the Court ordered Plaintiffs to show cause why proceedings in this case

should not be stayed pending the Ninth Circuit's *en banc* hearing and decision in *Nordyke v. King*, 644 F.3d 776 (9th Cir. 2011, *rehearing en ban granted*, No. 07-15763, November 28, 2011). The Court directed Plaintiffs to "focus particularly on the possible harm, if any, to Mr. Scocca which may result from the granting of a stay" because "the Court has, at this juncture, serious concerns over whether Madison Society, Inc. and Calguns Foundation, Inc. have standing."

In Plaintiffs' response to the Order to Show Cause the only possible harm to Scocca mentioned is that he will have to conduct "time-consuming discovery" after disposition of *Nordyke*. Plaintiffs' Response to OSC at 5:5-17. But the timing of discovery in this case is secondary to the appropriate level of scrutiny to apply to the Sheriff's exercise of discretion in granting or denying applications for permits to carry concealed weapons. *Nordyke* will likely provide guidance on the appropriate level of scrutiny to apply in this case. The three-judge panel analyzed the standard of scrutiny of an ordinance that banned possession of firearms on county property and concluded that only regulations that substantially burden the right to keep and bear arms trigger heightened scrutiny under the Second Amendment.

The level of scrutiny may prove dispositive to the pending motion to dismiss and may determine whether this case ever proceeds to the discovery phase. Thus, before the parties undertake costly and time-consuming discovery they should await guidance from the Ninth Circuit in *Nordyke*, which will likely define the standard of scrutiny applicable to the Sheriff's exercise of discretion in granting or denying applications for permits to carry concealed weapons. Even if this case were to proceed to the discovery phase, knowing the appropriate level of scrutiny will assist the parties during discovery, the summary judgment stage, and trial.

Scocca has a permit to openly carry a firearm in the course and scope of his employment and may use a firearm for self-defense in his home. Plaintiffs failed to show that he will suffer harm if this case is stayed. Accordingly, the Court should stay this case until final disposition of *Nordyke*.

///

///

///

///

## II.

## ANALYSIS

### A. THERE IS A SUBSTANTIAL LIKELIHOOD THAT THE NINTH CIRCUIT IN *NORDYKE* WILL PROVIDE GUIDANCE AS TO THE APPROPRIATE LEVEL OF SCRUITNY TO APPLY IN THIS CASE

> If the Ninth Circuit ultimately agrees with the three-judge panel that an equal protection claim based on the fundamental right to bear arms for self-defense is more appropriately analyzed under the Second Amendment, which provides an explicit textual source of constitutional protection (644 F.3d at 794), then Plaintiffs would have no claim, having disavowed any argument under rational basis review.

Order to Show Cause at 1:25-2:1.

There is a substantial likelihood that the Ninth Circuit will provide guidance in *Nordyke* as to the appropriate level of scrutiny to limitations on carrying firearms in public. In *Nordyke*, the three-judge panel noted that the United States Supreme Court has yet to articulate a standard of review in Second Amendment cases. *Nordyke*, 644 F.3d at p. 782. The court noted that the Supreme Court's reasoning in two recent Second Amendment cases, *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 130 S. Ct. 3020 (2010), "suggests that heightened scrutiny does not apply unless a regulation substantially burdens the right to keep and bear arms for self-defense." *Id.* at 783.

The *Nordyke* court explained that *Heller* distinguished the blanket ban on handguns in the District of Columbia from permissible gun-control regulations such as eighteenth-century gunpowder storage laws by examining the extent to which each law burdened the core right to armed self-defense. *Nordyke*, 644 F.3d at 783. The court concluded that applying strict scrutiny to every gun-control regulation would be inconsistent with *Heller*'s reasoning because courts would have to determine whether challenged gun-control regulations are narrowly tailored to a compelling governmental interest (i.e., reducing gun crime). *Id.* at 784. Such an approach was renounced in *Heller* because it would base the constitutionality of gun-control regulations on "judicial estimations" of the extent to which each regulation is likely to meet the compelling governmental interest in reducing crime. *Id.* The *Nordyke* court accordingly held that "a substantial burden framework will prove to be far more judicially manageable than an approach that would reflexively

apply strict scrutiny to all gun-control laws." *Id.*

The *Nordyke* court held that where a law does not purposefully operate to the detiment of a suspect class, the only requirement of equal protection is that the law be rationally related to a legitimate governmental interest. *Nordyke*, 644 F.3d at 794. The court further concluded that the right at issue – the right to keep and bear arms for self-defense – is more appropriately analyzed under the Second Amendment, which provides an explicit textual source of constitutional protection. *Id.* Thus, there is a substantial likelihood that the Ninth Circuit will address whether constitutional claims that challenge gun-related regulations should be analyzed under the Equal Protection Clause of the Fourteenth Amendment or the Second Amendment.

Plaintiffs assume that either intermediate scrutiny or strict scrutiny will apply in this case. Plaintiffs' Response to OSC at 3:10. But the *Nordyke* court, in rejecting strict scrutiny, noted that the United States Supreme Court does not apply strict scrutiny to every law that regulates the exercise of a fundamental right. *Id.* at 785 (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 873 (1992) [rational basis scrutiny to laws that regulate, but do not significantly burden, fundamental rights]; *Gonzales v. Carhart*, 550 U.S. 124, 146 (2007) [rational basis review of abortion regulations so long as they do not pose an "undue burden" on the right to abort a non-viable fetus]; and *Ward v. Rock Against Racism*, 491 U.S. 781 (1989) [the government may impose reasonable restrictions on the time, place, or manner of protected speech provided that the restrictions are not too cumbersome]). Thus, Plaintiffs' assumption that either intermediate or strict scrutiny will apply in this case is unfounded.

Moreover, Plaintiffs' contention that this action should not be stayed because other cases that have been stayed pending *Nordyke* are in a different procedural phase is unpersuasive. Plaintiffs cited four cases that they contend "are either already in the Court of Appeals on undisputed facts or they have motions for summary judgment pending." Plaintiffs' Response to OSC at 4:9-5:3.[1] But there are additional cases involving challenges to denials of applications for permits to carry

---

[1] Here, Defendants have a dispositive motion pending, which actually makes this case more akin to cases stayed with summary judgment motions pending, and further supports staying this case.

concealed weapons that are in a similar procedural phase as this action (i.e., have not entered the discovery phase) that are currently stayed pending *Nordyke*. See, e.g., *Rothery v. Blanas*, 9th Cir. No. 09-16852 (stayed pending *Mehl v. County of Sacramento*, No. 08-15773, which was withdrawn from submission pending decision in *Nordyke*); *Jacobs v. Reed, et al.*, E.D. Cal. Case No. 10-CV-00913.

Thus, *Nordyke* will likely provide guidance on the appropriate level of scrutiny to apply to the Sheriff's exercise of discretion in granting or denying applications for permits to carry concealed weapons. Accordingly, the Court should not rule on Defendants' motion to dismiss while the Ninth Circuit is reviewing *Nordyke en banc* and should stay this case pending final disposition of *Nordyke*.

B. **PLAINTIFFS FAILED TO SHOW THAT SCOCCA WOULD BE HARMED BY A STAY**

In Plaintiffs' response to the Order to Show Cause the only possible harm to Scocca mentioned is that he will have to conduct allegedly "time-consuming discovery" after disposition of *Nordyke*. Plaintiffs' Response to OSC at 5:5-17. But Plaintiffs failed to state what discovery they believed was necessary, particularly in light of their prior representation that they have already obtained records for over 70 holders of concealed weapons permits through requests pursuant to the California Public Records Act. Thus, Plaintiffs have the information they need to evaluate whether Scocca was in fact similarly situated to individuals who have been granted permits to carry concealed weapons.

Scocca's contention that discovery will be time consuming supports staying this case pending disposition of *Nordyke*. As discussed above, depending on the level scrutiny the Ninth Circuit holds is applicable to challenges to gun regulations, the pending motion to dismiss may be granted without the need for time-consuming discovery. Staying the case would save limited resources litigating constitutional claims that may not be cognizable.

Further, Plaintiffs failed to explain how Scocca would be harmed by waiting until after the Ninth Circuit provides guidance on the level of scrutiny to apply to challenges to gun regulations. Plaintiffs' citation to a recent change in California law that bans openly carrying unloaded handguns in public is unavailing because there is no right to carry an open or concealed firearm in public.

The United States Supreme Court held in *Heller* that the Second Amendment does not protect the right of citizens to carry arms for any sort of confrontation just as the First Amendment does not protect the right of citizens to speak for any purpose. *Heller*, 554 U.S. at 596. Thus, there is no right "to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 626. Further, the Court noted that "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." *Id.*

Scocca admitted in the complaint that he has a permit to openly carry a loaded firearm during the course and scope of his employment as a private investigator. Complaint ¶ 31. Moreover, he is able to use a firearm in his home for self-defense. Cal. Gov. Code § 26055 (possession of loaded weapon at place of residence exempt from prohibition on carrying loaded firearm in public). Thus, a stay of this case would not impose a substantial or undue burden on Scocca's right to keep and bear arms.

**C. PLAINTIFFS HAVE CONCEDED THAT THE ORGANIZATIONS DO NOT HAVE STANDING AND THEREFORE WOULD NOT BE HARMED BY A STAY**

Madison Society, Inc. and Calguns Foundation, Inc. have conceded in their response to the order to show cause that they do not have standing. These organizations indicated that they are prepared to have some of their individual members apply for applications to carry concealed weapons. Plaintiffs' Response to OSC at 6:23-25. Thus, it is undisputed that at this time neither organization can meet the first element of *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977), which requires at least one organization member to have standing to sue in his or her own right. A stay of this case would therefore not cause any harm to either Madison Society, Inc. or Calguns Foundation, Inc.

## III.
## CONCLUSION

The Ninth Circuit's *en banc* decision in *Nordyke* will likely provide guidance on the appropriate level of scrutiny to apply to Plaintiffs' constitutional claims in this case. Several appellate and district court cases where gun-control regulations are at issue have been stayed

6

1 pending the *Nordyke* decision, including cases like the present action that involve challenges to
2 denials of applications for permits to carry concealed weapons. Given the lack of showing of harm
3 to Plaintiffs if this case were stayed, and the substantial likelihood that *Nordyke* will provide
4 guidance as to the appropriate level of scrutiny to apply to the constitutional claims in this case,
5 Defendants respectfully request that the Court stay this case pending final disposition in *Nordyke*.

6 Dated: February 3, 2012                     Respectfully submitted,

7                                              MIGUEL MÁRQUEZ
                                               COUNTY COUNSEL
8

9                                        By:        /S/
                                               MELISSA R. KINIYALOCTS
10                                             Deputy County Counsel

11                                             Attorneys for Defendants
                                               SHERIFF LAURIE SMITH
12                                             and COUNTY OF SANTA CLARA

529540.DOC