1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, CA 92688
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12  TOM SCOCCA, MADISON                 Case No.: 11-CV-01318-EMC
    SOCIETY, INC., and THE
13  CALGUNS FOUNDATION, INC.,           **FIRST AMENDED COMPLAINT**[1]

14          Plaintiffs,                 42 U.S.C. §§ 1983, 1988

15          vs.                         JURY TRIAL DEMANDED

16
    SHERIFF LAURIE SMITH (In her
17  individual and official capacity.) and
    COUNTY OF SANTA CLARA.
18
19          Defendants.

20                      **INTRODUCTION**

21  1.    This is an action for compensatory damages and injunctive/declaratory relief

22        resulting from the unconstitutional polices, procedures and practices of the

23        Defendants in the administration of California Penal Code §§ 12050 - 12054

24        *et seq.*[2] [17020, 26150-26225]

25  _____

26      [1] Filed pursuant to ORDER GRANTING DEFENDANTS' MOTION TO DISMISS.
    (Document #40). Filed: June 22, 2012.
27
      [2] California reorganized its Weapon Control Statutes as of January 1, 2012.  Older Penal
28  Code Sections are cited.  The newer sections are bracketed.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

2.    Although this is **NOT** an action that seeks to challenge the current law of the State of California to engage in policy decisions that limit the carrying of loaded and functional handguns to bearing them in a state of concealment with appropriate background checks, training and licensing of individuals seeking to exercise their Second Amendment right to bear arms for lawful self-defense; it **IS** an action that seeks to compel the local government agencies and officials who have the power under state law to issue licenses for this fundamental right, to act in compliance with the Fourteenth Amendment's equal protection clause.

3.    This action seeks damages and prospective injunctive relief against the Defendants LAURIE SMITH, Sheriff of Santa Clara County and the COUNTY OF SANTA CLARA to compel compliance with the United States Constitution and to prevent future violations of Constitutional Rights.

## **PARTIES**

4.    Plaintiff TOM SCOCCA is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Santa Clara County.  TOM SCOCCA is a member and/or associate in good standing of the MADISON SOCIETY, INC., and the CALGUNS FOUNDATION, INC.

5.    Plaintiff MADISON SOCIETY, INC., (MS) is a Nevada Corporation with its registered place of business in Carson City, Nevada.  The Madison Society has chapters throughout California. The society is a membership organization whose purpose is preserving and protecting the legal and constitutional right to keep and bear arms for its members and all responsible law-abiding citizens.  MADISON SOCIETY, INC., spends time and resources to assist its members – and the law-abiding public in general – in obtaining and maintaining licenses to carry firearms for self-defense and

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

First Amended Complaint                              Page 2 of 17                              Scocca v. Smith

1   for other Second Amendment purposes.   The activities that MADISON

2   SOCIETY, INC., engages in, for which resources are expended on behalf of

3   their members, includes but is not limited to: (1) the discovery of and an

4   understanding of 'good cause' statements for successful licensees with

5   permits issued by Chiefs of Police and County Sheriffs, (2) membership

6   assistance in truthfully and accurately setting forth 'good cause' statements

7   on applications for licenses to carry concealed firearms under state law, and

8   (3) membership assistance in securing training and fulfilling other necessary

9   criteria for obtaining and maintaining licenses to carry concealed firearms for

10  self-defense pursuant to state law.  Many of MS's members join the

11  organization primarily for its efforts to secure concealed carry permits for its

12  members and the general public.   Sheriffs and Chiefs of Police who continue

13  to adopt and maintain irrational polices for issuing licenses to carry firearms

14  for self-defense diminish and undermine a significant *raison d'etre* of the

15  Madison Society.  MS is not a publicly traded corporation.  MS represents its

16  members and supporters, which include California gun owners.  MS brings

17  this action on behalf of itself and its supporters who would otherwise have

18  standing to bring actions on their own behalf and who possess all the indicia

19  of membership in MS.

20  6.    Plaintiff CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization

21  incorporated under the laws of California with its principal place of business

22  in San Carlos, California. The purposes of CGF include supporting the

23  California firearms community by promoting education for all stakeholders

24  about California and federal firearms laws, rights and privileges, and

25  defending and protecting the civil rights of California gun owners.  CGF

26  spends time and resources to assist its members – and the law-abiding public

27  in general – with exercising their Second Amendment rights.  This includes

28  both licensed and non-licensed activities associated with responsible gun

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

ownership.  Relevant to this action , CGF assists individuals in obtaining and maintaining various licenses associated with exercising Second Amendment rights, including but not limited to: (1) licenses associated with retail sales and purchases of lawful firearms, (2) licenses associated with the importation and manufacturing of firearms, and (3) licenses associated with lawfully carrying a firearm for self-defense.  Other activities that compete for CGF resources, that bear directly on this case include: (A) Public Records Act Requests that seek to discover and understand the policies of various Chiefs of Police and County Sheriffs for issuing those licenses/permits that impact the Second Amendment rights of its members, (B) Public Records Act litigation (separate and apart from this case) to force local government agencies to reveal their policies that may infringe and/or promote the Second Amendment rights of its members, and (C) the organization and implementation of various civil rights conferences and public demonstrations to protest bad policies and promote good polices to insure equal access for all law-abiding citizens who want to exercise their Second Amendment rights.  When the general public, and specifically, CGF members, lose confidence in their local government's ability to administer the state's gun laws in a fair and equitable manner, fewer people will seek to exercise their Second Amendment rights.  This 'chilling effect" on fundamental rights caused by the subjective and ambiguous policies of various Chiefs of Police and County Sheriffs when regulating Second Amendment rights undermines and diminishes the purpose of the Calguns Foundation, Inc.  CGF represents its members and supporters, which includes Plaintiffs SCOCCA and numerous other California gun owners.  CGF brings this action on behalf of itself and its supporters, who would otherwise have standing in their own rights and who possess all the indicia of membership and association with CGF.

7.     Defendant LAURIE SMITH is the Sheriff of Santa Clara County.  She is

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

First Amended Complaint                    Page 4 of 17                         Scocca v. Smith

legally obliged to administer California Penal Code §§ 12050 - 12054 *et seq.*
[17020, 26150-26225]  As a consequence of this duty, she is required to
formulate policies and procedures to insure the constitutional
implementation of California's policy of requiring a license for the concealed
bearing of arms in this State.  Sheriff LAURIE SMITH is sued in both her
individual and official capacity.

8.  Defendant COUNTY OF SANTA CLARA is a municipal entity organized
under the Constitution and laws of the State of California.  The County is
proximately responsible for Defendant SMITH's policies as it ultimately
provides funding for and oversight of Sheriff SMITH's office, thus ratifying
her unconstitutional policies, practices and procedures.

9.  At this time, Plaintiffs are ignorant of the names of additional Defendants.
If/when additional persons and entities are discovered to have assisted and/or
lent support to the wrongful conduct of the Defendants named herein,
Plaintiff reserves the right to amend this complaint to add those persons
and/or entities as Defendants.

## JURISDICTION AND VENUE

10.  This Court has subject matter jurisdiction over this action pursuant to 28
U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

11.  This Court has supplemental jurisdiction over state law causes of action
arising from the same operative facts under 28 U.S.C. § 1367.

12.  Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local
Rules for bringing an action in this district.

## CONDITIONS PRECEDENT

13.  All conditions precedent have been performed, and/or have occurred, and/or
have been excused, and/or would be futile.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1

## <u>STATEMENT OF FACTS</u>

2

### <u><em>Background</em></u>

3    14.    A little over 10 years ago the California Supreme Court declined to recognize:

4              (...) [T]hat a right to bear arms is one of the rights
              recognized in the California Constitution's declaration of
5              rights, (...). No mention is made in it of a right to bear
              arms. (See *In re Rameriz* (1924) 193 Cal. 633, 651 [226 P.
6              914, 34 A.L.R. 51] ["The constitution of this state contains
              no provision on the subject"].)

7
                                    *Kasler v. Lockyer*, 23 Cal.4th 472, 481 (2000).
8

9    15.    As a consequence of that decision, the California Supreme Court declined to

10           apply a heightened burden or level of scrutiny on the government as part of

11           an <u>Equal Protection</u> analysis in a challenge to California's Assault Weapons

12           Statutes because: "*the AWCA does not burden a fundamental right under*

13           *either the federal or state Constitutions.*"  *Kasler* at 481.

14    16.    Ninth Circuit interpretation was in accord. *Hickman v. Block*, 81 F.3d 98

15           (1996) and *Silveira v. Lockyer*, 312 F.3d 1052 (2002).

16    17.    Presumably all of the weapon control statutes, regulations, local ordinances,

17           policies and procedures in California that were adopted between 1924 and

18           2010 were premised upon a (now shaky) foundation that California and its

19           political sub-divisions had no duty to temper their policies, practices and

20           procedures against a constitutional commandment to respect an individual's

21           fundamental "right to keep and bear arms" for purposes of self-defense.

22    18.    In 2008, *District of Columbia v. Heller* (2008) 554 U.S. 570, affirmed that the

23           federal government must recognize a right of self-defense as part of the

24           Second Amendment's limitation on the federal government's power to

25           regulate firearm possession.

26    19.    In 2010,  *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010), extended

27           – via the Due Process Clause of the 14th  Amendment – the requirement that

28           state and local governments recognize a right of self-defense that is integral

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1     to the "right to keep and bear arms."

2  20.    California (even though the state has heretofore declined to recognize a right

3     to keep and bear arms) has enacted a policy preference for licensing the

4     concealed bearing of handguns and other concealable firearms. These

5     licenses are issued by County Sheriffs and Chiefs of Police. California Penal

6     Code §§ 12050 - 12054 *et seq.* [17020, 26150-26225]

7  21.    California prohibits (with some exceptions not relevant to this case):

8     a.    The unlicensed carry of concealable firearms in public. California

9         Penal Code §§ 12025 *et seq.* [16750(a), 25400].

10     b.    The unlicensed carrying of loaded firearms in public. California Penal

11         Code §§ 12031 *et seq.* [16750(b), 16840(b), 17030, 25850-26025

12         (inclusive), 26030(a)-(c), 26035-26055 (inclusive)]

13  22.    The requirements for a Sheriff to issue a license for the bearing of functional,

14     concealed firearms are set forth at California Penal Code §§ 12050 - 12054 *et*

15     *seq.* [17020, 26150-26225] – they consist of:

16     a.    Proof of good moral character of the applicant,

17     b.    Proof of good cause by the applicant,

18     c.    Proof that the applicant either:

19         i.    Is a resident of the county or a city within the county, or

20         ii.    Spends a substantial period of time in a principal place of

21            employment or business in the county,

22     d.    Proof of successful completion of a course of training that shall not

23         exceed 16 hours,

24     e.    Completion of a criminal background check,

25     f.    Payment of a statutorily defined fee.

26  23.    Alternatively, persons seeking a license to bear concealed firearms can apply

27     to a Chief of Police of the municipal police department in any city/county in

28     which the applicant resides.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

24.   The gravamen of this case is that the Sheriff of Santa Clara County is administering the provisions of California Penal Code §§ 12050 - 12054 *et seq.* [17020, 26150-26225] in a way that violates the Fourteenth Amendment's Equal Protection Clause with regard to the regulation of a fundamental right – specifically:

   a.   The Sheriff interprets the language "may issue" found in CA Penal Code § 12050(a)(1)(A) [26150] as statutory permission to grant or deny concealed carry permits based on wholly arbitrary and capricious criteria, resulting in a denial of equal protection of the law.

   b.   The Sheriff interprets the language "of good moral character"  found in CA Penal Code § 12050(a)(1)(A) [26150] too narrowly for some applicants and too broadly for others, resulting in a denial of equal protection of the law with respect to the regulation of a fundamental right.

   c.   The Sheriff interprets the language "good cause" found in CA Penal Code § 12050(a)(1)(A) [26150] too narrowly for some applicants and too broadly for others, resulting in a denial of equal protection of the law with respect to the regulation of a fundamental right.

   d.   It also appears that the Sheriff is neglecting to engage in the ususal and customary practice of other Sheriffs' Departments, of posting her written policy on the Santa Clara Sheriff's website summarizing the provisions of subparagraphs (A) and (B) of paragraph (1) of subdivision (a) of Section 12050 – as required by CA Penal Code § 12050.2. [26160]

   e.   Furthermore it is alleged on information and belief that Sheriff Smith has, without legal authority, imposed a moratorium on accepting applications for licenses to carry concealed weapons since this case began.  Though not alleged as a cause of action in THIS lawsuit, it is a violation of due process for the Sheriff to refuse to accept applications,

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

process them and then issue/deny permits under the law.  See generally: *Salute v. Pitchess*, (1976) 61 Cal. App. 3d 557; 132 Cal. Rptr. 345.

### *Violations of Plaintiffs' Right to Equal Protection*

25.    Sheriff Smith has issued more than 70 concealed carry weapon permits to Santa Clara County residents. As part of the pre-lawsuit investigation into the Sheriff's practices, Plaintiff SCOCCA obtained – through Public Records Act Requests – copies of the more than 70 applications of persons whose permits were approved by Defendant SMITH.  In a letter dated October 1, 2010, in an effort to avoid litigation, Plaintiffs sent a letter to the Defendants and attached a copy of spreadsheet identifying license/permit holders by name which documented various attributes of those persons issued licenses. The table below identifies some of the license holders as of October 2010.  The licensee is identified only by the spreadsheet line number and their profession/occupation and 'good cause' statement:

| Spreadsheet Line # | Profession/Occupation | Good Cause Statement |
|---|---|---|
| 3 | UK | Transports valuable art objects. Forensic Consultant. |
| 4 | UK | UK |
| 5 | Market & Business Development | Owns several rental properties, carries large sums of cash. |
| 7 | Contractor | UK |
| 8 | Physician | Treats the poor and fears retaliation to himself and family due to refusal to provide drugs.  He also makes large cash deposits on a regular basis. |
| 9 | Private Patrol Operator (PPO) and Private Investigator (PI) | Provides Executive Protection and Private Investigator |

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

First Amended Complaint                Page 9 of 17                      Scocca v. Smith

| 10 | PPO and PI | Protects value products and personnel. |
|----|------------|----------------------------------------|
| 11 | CEO | CEO of international company. Concerned about possible attacks on him due to company activities in other countries. |
| 12 | Vice President of a Business. | Business Protection. Transports money from location to location |
| 13 | Real Estate Broker and Arms Dealer | Transports Firearms and large amounts of cash to purchase them to and from various locations. |
| 14 | Dentist | Works with (***) Law Enforcement Sales and he delivers supplies and accessories to Santa Clara Sheriffs' Office. The has tested concealed carry guns so he can make recommendations to law enforcement. |
| 15 | PPO | Protective Services and Private Investigations. |
| 16 | Retired Police Captain | Fear of retaliation from gang members. |
| 17 | Investment Manager | Employment requires response to alarms at night and has encountered armed vandals in the past. Carries large sums of cash, checks and securities. |
| 19 | Real Estate Broker and Rancher | Travels back and forth to trailer on ranch and carries large cash payroll. |
| 20 | Property Manager | Owns investment properties and is working with Code Enforcement and City Police to clean up neighborhood. Also collects large sums of rent money twice per month. |

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

First Amended Complaint                Page 10 of  17                Scocca v. Smith

| 21 | Airline Pilot | Federal Flight Deck Officer. |
|----|---------------|------------------------------|
| 22 | President of a Business | Does business in San Jose and Santa Clara County. |
| 23 | Restaurant Owner | High volume of case customers.  Often carries large sums of money. |
| 24 | UK | UK |
| 25 | Retired Executive. | Terminated many employees.  Received threats. |
| 27 | PI | PI and Executive Protection |
| 28 | Self-employed | Deals in precious metals and carries large sums of cash. |
| 32 | CEO of Business | Comes in contact with dangerous subjects and has received death threats from these contacts in the past. |
| 33 | Politician | UK |
| 34 | Vice President of Business | Manages over 500 people worldwide and has numerous firing issues as well as other personnel issues. He frequently carries large sums of cash. |
| 36 | UK | Business with many firearms on the premises makes him a target for robbery by those intent on acquiring firearms. Assists Owner of (***) Shooting Club in transporting and demonstrating firearms to law enforcement agencies all over CA. |

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

| 37 | Sale Manager and Owner of Heavy Equipment Company. | Required to carry large sums of money in the course of his duties and often works alone in remote areas of the county with heavy equipment and spotty cell service. |
|---|---|---|
| 41 | Engineer and Owner of Business | Resides in isolated unincorporated area. Owns rental units and collects rents and carries large amounts of cash in questionable areas. |
| 42 | Retired Federal Law Enforcement | Threats related to career. |
| 43 | Business owner related to firearms. | Transports large sums of cash and involvement in firearm sales makes him target for theft. |
| 44 | Military Officer | Received terrorist threats. |
| 45 | Retired Reserve Police Officer | UK |
| 46 | Pilot for CEO | Threats to his passengers |
| 48 | Restaurant Owner | High volume of cash business, transports large sums of money to and from bank. |
| 49 | CEO | Crime Victim. Former reserve deputy sheriff. |
| 50 | Contractor | Owns mini-storage which required handing and transportation of large amounts of cash. |
| 51 | Business Owner | Protect, defend self, business and family. |
| 53 | Attorney | Criminal Defense. Carry large amounts of cash. Works late evenings and weekends. |
| 55 | Engineer | Works alone late hours in unoccupied building. |
| 56 | Rancher | Assists SO with intel on Marijuana growing on his ranch. |
| 57 | Investigator | Bail Recovery Agent. |

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

| 58 | Contractor/Rancher | Carries large amounts of cash in rural areas for payroll. |
| 60 | Insurance Agent | Personal Defense. Transporting large amounts of cash, cash equivalents such as numismatic coins, art objects and collectibles for clients. |
| 61 | Business Owner | Transports law enforcement weapons, ammunition, body armor and magazines to and from law enforcement agencies throughout CA. |
| 63 | Protective Services Manager for Silicon Valley Company. | Carries large amounts of cash from local banks to various offices and banks. |
| 64 | Real Estate | Collects rents in rural areas and does evictions and member of prominent Santa Clara County family. |
| 67 | President, CEO | Self protection. |
| 68 | Retired Investor | Carries large amounts of cash for business. |
| 69 | Business Owner | Operates a business in the county and transports large amounts of cash after business hours. |
| 70 | Contractor | Carries payroll each week. Clients sometimes pay in cash, often works in less than desirable areas. |

26.   In November, 2008, Plaintiff SCOCCA sent a letter of inquiry to Defendant

SMITH requesting information about the process to obtain a concealed carry

weapon permit. Sheriff SMITH responded by:

a.   Stating that SCOCCA lived within the jurisdiction of the City of San

Jose, and informing him that he should apply to that city's police chief.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    (This has become a pattern and practice of delaying – and therefore

2    denying – permits by Sheriffs in counties that have incorporated cities

3    within their boundaries.  This practice is contrary to case law and a

4    California Attorney General Opinion.)

5    b.    Apparently considering the mere letter of inquiry an application,

6    SMITH advised SCOCCA that his application was being denied for

7    lack of supporting documentation.

8    27.   On December 22, 2008, Plaintiff SCOCCA sent a completed application for a

9    concealed carry weapon permit to Defendant Sheriff SMITH.

10   28.   Defendant SMITH did not act upon Plaintiff SCOCCA's application for more

11   than 90 days, prompting SCOCCA to send a letter of inquiry in April of 2009

12   requesting action on the application and/or an appeal.

13   29.   On April 14, 2009 Defendant SMITH, without addressing the original

14   application, denied the appeal.

15   30.   Plaintiff SCOCCA possesses "good moral character" – as he is a law-abiding

16   citizen in every meaningful way relevant to California Penal Code §§ 12050 -

17   12054 *et seq.* [17020, 26150-26225]

18   31.   Plaintiff SCOCCA's  good moral character is functionally equivalent to the

19   good moral character of the more than 70 licensees with permits to carry

20   concealed weapons issued by Sheriff SMITH.

21   32.   Plaintiff SCOCCA has "good cause" – because he is the Director of Security

22   Risk Management at a large semiconductor equipment manufacturer with

23   corporate headquarters in Santa Clara County, with responsibilities for

24   Global Investigations and Litigation Support.

25   a.    Tom Scocca has a private investigator's license and he owns/operates a

26   private investigation firm.

27   b.    Tom Scocca has a license issued by the California Bureau of Security

28   and Investigative Services that permits him to openly carry a loaded

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

First Amended Complaint                    Page 14 of  17                    Scocca v. Smith

1        firearm during the course and scope of his business.  However this

2        license to openly carry a firearm in the course and scope of his business

3        DOES NOT permit him to carry a loaded and concealed firearm to and

4        from his work, nor does it permit him to exercise his Second

5        Amendment right of self-defense when he is not on duty.

6     c.     Furthermore, Tom Scocca is at a competitive disadvantage in

7        providing discreet executive protection services as part of his private

8        investigator business if he cannot carry a functional concealed firearm

9        as part of the services he offers his clients.

10     d.     Tom Scocca is responsible for the investigation, and the potential

11        detention/arrest/expulsion of persons found violating the law and/or

12        violating the company policies of his employer.

13     e.     Tom Scocca would provide executive protection services for his

14        employer if he had the ability to discreetly carry concealed and

15        functional firearms as part of those duties.  As he does not have a

16        license to carry, those services are sub-contracted to other vendors who

17        have such licenses to provide executive protection.

18     f.     As a consequence of his duties for his employer, Tom Scocca overseas

19        the security of millions of dollars of trade secrets and computer

20        equipment that is subject to pirating, theft and pilfering.

21     g.     Part of his investigative duties requires Tom Scocca to conduct

22        surveillance of suspicious activity – which becomes of marginal utility

23        if he is required to openly carry his firearm in connection with his

24        work.

25 33.     Plaintiff Tom Scocca's "good cause" to obtain a license to exercise his

26        fundamental rights is functionally equivalent to the "good cause" of some of

27        the more than 70 licensees with permits to carry concealed weapons issued

28        by Sheriff SMITH.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

First Amended Complaint        Page 15 of 17        Scocca v. Smith

34.   In October of 2010, Plaintiff SCOCCA caused a letter to be sent to Sheriff SMITH through counsel advising her of the changes in the law with respect to the Second Amendment and requesting an interview.  The interview took place on or about December 14, 2010.  Present at the meeting were:

a.   TOM SCOCCA.

b.   Gene Hoffman, Officer/Director of CALGUNS FOUNDATION, INC.

c.   Donald Kilmer, representing SCOCCA and CGF.

d.   John Hirokawa, Undersheriff.

e.   Rick Sung, Sergeant – Media Relations.

f.   Cheryl A. Stevens, of the Office of County Counsel for SANTA CLARA COUNTY.

The parties were not able to reach an agreement about the impasse in their respective positions.

35.   Plaintiff SCOCCA is statutorily qualified to obtain a concealed carry weapons permit, and would bear any weapon in compliance with all laws and regulations, but for Defendant SMITH's refusal to treat similarly situated applicants equally under the law and issue a license to SCOCCA pursuant to California Penal Code §§ 12050 - 12054 *et seq.* [17020, 26150-26225]

## CLAIM FOR RELIEF
## U.S. CONST., AMEND. XIV, 42 U.S.C. § 1983

36.   Paragraphs 1 through 35 are incorporated as though fully set forth herein.

37.   Plaintiff SCOCCA is a law-abiding citizen, with good moral character and good cause to carry a handgun pursuant to  California Penal Code §§ 12050 - 12054 *et seq.* [17020, 26150-26225].  He is thus similarly situated to many of the (more than) 70 residents of Santa Clara County who have been issued permits to carry a concealed firearm by Defendant Sheriff LAURIE SMITH.

38.   By promulgating, maintaining and enforcing a set of customs, practices and policies of treating similarly situated applicants differently – and/or treating

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

First Amended Complaint                     Page 16 of  17                          Scocca v. Smith

1   differently situated applicants the same – Defendant Sheriff LAURIE SMITH

2   is depriving Plaintiff SCOCCA of equal protection of the law as guaranteed

3   by the Equal Protection Clause of the Fourteenth Amendment to the United

4   States Constitution in violation of 42 U.S.C. § 1983.

5   39.   Plaintiff SCOCCA is therefore entitled to damages.

6   40.   Plaintiffs SCOCCA, MADISON SOCIETY, INC., and CALGUNS

7         FOUNDATION, INC., are entitled to injunctive and declaratory relief.

8

9   WHEREFORE, the Plaintiffs demands a jury trial and requests that this Court:

10        A.    Award compensatory damages to the Plaintiff TOM SCOCCA,

11              MADISON SOCIETY, INC., and CALGUNS FOUNDATION, INC.,

12              against Defendants LAURIE SMITH and SANTA CLARA COUNTY,

13              in an amount according to proof;

14        B.    Award costs of this action to all the Plaintiffs;

15        C.    Award reasonable attorney fees and costs to the Plaintiffs on all

16              Claims of the complaint, including but not limited to fee/cost awards

17              under 42 USC § 1983, 1988;

18        D.    Injunctive and declaratory relief to prevent future constitutional

19              violations and miscarriages of Justice;

20        E.    Such other and further relief as this Court may deem appropriate.

21   Dated: August 6, 2012,

22                    __/s/ Donald Kilmer_____
                      Donald Kilmer,
23                    Attorney for Plaintiff – Lead Counsel

24

25

26

27

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487