LORI E. PEGG, Acting County Counsel (S.B. #129073)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
SHERIFF LAURIE SMITH and
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco)

| | |
|---|---|
| TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SHERIFF LAURIE SMITH (In her individual and official capacity.), COUNTY OF SANTA CLARA, and DOES 1 to 20, <br><br> Defendants. | No.    CV11-01318 EMC <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:    November 15, 2012 <br> Time:   2:30 p.m. <br> Crtrm.:  5, 17th Floor <br> Judge:  Edward M. Chen |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 15, 2012 at 2:30 p.m. before the Honorable Edward M. Chen, District Judge of the United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendants Sheriff Laurie Smith and County of Santa Clara will and hereby do move this Court to dismiss Plaintiffs' First Amended Complaint. The motion to dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

///

///

///

///

///

1

1  This motion is based on this Notice of Motion and Motion to Dismiss Plaintiffs' Complaint, the Memorandum of Points and Authorities in Support of the Motion, the Request of Judicial Notice, and such other further oral and documentary evidence and legal memoranda as may be presented at the hearing on this motion

Dated: September 17, 2012

Respectfully submitted,

LORI E. PEGG
ACTING COUNTY COUNSEL

By: _____/S/_____
MELISSA R. KINIYALOCTS
Deputy County Counsel

Attorneys for Defendants
SHERIFF LAURIE SMITH AND COUNTY OF SANTA CLARA

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................................................1

II.   PLAINTIFFS' ALLEGATIONS .............................................................................................1

III.  ARGUMENT...........................................................................................................................3

    A.    PLAINTIFFS' CLAIM PURSUANT TO 42 U.S.C. § 1983 IS BARRED AS A MATTER OF LAW .........................................................................................3

        1.    The Sheriff is immune from liability under the Eleventh Amendment in her official capacity and is entitled to qualified immunity in her personal capacity.........................................................................................3

        2.    The County has no control over the Sheriff's exercise of discretion to issue licenses to carry concealed weapons and thus cannot be sued under 42 U.S.C. § 1983................................................................................5

    B.    EVEN IF PLAINTIFFS CAN BRING THIS ACTION AGAINST THE SHERIFF AND/OR THE COUNTY, THEIR EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW ............................................................6

        1.    The constitutional right to self-defense does not include a right to carry a concealed weapon. ................................................................................6

        2.    Plaintiffs have not alleged a substantial burden on their right to self-defense and have conceded that they have no viable claim under rational basis review. ......................................................................................8

        3.    Even if the Sheriff's denial of Scocca's application for a license to carry a concealed weapon substantially burdened a fundamental right, the Sheriff's exercise of discretion withstands intermediate scrutiny. ........9

        4.    Plaintiffs cannot establish a class-of-one claim because the doctrine does not apply to discretionary decisions. ................................................11

IV.  CONCLUSION.....................................................................................................................13

i

Defendants' Notice of Motion and Motion to Dismiss    Case No. CV11-01318 EMC
The First Amended Complaint; Memo of P's & A's

# TABLE OF AUTHORITIES

Page

CASES

*City of Cleburne v. Cleburne Living Center, Inc.*
 473 U.S. 432 (1985) ............................................................................................................. 8

*County of Los Angeles v. Superior Court (Peters)*
 68 Cal. App. 4th 1166 (1998) .............................................................................................. 5

*District of Columbia v. Heller*
 554 U.S. 570 (2008) ................................................................................................. 5, 6, 7, 8

*Engquist v. Oregon Dept. of Agriculture*
 553 U.S. 591 (2008) ..................................................................................................... 11, 12

*Gerhart v. Lake County, Montana*
 637 F.3d 1013 (9th Cir. 2011)
 *cert. denied*, 132 S. Ct. 249 ................................................................................................ 11

*Gifford v. City of Los Angeles*
 88 Cal.App.4th 801 ............................................................................................................ 12

*Hafer v. Melo*
 502 U.S. 21 (1991) ............................................................................................................... 5

*Howlett v. Rose*
 496 U.S. 356 (1990) ............................................................................................................. 3

*Kahawaiolaa v. Norton*
 386 F.3d 1271 (9th Cir. 2005) .............................................................................................. 9

*Lyng v. International Union*
 485 U.S. 360 (1988) ............................................................................................................. 8

*McDonald v. Chicago*
 130 S.Ct. 3020 (2010) ...................................................................................................... 6, 7

*McMillian v. Monroe County*
 520 U.S. 781 (1997) ......................................................................................................... 3, 5

*Monell v. New York City Dept. of Social Servs.*
 436 U.S. 658 (1978) ............................................................................................................. 4

*Nordyke v. King*
 644 F.3d 776 (9th Cir. 2011) ................................................................................................ 9

*North Pacifica LLC v. City of Pacifica*
 526 F.3d 478 (9th Cir. 2008) .............................................................................................. 11

*Pearson v. Callahan*
 555 U.S. 223 (2009) ............................................................................................................. 5

*People v. Yarbrough*
 169 Cal. App. 4th 303 (2008). ........................................................................................... 10

ii

Defendants' Notice of Motion and Motion to Dismiss   Case No. CV11-01318 EMC
The First Amended Complaint; Memo of P's & A's

*Peruta v. County of San Diego*
  758 F.Supp.2d 1106 (S.D. Cal. 2010) ...........................................................................9, 10

*Ruston v. Town Bd. For the Town of Skaneateles*
  610 F.3d 55 (2d Cir. 2010) ..............................................................................................11

*Towery v. Brewer*
  672 F.3d 650 (9th Cir. 2012)
  *cert. denied*, 132 S. Ct. 1656 ........................................................................................11

*Venegas v. County of Los Angeles*
  32 Cal.4th 820 (2004) ................................................................................................4, 5, 6

*Village of Willowbrook v. Olech*
  528 U.S. 562 (2000) .........................................................................................................11

## STATUTES

### CONSTITUTIONAL PROVISION

Cal. Constitution Art. V, § 13 .................................................................................................. 4

### UNITED STATES CODE

Section 1983 ................................................................................................................... 1, 3, 5

### CALIFORNIA GOVERNMENT CODE

Section 12550 ........................................................................................................................ 4

Section 25303 ........................................................................................................................ 5

Section 26600 ........................................................................................................................ 4

Section 26601 ........................................................................................................................ 4

Section 26602 ........................................................................................................................ 4

### CALIFORNIA PENAL CODE

Section 26150 ...................................................................................................................... 13

Section 26150(a) .................................................................................................................. 12

Section 26195(a) .................................................................................................................... 5

Section 26185(a)(1) ............................................................................................................... 4

Section 26190(a)(1) ............................................................................................................... 5

Sections 26175(a)(1) and (g) ................................................................................................. 4

iii
Defendants' Notice of Motion and Motion to Dismiss       Case No. CV11-01318 EMC
The First Amended Complaint; Memo of P's & A's

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs Tom Scocca, Madison Society, Inc., and Calguns Foundation, Inc. bring this action against the County of Santa Clara and Sheriff Laurie Smith pursuant to 42 U.S.C. § 1983. Plaintiffs allege that the Sheriff violated Scocca's right to equal protection under the Fourteenth Amendment when she denied his application for a license to carry a concealed weapon. Plaintiffs contend that the Sheriff treated Scocca differently than other similarly situated applicants who were granted such licenses.

The Sheriff, who is sued in her official and personal capacities, is immune under the Eleventh Amendment and cannot be sued in her official capacity pursuant to 42 U.S.C. § 1983. Nor can she be sued in her personal capacity because she is entitled to qualified immunity. The Sheriff did not violate Scocca's constitutional right to self-defense when she denied his application to carry a concealed weapon. And even if she did, the law was not clearly established as there is no recognized fundamental right to carry a concealed weapon.

Moreover, the County has no direct control over the Sheriff's exercise of discretion in issuing licenses to carry concealed weapons. As such, the County must be dismissed with prejudice.

Even if Plaintiffs' equal-protection claim could survive these hurdles, it must be dismissed because the Sheriff's denial of Scocca's application to carry a concealed weapon did not substantially burden his right to self-defense. Scocca has a license to openly carry a loaded firearm in the course of his employment as a private investigator and is not precluded from keeping firearms in his home for self-defense. Accordingly, the First Amended Complaint should be dismissed with prejudice.

## II.

## PLAINTIFFS' ALLEGATIONS

Tom Scocca alleges that he is a resident of the County, has a private investigator's license, and owns a private investigation firm. First Amended Complaint ("FAC") ¶¶ 4, 32. He alleges that

///

he is the Director of Security Risk Management at a large semiconductor equipment manufacturer with corporate headquarters in the County of Santa Clara. *Id*. ¶ 32.

Scocca alleges that he has a license issued by the California Bureau of Security and Investigative Services that permits him to openly carry a loaded firearm during the course and scope of his business. FAC ¶ 32. Scocca contends that this license does not permit him to carry a loaded and concealed firearm to and from work and does not permit him to exercise his Second Amendment right to self-defense when he is not on duty. *Id*. Scocca contends that his investigative duties for his employer include conducting surveillance of suspicious activity, "which becomes of marginal utility if he is required to openly carry his firearm in connection with his work." *Id*. Scocca further contends that he would provide executive protection services for his employer if he had the ability to discreetly carry concealed firearms. *Id*.

In November 2008, Scocca allegedly sent a letter of inquiry to the Sheriff requesting information about the process to obtain a permit to carry a concealed weapon. FAC ¶ 26. The Sheriff allegedly considered the letter of inquiry an application, and advised him that his application was denied for lack of supporting documentation. *Id*.

On December 22, 2008, Scocca contends that he sent a completed application for a permit to carry a concealed weapon to the Sheriff. FAC ¶ 27. Scocca contends that on April 14, 2009, the Sheriff denied the application. *Id*. ¶ 28.

Madison Society alleges that it is a Nevada corporation with chapters throughout California. FAC ¶ 5. It alleges it "is a membership organization whose purpose is preserving and protecting the legal and constitutional right to keep and bear arms for its members and all responsible law-abiding citizens." *Id*. Madison Society alleges that spends its time and resources to assist its members, and the law-abiding public in general, in obtaining and maintaining licenses to carry firearms for self-defense and for other Second Amendment purposes." *Id*.

Calguns Foundation alleges that it is a non-profit organization incorporated under the laws of California. FAC ¶ 6. It alleges its purposes "include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners." *Id*. Calguns

Foundation alleges that it spends its time and resources to assist its members, and the law-abiding public in general, with exercising their Second Amendment rights, which includes both licensed and unlicensed activities associated with responsible gun ownership. *Id*.

Although Scocca did not allege in the original complaint that he was a member of either Madison Society or Calguns Foundation, he alleges in the First Amended Complaint that he "is a member and/or associate in good standing" of both organizations. FAC ¶ 4.

Plaintiffs bring one claim for relief pursuant to 42 U.S.C. § 1983. Plaintiffs allege that the Sheriff promulgated, maintained, and enforced a set of customs, practices, and policies of treating similarly situated applicants for permits to carry concealed weapons differently, therefore depriving Scocca of equal protection of the law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## III.

## ARGUMENT

### A. PLAINTIFFS' CLAIM PURSUANT TO 42 U.S.C. § 1983 IS BARRED AS A MATTER OF LAW

#### 1. <u>The Sheriff is immune from liability under the Eleventh Amendment in her official capacity and is entitled to qualified immunity in her personal capacity.</u>

States and state officers sued in their official capacity are not considered persons under 42 U.S.C. § 1983 and are immune from liability under the statute by virtue of the Eleventh Amendment and the doctrine of sovereign immunity. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). In *McMillian v. Monroe County,* 520 U.S. 781, 785 (1997), the Supreme Court explained that for the purpose of Section 1983 liability, courts must "identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." The Court examined Alabama state law to determine whether the sheriff was a policymaker for the county or the state. *Id*. Because the sheriff – not the governing body of the county – was given complete authority to enforce the criminal laws in the county, and only the governor and attorney general had direct control over how the sheriff fulfilled this duty, the Supreme Court affirmed the dismissal of the

claim against the County pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). *Id.* at 786-791. The Court concluded that under Alabama state law, "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties." *Id.* at 793 (citations omitted).

In *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 839 (2004), the California Supreme Court held that in California sheriffs "act as state officers while performing state law enforcement duties." The Court noted that Under Article V, section 13 of the California Constitution, the Sheriff is subject to the powers and duties of the Attorney General:

> The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the jurisdictions as the Attorney General may seem advisable.

*Venegas*, 32 Cal. 4th at 831-33 (quoting Cal. Constitution Art. V, § 13.)

The California Government Code was also instructive in the *Venegas* Court's determination that sheriffs act on behalf of the state, not the county, when performing law-enforcement duties. *Venegas*, 32 Cal.4th at 834. Government Code section 12550 gives the Attorney General "direct supervision" of all sheriffs, with power to order reports "concerning the investigation, detection and punishment of crime in their respective jurisdictions," and to direct their activities regarding these investigations. (*Ibid.*) Government Code section 26600 states that sheriffs have a duty to preserve the peace through crime prevention projects; Government Code section 26601 gives sheriffs the authority to arrest criminal offenders; and Government Code section 26602 states that sheriffs have a duty to prevent breaches of peace and investigate public offenses. (*Ibid.*)

Here, the Sheriff acts as a state official when exercising her discretion to grant or deny applications for licenses to carry concealed weapons. The California Attorney General approves a standard application for such licenses that must be used throughout the state, and applicants cannot be required to complete any additional forms. Cal. Pen. Code § 26175(a)(1) and (g). The fingerprints of each applicant must be taken on forms prescribed by the Department of Justice, which must be forwarded to the department. Cal. Pen. Code § 26185(a)(1). The Department of Justice

4

Defendants' Notice of Motion and Motion to Dismiss     Case No. CV11-01318 EMC
The First Amended Complaint; Memo of P's & A's

also prescribes a fee that applicants must pay when submitting an application. Cal. Pen. Code § 26190(a)(1). Moreover, a license to carry a concealed weapon may not be issued if the Department of Justice determines that the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. Cal. Pen. Code § 26195(a).

Thus, under *McMillian* and *Venegas*, the Sheriff is a state actor when exercising her discretion to grant or deny applications for licenses to carry concealed weapons. Accordingly, the Sheriff cannot be sued in her official capacity under Section 1983.

Plaintiffs have also sued the Sheriff in her personal capacity. FAC ¶ 7. Officials sued in their personal capacities may assert personal-immunity defenses. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

For the reasons discussed below, with respect to Plaintiffs' equal protection claim, the Sheriff did not violate Scocca's constitutional rights because he does not have a right to carry a concealed weapon. And even if the Court concludes that he has a right to carry a concealed weapon, the right was not clearly established at the time the Sheriff denied Scocca's application. Courts have recognized a fundamental right to self-defense "of hearth and home" but not a fundamental right to carry a concealed weapon. See *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). Accordingly, the Section 1983 claim against the Sheriff should be dismissed with prejudice.

2. <u>The County has no control over the Sheriff's exercise of discretion to issue licenses to carry concealed weapons and thus cannot be sued under 42 U.S.C. § 1983</u>

*Venegas* held that a county board of supervisors has no direct control over a sheriff's performance of law enforcement functions. *Venegas*, 32 Cal.4th at p. 832 (citing *County of Los Angeles v. Superior Court (Peters)*, 68 Cal. App. 4th 1166, 1171 (1998); Cal. Gov. Code § 25303). The Court noted that California Government Code section 25303 reaffirms "the independent and constitutionally and statutorily designated investigative and prosecutorial functions of the sheriff and district attorney of a county. The board of supervisors shall not obstruct the investigative function of the sheriff of the county nor shall it obstruct the investigative and prosecutorial function of the

district attorney of a county." *Venegas*, 32 Cal. 4th at 834.

Here, Plaintiffs contend that "[t]he County is proximately responsible for Defendant Smith's policies as it ultimately provides funding for and oversight of Sheriff's Smith's office, thus ratifying her unconstitutional policies, practices and procedures." FAC ¶ 8. As discussed above, the Sheriff is a state actor when exercising her discretion to issue licenses to carry concealed weapons, and the County has no control over the Sheriff's exercise of discretion. Accordingly, the County should be dismissed with prejudice.

**B. EVEN IF PLAINTIFFS CAN BRING THIS ACTION AGAINST THE SHERIFF AND/OR THE COUNTY, THEIR EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW**

    1. <u>The constitutional right to self-defense does not include a right to carry a concealed weapon.</u>

Plaintiffs contend that "[p]resumably all of the weapon control statutes, regulations, local ordinances, policies and procedures in California that were adopted between 1924 and 2010 were premised upon a (now shaky) foundation that California and its political sub-divisions had no duty to temper their policies, practices and procedures against a constitutional commandment to respect an individual's fundamental 'right to keep and bear arms' for purposes of self-defense." FAC ¶ 17. Plaintiffs cite *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 130 S.Ct. 3020 (2010) in support of their contention. *Id.* ¶¶ 18-19. Neither of these cases addressed regulations pertaining to concealed weapons or recognized that the right to self-defense extended beyond the home.

In *Heller*, the United States Supreme Court held that the Second Amendment protects an individual's right to keep and bear arms for self-defense. *Heller*, 554 U.S. at 628. Two restrictions were at issue: (1) a ban on handgun possession in the home, which the Court characterized as among the most restrictive in the nation; and (2) the requirement that firearms be kept inoperable at all times. *Id.* at 628-29. *Heller* distinguished the blanket handgun ban at issue in that case from permissible gun-control regulations by examining the extent to which the laws burdened the core right to self-defense. *Id. Heller* determined that the District of Columbia's requirement that firearms in the home be kept inoperable at all times made "it impossible for citizens to use [firearms]

for the core lawful purpose of self-defense and is hence unconstitutional." *Id.* at 630. Accordingly, the Court held that the District's ban on handgun possession in the home violated the Second Amendment. *Id.*

*Heller* singled out the home as a place "where the need for defense of self, family, and property is most acute." *Heller*, 554 U.S. at 628. While declining to expound fully on the scope of the Second Amendment, the Court observed that "whatever else it leaves to future evaluation, it surely elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id.* at 635.

*Heller* recognized that the right secured by the Second Amendment was not unlimited and "was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626. The Court noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27. The Court cautioned that "we identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." *Id.* at 627 n. 26.

In *McDonald*, the United States Supreme Court held that the Second Amendment right to keep and bear arms applies to the states through the Due Process Clause of the Fourteenth Amendment. *McDonald*, 130 S.Ct. at 3026.

Thus, *Heller* and *McDonald* recognized the right of law-abiding, responsible citizens to self-defense in the home. But neither case recognized a fundamental right to carry a concealed weapon. Moreover, neither case prescribed the appropriate level of judicial scrutiny for firearms regulations.

In this case, Plaintiffs have made clear that "this is **NOT** an action that seeks to challenge the current law of the State of California to engage in policy decisions that limit the carrying of loaded and functional handguns to bearing them in a state of concealment . . . ; it **IS** an action that seeks to compel the local government agencies and officials who have the power under state law to issue licenses for this fundamental right, to act in compliance with the Fourteenth Amendment's equal protection clause." FAC ¶ 2 (emphasis in original).

Thus, Plaintiffs have framed their claim not as a violation of their rights under the Second Amendment but rather a violation of their right to equal protection under the Fourteenth Amendment. But they have erroneously characterized the privilege of carrying a concealed weapon as a fundamental right, which it is not. Indeed, *Heller* plainly recognized that limitations on firearms possession are permissible.

  2. <u>Plaintiffs have not alleged a substantial burden on their right to self-defense and have conceded that they have no viable claim under rational basis review.</u>

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985). An equal protection claim predicated on denial or burdening of a fundamental right does not lie unless that right is substantially burdened. *Lyng v. International Union*, 485 U.S. 360, 370 (1988) ("[b]ecause the statute challenged here has no substantial impact on any fundamental interest and does not affect with particularity any protected class, we confine our consideration to whether the statutory classification is rationally related to a legitimate government interest.").

Here, Scocca contends that he "is at a competitive disadvantage in providing discreet executive protection services as part of his private investigator business if he cannot carry a functional concealed firearm as part of the services he offers his clients." FAC ¶ 32. He contends that part of his investigative duties requires him to conduct surveillance of suspicious activity, "which becomes of marginal utility if he is required to openly carry his firearm in connection with his work." *Id.* Scocca also alleges that his license to openly carry a loaded firearm during the course and scope of his business does not permit him to exercise his Second Amendment right of self-defense when he is not on duty. *Id.*

As this Court noted in its order granting Defendants' motion to dismiss the original complaint, "where an equal protection claim is based on membership in a suspect class such as race or the burdening of a fundamental right, then heightened scrutiny is applied; otherwise only rational review applies." Order Granting Defendants' Motion to Dismiss, Docket No. 9, at 9:9-11 (citing

8

*Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277-78 (9th Cir. 2005)).  The Court recognized that Plaintiffs "expressly disavowed any argument based on rational review; *i.e.*, that even if no fundamental right were involved the Sheriff's denial of his application for a license to carry a concealed weapon was without rational basis.  Order Granting Defendants' Motion to Dismiss, Docket No. 9, at 9:17-20.  Thus, the Court concluded, "if the allegations in the complaint do not establish that some kind of heightened scrutiny should apply, Mr. Scocca has essentially admitted that he has no case." *Id*. at 9:20-21.

Scocca has merely stated a desire to have a license to carry a concealed weapon to bolster the commercial business of his private investigation firm.  He has not alleged a substantial burden on his right to "defense of hearth and home."  Without any stated substantial burden on his right to keep and bear arms, only rational basis review applies.  Plaintiffs have conceded that they have no viable claim under rational basis review.  Accordingly, the First Amended Complaint must be dismissed with prejudice.

   3. <u>Even if the Sheriff's denial of Scocca's application for a license to carry a concealed weapon substantially burdened a fundamental right, the Sheriff's exercise of discretion withstands intermediate scrutiny.</u>

A three-judge panel in *Nordyke v. King*, 644 F.3d 776, 783 (9th Cir. 2011), a case involving a challenge to the County of Alameda's ban on possession of firearms on county property, held that "heightened scrutiny does not apply unless a regulation substantially burdens the right to keep and to bear arms for self-defense."  Reviewing the case *en banc*, however, the Ninth Circuit declined to state the appropriate level of judicial scrutiny and concluded that "[n]o matter how broad the scope of the Second Amendment – an issue that we leave for another day – it is clear that, as applied to Plaintiffs' gun shows and as interpreted by the County, this regulation is permissible." *Nordyke v. King*, 681 F.3d 1041, 1044 (9th Cir. 2012).

Notably, *Peruta v. County of San Diego*, 758 F.Supp.2d 1106 (S.D. Cal. 2010), which is currently pending before the Ninth Circuit, involves a challenge to the San Diego County Sheriff's implementation of the statutes governing licenses to carry concealed weapons.  The District Court in that case rejected the plaintiffs' contention that strict scrutiny applied to a sheriff's exercise of discretion to issue licenses to carry concealed weapons.  *Id*. at 1117.  The court instead applied

intermediate scrutiny. *Id*. Even though the decision is being reviewed by the Ninth Circuit, the District Court's reasoning is persuasive. The District Court noted that intermediate scrutiny "allows the government to paint with a broader brush [than strict scrutiny] . . . [and] requires the fit between the challenged regulation and the asserted objective be reasonable, not perfect." *Id*. The District Court held that the sheriff's denial of plaintiffs' applications for licenses to carry concealed weapons withstood intermediate scrutiny because:

> Defendant has an important and substantial interest in public safety and in reducing the rate of gun use in crime. In particular, the government has an important interest in reducing the number of concealed weapons in public in order to reduce the risks to other members of the public who use the streets and go to public accommodations. The government also has an important interest in reducing the number of concealed handguns in public because of their disproportionate involvement in life-threatening crimes of violence, particularly in streets and other public places.

*Peruta*, 758 F. Supp. 2d at 1117.

California courts have similarly recognized the government has an important interest in reducing the number of concealed firearms: "[u]nlike possession of a gun for protection within a residence, carrying a concealed firearm presents a recognized threat to public order." *People v. Yarbrough*, 169 Cal. App. 4th 303, 314 (2008). A person who carries a concealed firearm, which permits immediate access to the firearm but impedes others from detecting its presence, "poses an imminent threat to public safety." *Id*.

If this Court holds that rational basis review does not apply, it should reject Plaintiffs' contention that strict scrutiny applies and instead apply intermediate scrutiny. The Sheriff's denial of Scocca's application for a license to carry a concealed weapon survives such scrutiny because it does not prohibit Scocca from defense of his "hearth and home." Moreover, the Sheriff has the discretion to deny an application to carry a concealed weapon particularly where, as here, there is no fundamental right at stake. Accordingly, the First Amended Complaint should be dismissed with prejudice.

///

///

///

Defendants' Notice of Motion and Motion to Dismiss     Case No. CV11-01318 EMC
The First Amended Complaint; Memo of P's & A's

        4.       <u>Plaintiffs cannot establish a class-of-one claim because the doctrine does not apply to discretionary decisions.</u>

Another basis upon which to dismiss the First Amended Complaint is that Plaintiffs cannot establish a class-of-one equal protection claim as a matter of law. When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a "class-of-one" claim. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A class-of-one plaintiff is one who alleges that he or she was "intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." *Id*.

A class-of-one plaintiff must show that the discriminatory treatment "was intentionally directed just at him, as opposed . . . to being an accident or a random act." *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). The Ninth Circuit has recognized that the rational-basis prong of a "class-of-one" claim turns on whether there is a rational basis for the distinction, rather than the underlying government action. *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1023 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 249.

The class-of-one doctrine does not apply to forms of state action that "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dept. of Agriculture*., 553 U.S. 591, 603, (2008). In such cases, treating like individuals differently is an accepted consequence of discretionary decisions:

> The rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) *cert. denied*, 132 S. Ct. 1656 (quoting *Engquist*, 533 U.S. at 603).

As this Court noted in its order granting Defendants' motion to dismiss the original complaint, "[c]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Order Granting Defendants' Motion to Dismiss, Docket No. 9, at 8:9-11 (quoting *Ruston v. Town Bd. For the Town of*

*Skaneateles*, 610 F.3d 55 (2d Cir. 2010)). Thus, a class-of-one plaintiff must identify how he or she is similarly situated to others:

> Where a plaintiff is making a class-of-one claim, the essence of the claim is that only the plaintiff has been discriminated against, and therefore the basis for the differential treatment might well have been because the plaintiff was unique; thus, there is a higher premium for a plaintiff to identify how he or she is similarly situated to others.

Order Granting Defendants' Motion to Dismiss, Docket No. 9, at 8:4-7.

California Penal Code section 26150(a) grants county sheriffs broad discretion to issue permits to carry concealed firearms. *Gifford v. City of Los Angeles*, 88 Cal.App.4th 801, 805. The statute states that a county sheriff may issue a license to carry a concealed firearm upon proof that: (1) the applicant is of good moral character; (2) good cause exists for issuance of the license; (3) the applicant is a resident of the county or the applicant's principal place of employment is in the county and the applicant spends a substantial period of time in that place of employment; and (4) the applicant has completed a course of training in firearm safety and the law regarding the permissible use of a firearm. Cal. Pen. Code § 26150(a).

Scocca does not allege that the Sheriff singled him out or intentionally directed discriminatory treatment toward him. Instead, he makes conclusory allegations that he possesses good moral character because he is a law-abiding citizen and has good cause to obtain a license to carry a concealed weapon because he is similar to some of the more than 70 licensees with permits to carry concealed weapons. FAC ¶ 33. But Scocca makes no attempt to show similarity between him and the 70 licensees with whom he compares himself.

Scocca admits that he has copies of more than 70 applications of persons the Sheriff granted licenses to carry concealed weapons and included a table that indicates the profession or occupation of the 70 licensees and a brief statement of their alleged "good cause."[1] FAC ¶ 25. The table shows licensees with various professions and occupations and various grounds in support of their applications to carry concealed weapons. *Id.* The table only highlights the point made by the Supreme Court in *Engquist,* which is that discretionary decisions are inherently based on a vast array

---

[1] Notably, Scocca did not include any information about applicants who, like himself, were denied licenses to carry concealed weapons.

12

of subjective, individualized assessments.  Significantly, Plaintiffs' table fails to reveal the information complied in background checks and oral interviews, and Plaintiffs fail to provide any allegations about Scocca's background check and oral interview at the Sheriff's Office.

Allowing Scocca to proceed with a class-of-one equal protection claim would undermine the discretion California Penal Code section 26150 entrusts the Sheriff to exercise.  Scocca's bare allegation that he is similarly situated to others who were granted licenses to carry concealed weapons fails to state an equal-protection claim as a matter of law.

## IV.

## CONCLUSION

Plaintiffs' claim for violation of Scocca's right to equal protection fails as a matter of law. Further leave to amend would be futile as Plaintiffs cannot state a cognizable claim for relief. Accordingly, the case should be dismissed with prejudice.

Dated:   September 17, 2012

Respectfully submitted,

LORI E. PEGG
ACTING COUNTY COUNSEL

By: _____/S/_____
MELISSA R. KINIYALOCTS
Deputy County Counsel

Attorneys for Defendants
SHERIFF LAURIE SMITH AND COUNTY OF SANTA CLARA

627176.