Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Jason A. Davis [SBN: 224250]
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice: (949) 310-0817
Fax:   (949) 288-6894
E-Mail: Jason@CalGunLawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SHERIFF LAURIE SMITH (In her individual and official capacity.), COUNTY OF SANTA CLARA, and DOES 1 to 20,<br><br>Defendants. | Case No.:   CV 11 01318<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT and MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         November 15, 2012<br>Time:        2:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge:       Hon. Edward M. Chen |

By and through undersigned counsel, Plaintiffs TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC., hereby oppose Defendants' Motion to Dismiss to First Amended Complaint and submit this memorandum to support that opposition.

Date: October 15, 2012,

    /s/ Donald E. J. Kilmer, Jr.
Attorney for the Plaintiffs

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD FAC          Page 1 of 15          Scocca v. Smith

**TABLE OF CONTENTS**

Introduction | Preliminary Statement ...................................................................................5

Legal Standards Re: Fed.R.Civ.P. 12(b)(6)..........................................................................9

Statement of Facts................................................................................................................10

Discussion | Argument ........................................................................................................11

    I.    SHERIFF SMITH DOES NOT ENJOY ELEVENTH AMENDMENT IMMUNITY................11

    II.   PLAINTIFFS HAVE A VALID EQUAL PROTECTION CLAIM ON THESE FACTS..........13

Conclusion............................................................................................................................15

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696. . . . . . . . . . . . . . . . . . 9

*Beliveau v. Caras* (CD CA 1995) 873 F. Supp. 1393. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*City of Cleburne v. Cleburne Living Centers*, 473 U.S. 432 (1985). . . . . . . . . . . . . . . . 14

*Coffin v. Safeway, Inc.* (D AZ 2004) 323 F. Supp. 2d 997. . . . . . . . . . . . . . . . . . . . . . . 9

*Compassion in Dying v. Washington*, 79 F.3d 790 (9th Cir. 1996), rev'd sub nom. *Washington v. Glucksberg*, 521 U.S. 702, 138 L. Ed. 2d 772, 117 S. Ct. 2258, 117 S. Ct. 2302 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Conley v. Gibson* (1957) 355 U.S. 41, 78 S. Ct. 99. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gerhart v. Lake County Mont.*, 637 F.3d 1013 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . 14

*Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295. . . . . . . . . . . . . . . . . 9

*Guillory v. County of Orange*, 731 F.2d 1379 (9th Cir. 1984). . . . . . . . . . . . . . . . 12, 14

*Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp. 2d 1096. . . . . . . . . . . 9

*Katz v. United States*, 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). . . . . . . . . 8

*Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*March v. Rupf*, 2001 U.S. Dist. LEXIS 14708. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*NAACP v. City of Richmond*, 743 F.2d 1346 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . 5

*Peruta v. County of San Diego*, 758 F. Supp. 2d 1106 (S.D. Cal. 2010). . . . . . . . . . . 14

*Reno v. ACLU*, 521 U.S. 844, 138 L. Ed. 2d 874, 117 S. Ct. 2329 (1997). . . . . . . . . . . 8

*SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F. Supp. 718. . . . . . . . . . . . . . . . 9

*Silveira v. Lockyer*, 328 F.3d 567 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Texas v. Johnson*, 491 U.S. 397 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. White* (CD CA 1995) 893 F. Supp. 1423. . . . . . . . . . . . . . . . . . . . . . . 9

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**DOCKETED CASES**

*Richards v. Prieto (Yolo County)*, Case No.: 11-16255 .......................................................7

*Peruta v. County of San Diego*, Case No.: 10-56971..........................................................7

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD FAC          Page 4 of 15          Scocca v. Smith

# INTRODUCTION | PRELIMINARY STATEMENT

A system which permits a government official to have the absolute, non-reviewable discretion to engage in arbitrary and capricious judgments of citizens, who are entitled to be treated equal before the law, is an invitation to abuse.

In a First Amendment context: "The dangers of discretion are particularly evident in parade permit schemes, where waivers will often be sought for politically controversial causes. It is precisely when "political and social pressures" are most likely to affect decision making that objective standards to govern discretion are most essential." *NAACP v. City of Richmond*, 743 F.2d 1346, 1357 (9th Cir. 1984). See also generally: *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011 (9th Cir. 2009).

This case is about finding out whether Sheriff Laurie Smith has a set of objective standards for granting (and/or denying) concealed carry weapons permits, whether she is applying those objective standards to all cases and specifically whether she applied those standards when evaluating Plaintiff TOM SCOCCA's application for a permit/license.

Licenses for the concealed carrying of firearms are set forth in the laws of the 50 states and the District of Columbia. They can be classified as: Unrestricted, Shall Issue, May (Discretionary) Issue and Non-issuing.

1. Unrestricted – No permit is required for a resident to carry a concealed firearm, though some of these jurisdictions still issue permits upon request and therefore overlap with "Shall Issue" states. Currently the states of Alaska, Vermont, Arizona and Wyoming fall in this category.

2. Shall Issue – In these jurisdictions, the granting authority has no discretion to refuse to issue a permit. Essentially these jurisdictions treat the concealed weapon permit/license like a driver's license and issues to all persons meeting the threshold qualifications. These typically include: (1) minimum age requirements, (2) payment of a fee,

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD FAC        Page 5 of 15        Scocca v. Smith

(3) a criminal history free of crimes of violence and/or crimes of moral turpitude, (4) proof of training with the firearm to be carried, and (5) demonstrated proficiency with the firearm to be carried. Currently, the states of Alaska, Arizona, Arkansas, Colorado, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wyoming fall in this category.  The states of Alabama and Connecticut are *de facto* "shall issue" states but have statutory language that is similar to the "may issue" states.  Wisconsin became a "shall issue" jurisdiction on November 11, 2011.

3. May (Discretionary) Issue – In these jurisdictions government official with the power to issue permits/licenses have the discretion to grant or deny a license to carry a concealed firearm based on subjective criteria such as "good cause" and/or whether the person seeking the permit has good moral character.  California is among these jurisdictions. See: California Penal Code § 12050[1] [17020, 26150-26225] *et seq*.  The issuing authorities in California are Chiefs of Police and County Sheriffs.  The other discretionary issues states are Delaware, Hawaii, Maryland, Massachusetts, New Jersey, New York and Rhode Island.

4. Illinois and the District of Columbia are the only jurisdictions that have no licensing process for the concealed carrying of firearms.[2]

---

[1] California reorganized its Weapons Control Statutes as of January 1, 2012.  Older Penal Code Sections are cited.  The newer sections are bracketed.

[2] This data regarding the status of various states' concealed carry policies was derived from Wikipedia: http://en.wikipedia.org/wiki/Concealed_carry_in_the_United_States; last

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

While this case does not seek to challenge the underlying policy of discretionary issue,[3] it does seek to establish whether that discretion may be wholly arbitrary and capricious, or must adhere to objective standards to insure that all persons seeking to exercise a licensed right to bear arms will be treated equally before the law.

Gun Control generates vigorous debate within and without our court system and the debate has the power to test objectivity. In his concurring opinion in *Texas v. Johnson*, 491 U.S. 397, 421 (1989), Justice Kennedy stripped the veneer off of the difficult and often underestimated toll that difficult decisions have on judicial officers at all levels of our courts:

> I write not to qualify the words Justice Brennan chooses so well, for he says with power all that is necessary to explain our ruling. I join his opinion without reservation, but with a keen sense that this case, like others before us from time to time, exacts its personal toll. This prompts me to add to our pages these few remarks.
>
> The case before us illustrates better than most that the judicial power is often difficult in its exercise. We cannot here ask another Branch to share responsibility, as when the argument is made that a statute is flawed or incomplete. For we are presented with a clear and simple statute to be judged against a pure command of the Constitution. The outcome can be laid at no door but ours.
>
> The hard fact is that sometimes we must make decisions we do not like. We make them because they are right, right in the sense that the law and the Constitution, as we see them, compel the result. And so great is our commitment to the process that, except in the rare case, we do not pause to express distaste for the result, perhaps for fear of undermining a valued principle that dictates the decision. This is one of those rare cases.

In the context of the gun control debate, Judge Kozinski (before he became Chief Judge of the Ninth Circuit Court of Appeals) dissented from a request for a rehearing *en banc* in *Silveira v. Lockyer*, with these thoughts:

---

accessed on October 15, 2012.

[3] There are currently two cases pending the Ninth Circuit Court of Appeals that are directly on point: *Richards v. Prieto (Yolo County)*, Case No.: 11-16255 and *Peruta v. County of San Diego*, Case No.: 10-56971. The cases have been set for oral argument December 6, 2012.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

> Judges know very well how to read the Constitution broadly when they are sympathetic to the right being asserted. We have held, without much ado, that "speech, or . . . the press" also means the Internet, see *Reno v. ACLU*, 521 U.S. 844, 138 L. Ed. 2d 874, 117 S. Ct. 2329 (1997), and that "persons, houses, papers, and effects" also means public telephone booths, see *Katz v. United States*, 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). When a particular right comports especially well with our notions of good social policy, we build magnificent legal edifices on elliptical constitutional phrases – or even the white spaces between lines of constitutional text. See, e.g., *Compassion in Dying v. Washington*, 79 F.3d 790 (9th Cir. 1996) (en banc), rev'd sub nom. *Washington v. Glucksberg*, 521 U.S. 702, 138 L. Ed. 2d 772, 117 S. Ct. 2258, 117 S. Ct. 2302 (1997). But, as the panel amply demonstrates, when we're none too keen on a particular constitutional guarantee, we can be equally ingenious in burying language that is incontrovertibly there.
>
> It is wrong to use some constitutional provisions as spring-boards for major social change while treating others like senile relatives to be cooped up in a nursing home until they quit annoying us. As guardians of the Constitution, we must be consistent in interpreting its provisions. If we adopt a jurisprudence sympathetic to individual rights, we must give broad compass to all constitutional provisions that protect individuals from tyranny. If we take a more statist approach, we must give all such provisions narrow scope. Expanding some to gargantuan proportions while discarding others like a crumpled gum wrapper is not faithfully applying the Constitution; it's using our power as federal judges to constitutionalize our personal preferences.
>
> *Silveira v. Lockyer*, 328 F.3d 567 (2003)

The irony of being saddled with the state's discretionary issue law, is that California's Sheriffs (and Chiefs of Police) must carry out their duties under Penal Code § 12050 [17020, 26150-26225] *et seq.*, under a persistent cloud of suspicion that they are exercising this power in return for friendship, political favors, campaign contributions or any other form of corrupt patronage, ***even if they are not.*** Only a thorough examination of the standards and practices for issuing these permits/licenses – under the microscope of Equal Protection jurisprudence – will insure that the government is complying with its constitutional duties to insure that no person within its jurisdiction is being denied equal protection of the law.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**LEGAL STANDARDS RE: FED.R.CIV.P. 12(B)(6) MOTIONS**

Since the Defendants have elected, under Fed.R.Civ.P. 12(b)(6), to challenge the legal sufficiency of the complaint, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S.Ct. 99, 102; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48; *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp. 718, 726-727 (quoting text); *Beliveau v. Caras* (CD CA 1995) 873 F.Supp. 1393, 1395 (citing text); *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (citing text).

Furthermore, on a motion to dismiss under Rule 12(b)(6), the court must 'accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.' *Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) 562 F.3d 123, 127; *L-7 Designs, Inc. v. Old Navy, LLC* (2nd Cir. 2011) 647 F.3d 419, 429. Thus all reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim. *Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F.3d 585, 595; see also *Barker v. Riverside County Office of Ed.* (9th Cir. 2009) 584 F.3d 821, 824.

Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295, 297 – "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1101 (citing text); *Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997, 1000 (citing text).

/ / / /

/ / / /

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD FAC        Page 9 of 15        Scocca v. Smith

# STATEMENT OF FACTS

This Court is required to accept as true all material allegations of the First Amended Complaint (FAC) and construe the facts in the light most favorable to the Plaintiffs. That makes the 17 page FAC itself the Statement of Facts for this memorandum. Reasonable inferences that can be drawn from those facts:

1. Paragraph 25 of the FAC sets forth a table of at least 70 persons in Santa Clara County to whom Sheriff Smith has issued a License to Carry a Concealed Firearm (LTCCF). Presumably all of these persons also have firearms in their homes, yet were not disqualified from obtaining an LTCCF on that basis.

2. Presumably, the persons identified in the table in ¶ 25 of the FAC would also qualify for a permit to carry loaded and exposed firearms during the course and scope of their work, yet they were not disqualified from obtaining a LTCCF by Sheriff SMITH on the basis of this fact.

3. The following persons identified by the table in ¶ 25 have substantially identical 'Good Cause' statements to Plaintiffs SCOCCA:
   a. #9 lists executive protection and private investigator,
   b. #10 lists protection of valuable products and personnel,
   c. #15 lists protective services and private investigations,
   d. #25 lists termination of employees and threats,
   e. #27 is a private investigator and provides executive protection,
   f. #34 has personnel issues,
   g. #51 seeks merely to defend himself, his business and family,
   h. #55 works late hours, alone in unoccupied buildings,
   i. #67 is a CEO who seeks to defend himself.

4. It is apparent that Sheriff SMITH issues LTCCFs for reasons similar to, if not identical to, the same reasons Plaintiff SCOCCA has alleged he wants a license. Yet SMITH denies SCOCCA a license.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1. 5. A further inference is that all 70 LTCCFs issued by Sheriff SMITH were issued to persons without criminal records, i.e., law-abiding citizens – and are thus 'of good moral character.' Plaintiff SCOCCA has also alleged that he is a law-abiding citizen and thus also has good moral character. Yet SMITH has singled out SCOCCA for a denial.

6. It is not mere conjecture to assume that Sheriff SMITH has singled out SCOCCA for treatment different from the 70-odd persons to whom she has issued LTCCFs. The FAC makes out a prima facie case of unequal treatment before the law. That is all that a complaint must do under the FRCP. Whether SMITH has any personal animosity toward SCOCCA will have to wait for discovery.[4]

**DISCUSSION | ARGUMENT**

Absent from this round of their motion to dismiss is any attempt by the Defendants to challenge the standing of the institutional plaintiffs: MADISON SOCIETY, INC., and the CALGUNS FOUNDATION, INC. Therefore Plaintiffs will treat this issue as resolved.

I. SHERIFF SMITH DOES NOT ENJOY ELEVENTH AMENDMENT IMMUNITY

Sheriff SMITH is not a agent of the State of California, she does not represent the State of California in any capacity, nor is she an alter-ego for the State of California. Any attempt by the Defendants to allege facts to establish Eleventh Amendment immunity under this far-fetched theory would require them to file an Answer and then produce facts to support those assertions. They cannot be made up in an FRCP 12(b)(6) motion.

---

[4] Which is also where Plaintiffs will explore the issue of alleged political favors and influence that has already been touched on in the recent Mercury News piece about Sheriff Smith's practices.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 Furthermore, it is well established law that the Eleventh Amendment immunity does not protect local governmental bodies (counties, cities, etc.), even though such entities enjoy a 'slice of state power.' *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency* (1979) 440 U.S. 391, 401, 99 S.Ct. 1171, 1177; *Northern Ins. Co. of New York v. Chatham County, Ga.* (2006) 547 U.S. 189, 193, 126 S.Ct. 1689, 1693.

Moreover, this suit does not challenge Sheriff SMITH power to exercise state law in issuing a LTCCF. It challenges the arbitrary and capricious way in which she exercises discretion in exercising that power. Furthermore, the only (local) government officials with authorization to issue LTCCFs under Penal Code § 12050 [17020, 26150-26225] *et seq.*, are Sheriffs and Police Chiefs. The Attorney General of this state does not even have the power to issue licenses, let alone order a sheriff to issue (or not issue) an LTCCF.

This 11th Amendment argument is absurd and should be summarily rejected by the Court.

SMITH's argument for qualified immunity is equally without merit. *Guillory, et al., v. Orange County*, et al., 731 F.2d 1379 (9th Cir. 1984), has been the law in this circuit for almost 30 years. The sheriff of that county was denied qualified immunity in that equal protection case and Sheriff SMITH must also be denied that defense in this case.

As for the Defendants' assertion that the County of Santa Clara must be dismissed, that argument is premature. The County (presumably through its Board of Supervisors) may not have the power to force Sheriff SMITH to issue any LTCCFs, but until the Defendants can allege, and the Plaintiffs can substantiate, who will pay damages in this case, it is premature to dismiss the Defendant with fiscal responsibility if the case results in a judgment for the plaintiffs. Plaintiffs would be prepared to enter into a stipulation to dismiss the County if such assurances can be made or if that fact was established during discovery.

////

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD FAC  Page 12 of 15  Scocca v. Smith

II. **PLAINTIFFS HAVE A VALID EQUAL PROTECTION CLAIM ON THESE FACTS.**

Defendants completely misunderstand and misconstrue the Equal Protection claim in this case. They spend a large portion of their memorandum discussing standards of review for the Second Amendment. This is not a Second Amendment case. It is a Fourteenth Amendment "Equal Protection" case. But it is an equal protection case **about** the fundamental right of self-defense. Mr. SCOCCA does not want to carry his firearm as a fashion accessory.

The argument that SCOCCA's right of self-defense is not substantially burdened is beside point. It is, but it also is as impermissible as asserting that parade permits may be denied because one can celebrate a holiday, or make a political point by assembling in a park or mall. Sheriff SMITH's wholly arbitrary and capricious <u>denial</u> of an LTCCF to SCOCCA in her county is the same conduct as her arbitrary and capricious practice of <u>granting</u> LTCCFs to the 70-odd persons she did approve. The gravamen of the cause of action in this case is the irrational and inexplicable conduct by a local government official who has a duty to administer the law even-handedly under the Fourteenth Amendment's commandment that Sheriff SMITH shall not "deny to any person [...] the equal protection of the laws."

Furthermore, scrutiny is (again) a red-herring. Defendants conceded that SCOCCA is entitled to have a gun (concealed or unconcealed, loaded or unloaded) in his home and on his own property. They also concede (as was plead in the FAC) that SCOCCA currently has a limited license to carry an exposed and loaded firearm in public when he is actively engaged in his employment duties. That leaves going to and from work, and being in public while off-duty as the only time SCOCCA is not bearing arms. Under an equal protection rubric, what would be the government's rational basis for denying a LTCCF in those circumstances when SCOCCA has already demonstrated trustworthiness to be armed in his home and at work?

"A law, valid on its face, but so administered as to unjustly discriminate between

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD FAC     Page 13 of 15     Scocca v. Smith

1 persons in similar circumstances, may deny equal protection." *Yick Wo v. Hopkins*,
2 118 U.S. 356 (1886). The Fourteenth Amendment's Equal Protection Clause "is
3 essentially a direction that all persons similarly situated should be treated alike."
4 *City of Cleburne v. Cleburne Living Centers*, 473 U.S. 432, 439 (1985).

Directly on point with regard to equal protection claims and the issuance/denial of concealed weapons permits – a litigant is "[...]entitled to place evidence before the jury from which it might find an equal protection violation. By limiting the examination of Gates, the court prevented appellants from doing this. The appellants were unable to attempt to establish how they as a class were treated differently than others. A law that is administered so as to unjustly discriminate between persons similarly situated may deny equal protection. *Yick Wo v. Hopkins*, 118 U.S. 356 (1886); *Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1349 (9th Cir. 1983)." *Guillory v. County of Orange*, 731 F.2d 1379 (9th Cir. 1984). See also: *Peruta v. County of San Diego*, 758 F. Supp. 2d 1106, 1118 (S.D. Cal. 2010) and *March v. Rupf*, 2001 U.S. Dist. LEXIS 14708.

As Defendants have conceded, the Supreme Court has recognized that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she was been irrationally singled out as a so-called 'class of one.' *Enquist v. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (citing *Villiage of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(per curiam)." *Gerhart v. Lake County Mont.*, 637 F.3d 1013 (9th Cir. 2011).

But Defendants have also impermissibly argued against the facts (and inferences) of the FAC when they assert that SCOCCA made no attempt to show any similarity between himself and the 70-odd license holders who acquired LTCCFs from SMITH. The one thing they all have in common is desire to exercise the right of self-defense outside their home. They all have good moral character. And more than a handful of the licensees have "good cause" statements that are identical to the "good cause" asserted by SCOCCA. (i.e., private investigator,

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Opposition MTD FAC　　　　Page 14 of 15　　　　Scocca v. Smith

executive protection, business owner, personal protection.) Sufficient facts have been alleged in the FAC that SCOCCA was singled out for different treatment thought he is similarly (if not identically) situated to others who have been conferred a government benefit. Motive is not a pleading requirement of the Fourteenth Amendment.

## CONCLUSION

Defendants' Motion to Dismiss should denied in its entirety. The Defendants should be ordered to answer this lawsuit and the parties must be permitted to begin conducting discovery. In the alternative, the Court should grant Plaintiffs leave to amend their First Amended Complaint to cure any perceived defects.

RESPECTFULLY SUBMITTED,

Dated: October 15, 2012,

 /s/ Donald Kilmer

Donald Kilmer, Jr. [SBN: 179986]
Law Offices of Donald Kilmer, APC
Attorneys for Plaintiffs