1   LORI E. PEGG, Acting County Counsel (S.B. #129073)
    MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
2   OFFICE OF THE COUNTY COUNSEL
    70 West Hedding Street, East Wing, Ninth Floor
3   San Jose, California  95110-1770
    Telephone: (408) 299-5900
4   Facsimile:  (408) 292-7240

5   Attorneys for Defendants
    SHERIFF LAURIE SMITH and
6   COUNTY OF SANTA CLARA

7

8                   UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10

11  TOM SCOCCA, MADISON SOCIETY, INC.,        No.      CV11-01318 EMC
    and THE CALGUNS FOUNDATION, INC.,
12                                             **REPLY TO OPPOSITION TO MOTION TO**
                    Plaintiffs,                **DISMISS FIRST AMENDED COMPLAINT**
13
    v.
14                                             Date:     November 15, 2012
    SHERIFF LAURIE SMITH (In her individual    Time:     2:30 p.m.
15  and official capacity.), COUNTY OF SANTA   Crtrm.:   5, 17th Floor
    CLARA, and DOES 1 to 20,                   Judge:    Honorable Edward M. Chen
16
                    Defendants.
17

18                                  **I.**

19                          **INTRODUCTION**

20          On December 6, 2012, the United States Court of Appeals for the Ninth Circuit will hear oral

21  argument in two cases that Plaintiffs concede have direct bearing on this action: (1) *Peruta v. County*

22  *of San Diego*, Case No. 10-56971;[1] and (2) *Richards v. Prieto*, Case No. 11-16255.[2]  See, Opposition

23  _____

24  [1]The District Court in *Peruta* rejected plaintiffs' contention that strict scrutiny applied to the San
    Diego County Sheriff's exercise of discretion to issue licenses to carry concealed weapons.  *Peruta*,
25  758 F.Supp.2d 1106, 1117 (S.D. Cal. 2010.  The court instead applied intermediate scrutiny.  *Id*.

26
    [2] In *Richards*, plaintiffs challenged in equal-protection grounds the Yolo County Sheriff's
27  implementation of a policy regarding issuance of licenses to carry concealed weapons; specifically,
    the requirement that applicants demonstrate that they have a valid reason to request a license to carry
28  a concealed weapon, such as credible threats of violence against the applicant and being a business
    owner who carries large sums of cash.  *Richards*, 821 F.Supp.2d 1169 (E.D. Cal. May 16, 2011).

Reply to Opposition to Motion to                                        CV11-01318 EMC
Dismiss First Amended Complaint            1

to Motion to Dismiss FAC at 7:27-18. Because the Ninth Circuit will rule in these two cases on legal issues that bear directly on this case,[3] Defendants respectfully request that the Court stay this action pending the Ninth Circuit's decisions in *Peruta* and *Richards*. But if the Court declines to stay the action and proceeds to rule on Defendants' motion to dismiss, Defendants respectfully request that the First Amended Complaint be dismissed without further leave to amend.

Plaintiffs failed to cite any authority in their opposition that contradicts the conclusion that Sheriff Laurie Smith is immune under the Eleventh Amendment and cannot be sued in her official capacity pursuant to 42 U.S.C. § 1983. Additionally, Plaintiffs misrepresent the holding in a case that they contend establishes that the Sheriff is not entitled to qualified immunity. The relevant authorities establish that the Sheriff cannot be sued in her personal capacity because she is entitled to qualified immunity.

Moreover, the County of Santa Clara must be dismissed because Plaintiffs failed to allege that any County policy or custom was the moving force behind their alleged constitutional violations. Thus, as a matter of law, Plaintiffs have no cognizable Section 1983 claim against the County.

Further, the equal protection claim fails as a matter of law because the Sheriff's exercise of discretion in denying Plaintiff Tom Scocca's application for a license to carry a concealed weapon did not substantially burden his right to self-defense. Scocca has a license to openly carry a loaded firearm in the course of his employment as a private investigator and is not precluded from keeping firearms in his home for self-defense. Plaintiffs failed to cite any authority in support of their argument that there is a fundamental right to carry a concealed weapon and that the Sheriff should not have discretionary authority to grant or deny applications to carry concealed weapons.

---

The District Court held that regulation of concealed firearms is an essential part of maintaining public safety and preventing crime and that the Sheriff's implementation of the policy was rationally related to these legitimate government goals. *Id.*

[3] The appeals in *Peruta* and *Richards* have been assigned to the same panel but are not consolidated for oral argument. See October 9, 2012 Filed Clerk Order in *Peruta*, Case No. 11-16255 and *Richards*, Case No. 10-56971.

1    Finally, Scocca cannot establish a class-of-one equal protection claim because the doctrine

2    does not apply to discretionary decisions based on subjective, individualized assessments.  Scocca

3    generally alleges that he and the holders of licenses to carry concealed weapons all have in common

4    a desire to exercise the right of self-defense outside their home and all have good moral character.

5    Such generality fails to show the requisite "extremely high degree of similarity" between Scocca and

6    the holders of licenses to carry concealed weapons to survive dismissal of his class-of-one equal

7    protection claim.  Accordingly, the First Amended Complaint should be dismissed with prejudice.

8                                              **II.**

9                                         **ARGUMENT**

10   **A.    THE SHERIFF IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY AND
             QUALIFIED IMMUNITY**

11

12         1.    Plaintiffs cite no authority for their conclusory argument that the Sheriff does not
                 have Eleventh Amendment immunity.

13         Defendants discussed in detail in their moving papers *Venegas v. County of Los Angeles*, 32

14   Cal.4th 820, 839 (2004), in which the California Supreme Court held that in California sheriffs act as

15   state officers while performing state law enforcement duties.  Plaintiffs reject the Eleventh

16   Amendment's application to this case by concluding in their opposition that the "11th Amendment

17   argument is absurd and should be summarily rejected by the Court."  Opposition at 12:13-14.

18   Plaintiffs, however, failed to cite any authority for this conclusory argument.

19         Legal authority demonstrates that the Sheriff is a state actor when exercising her discretion to

20   grant or deny applications for licenses to carry concealed weapons.  Accordingly, the Sheriff cannot

21   be sued in her official capacity under Section 1983.

22         2.    Plaintiffs misrepresent the authority they cite for their claim that the Sheriff is not
                 entitled to qualified immunity.

23

24         Plaintiffs contend that the Sheriffs is not entitled to qualified immunity and cite *Guillory v.*

25   *County of Orange*, 731 F.2d 1379 (9th Cir. 1984).  Opposition at 12:15-19.  Plaintiffs contend that

26   *Guillory* held that the sheriff in that case was not entitled to qualified immunity.  *Id.  Guillory* did

27   not, however, even mention qualified immunity.

28   / /

1    *Guillory* held that: (1) unsuccessful applicants for licenses to carry concealed weapons could

2    bring a claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978),[4] against the

3    city and county based on alleged unconstitutional policies or customs; (2) statutory immunities under

4    California Government 820.2 and 821.2 did not apply to claims pursuant to 42 U.S.C. § 1983; and

5    (3) the district court abused its discretion by limiting the scope and extent of cross-examination of

6    the sheriff at trial.  *Guillory*, 731 F.2d at 1381-83.

7           The doctrine of qualified immunity protects government officials "from liability for civil

8    damages insofar as their conduct does not violate clearly established statutory or constitutional rights

9    of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

10   The Sheriff did not violate Scocca's right to equal protection because he does not have a

11   constitutional right to carry a concealed weapon.  And even if the Court concludes that he has a right

12   to carry a concealed weapon, the right was not clearly established at the time the Sheriff denied

13   Scocca's application.  Courts have recognized a fundamental right to self-defense "of hearth and

14   home," but not a fundamental right to carry a concealed weapon.  See *District of Columbia v. Heller*,

15   554 U.S. 570, 635 (2008).  Accordingly, the Section 1983 claim against the Sheriff should be

16   dismissed with prejudice.

17   **B.      PLAINTIFFS HAVE NO CONGIZABLE CLAIM AGAINST THE COUNTY**

18          Plaintiffs concede that the County does not have the power to force the Sheriff to issue any

19   licenses to carry concealed weapons.  Opposition at 12:22-24.  Instead, they contend that the County

20   must not be dismissed until "Plaintiffs can substantiate who will pay damages in this case."  *Id.* at

21   12:24.  This is insufficient to state a Section 1983 claim against the County.

22

23   _____

24   [4] *Monell* held that a municipality may not be held liable under 42 U.S.C. § 1983 solely because it
     employs a tortfeasor.  *Monell*, 436 U.S. at 692. Instead, a plaintiff must identify a municipal "policy"
     or "custom" that caused the injury.  *Id.*  A plaintiff must also demonstrate that, through its deliberate
25   conduct, the municipality was the "moving force" behind the injury alleged.  *Board of County
     Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997).  That is, a plaintiff must
26   show that the municipal action was taken with the requisite degree of culpability and must
     demonstrate a direct causal link between the municipal action and the deprivation of federal rights.
27   *Id.*

28

1    Plaintiffs are only challenging the manner in which the Sheriff exercises her discretion to

2    grant or deny applications for licenses to carry concealed weapons.  Opposition at 7:1-4 and 12:6-8.

3    Plaintiffs have not alleged that any <u>County</u> policy or custom caused them to suffer a deprivation of

4    the right to equal protection.  As such, Plaintiffs failed to state a cognizable *Monell* claim against the

5    County as a matter of law.  Accordingly, the County should be dismissed with prejudice.

6    **C.    PLAINTIFFS' EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW**

7    Plaintiffs allege that "[t]he gravamen of the [equal protection] cause of action in this case is

8    the irrational and inexplicable conduct by a local government official who has a duty to administer

9    the law even-handedly under the Fourteenth Amendment's commandment that Sheriff Smith shall

10   not 'deny to any person . . . the equal protection of the laws.'"  Opposition at 13:14-17.  Plaintiffs

11   contend that this "is an equal protection case about the fundamental right of self-defense." *Id.* at

12   13:6-7.

13   Plaintiffs, however, have no authority for their argument that there is a fundamental right to

14   self-defense outside the home.  As discussed in more detail in Defendants' moving papers, the

15   United States Supreme Court recognized in *Heller* and *McDonald* the right of law-abiding,

16   responsible citizens to self-defense in the home. *District of Columbia v. Heller*, 554 U.S. 570

17   (2008); *McDonald v. Chicago*, 130 S.Ct. 3020 (2010).  But neither case recognized a fundamental

18   right to carry a concealed weapon.  Moreover, neither case prescribed the appropriate level of

19   judicial scrutiny for firearms regulations.

20   There is also no authority for Plaintiffs' argument that there is a fundamental right to carry a

21   concealed weapon. *Heller* acknowledged that the right secured by the Second Amendment was not

22   unlimited and "was not a right to keep and carry any weapon whatsoever in any manner whatsoever

23   and for whatever purpose." *Heller*, 554 U.S. at 626.  The Court noted that "nothing in our opinion

24   should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons

25   and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools

26   and government buildings, or laws imposing conditions and qualifications on the commercial sale of

27   arms." *Id.* at 626-27.  The Court cautioned that "we identify these presumptively lawful regulatory

28   measures only as examples; our list does not purport to be exhaustive." *Id.* at 627 n. 26.

1    Moreover, Plaintiffs make no attempt to identify what level of scrutiny they contend applies

2  to the Sheriff's exercise of discretion in granting or denying applications to carry concealed

3  weapons.  They simply conclude that scrutiny is a red herring.  Opposition at 13:18.  But this Court

4  recognized in its order granting Defendants' motion to dismiss the original complaint that the level

5  of scrutiny to apply in this case is important.  "[W]here an equal protection claim is based on

6  membership in a suspect class such as race or the burdening of a fundamental right, then heightened

7  scrutiny is applied; otherwise only rational review applies." Order Granting Defendants' Motion to

8  Dismiss, Docket No. 9, at 9:9-11 (citing *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277-78 (9th Cir.

9  2005)).  Plaintiffs, however, "expressly disavowed any argument based on rational review; *i.e.*, that

10 even if no fundamental right were involved the Sheriff's denial of his application for a license to

11 carry a concealed weapon was without rational basis.  *Id*. at 9:17-20.  Thus, this Court concluded, "if

12 the allegations in the complaint do not establish that some kind of heightened scrutiny should apply,

13 Mr. Scocca has essentially admitted that he has no case."  *Id*. at 9:20-21.

14    As discussed in more detail in Defendants' moving papers, Plaintiffs' equal protection claim

15 fails no matter what level of scrutiny is applied.  Scocca merely desires to have a license to carry a

16 concealed weapon to bolster the commercial business of his private investigation firm.  He has not

17 alleged any burden, let alone a substantial burden, on his right to "defense of hearth and home."

18 Without any stated substantial burden on his right to keep and bear arms for self-defense, only

19 rational basis review applies.  Plaintiffs have no viable claim under rational basis review.

20    Finally, Plaintiffs failed to address Defendants' authority regarding the class-of-one doctrine,

21 which does not apply to forms of state action that "by their nature involve discretionary

22 decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v.*

23 *Oregon Dept. of Agriculture*., 553 U.S. 591, 603, (2008).  In such cases, treating like individuals

24 differently is an accepted consequence of discretionary decisions.  *Towery v. Brewer*, 672 F.3d 650,

25 660 (9th Cir. 2012) *cert. denied*, 132 S. Ct. 1656.

26    As this Court noted in its order granting Defendants' motion to dismiss the original

27 complaint, "[c]lass-of-one plaintiffs must show an extremely high degree of similarity between

28 themselves and the persons to whom they compare themselves."  Order Granting Defendants'

1    Motion to Dismiss, Docket No. 9, at 8:9-11 (quoting *Ruston v. Town Bd. For the Town of*

2    *Skaneateles*, 610 F.3d 55 (2d Cir. 2010)).  Thus, a class-of-one plaintiff must identify how he or she

3    is similarly situated to others.  *Id.*

4         Scocca contends that he is similarly situated to the 70 holders of licenses to carry concealed

5    weapons in that "they all have in common [a] desire to exercise the right of self-defense outside their

6    home" and they all have good moral character.  Opposition at 14:25-26.  Such generalized

7    allegations fail to show an "extremely high degree of similarity" between Scocca and the holders of

8    licenses to carry concealed weapons.  Accordingly, this equal protection claim fails as a matter of

9    law, and the First Amended Complaint must be dismissed with prejudice.

10                                          **III.**

11                                     **CONCLUSION**

12        This case should be stayed pending the Ninth Circuit's decisions in *Peruta* and *Richards*.  If

13   the case is not stayed, the Court should grant Defendants' motion to dismiss without further leave to

14   amend for all the reasons discussed above.

15   Dated:  October 22, 2012                    Respectfully submitted,

16                                               LORI E. PEGG
                                                 ACTING COUNTY COUNSEL
17

18                                          By: _____/S/_____

19                                               MELISSA R. KINIYALOCTS
                                                 Deputy County Counsel
20
                                                 Attorneys for Defendants
21                                               SHERIFF LAURIE SMITH and
                                                 COUNTY OF SANTA CLARA
22

23

24

25

26

27
     655751.DOC
28