Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Jason A. Davis [SBN: 224250]
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice: (949) 310-0817
Fax:   (949) 288-6894
E-Mail: Jason@CalGunLawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TOM SCOCCA, MADISON SOCIETY, INC., and THE CALGUNS FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SHERIFF LAURIE SMITH (In her individual and official capacity.), COUNTY OF SANTA CLARA, and DOES 1 to 20, <br><br> Defendants. | Case No.:  CV 11 01318  EMC <br><br> **PLAINTIFFS' SUPPLEMENT BRIEF** <br><br> Date:       November 15, 2012 <br> Time:       9:30 a.m. <br> Courtroom:  5, 17th Floor <br> Judge:      Hon. Edward M. Chen |

Pursuant to this Court's verbal order made during the hearing on November 15, 2012, Plaintiffs hereby file this Supplemental Brief on the issue of immunity for SHERIFF LAURIE SMITH:

During the hearing on Defendants' Motion to Dismiss, two kinds of immunity were discussed with respect to Defendant SHERIFF LAURIE SMITH: (1) Qualified Immunity as against money damages, in her capacity as an individual defendant, and (2) Eleventh Amendment Immunity.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Supplemental Brief                Page 1 of 7                Scocca v. Smith

### A.  Defendant SHERIFF LAURIE SMITH is Not Entitled to Qualified Immunity.

As was briefed by the Plaintiffs in their opposition memorandum, the requisite "notice" that a violation of the Fourteenth Amendment's "equal protection" clause is unconstitutional, specifically with respect to the issuance of Concealed Carry Permits (A.K.A. License to Carry) by county sheriffs – and therefore not susceptible to a qualified immunity defense – is well settled law in this Circuit. *Guillory v. City of Orange*, 731 F.2d 1379 (9th Cir. 1984).

### B.  Defendant SHERIFF LAURIE SMITH is Not Entitled to Eleventh Amendment Immunity.

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997).

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. See *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003); see also *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); cf. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) (stating that Eleventh Amendment requires examination of the complaint

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Supplemental Brief        Page 2 of 7        Scocca v. Smith

and relief sought to determine whether the state is the "real party in interest"); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (same). The Eleventh Amendment also bars damages actions against state officials in their official capacity, see *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); and *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).

However, under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), and critical to an adjudication of this case, the Eleventh Amendment **does not** bar suits for **prospective declaratory or injunctive relief** against state officials in their official capacity. See *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-06 (1984); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

The most practical way to adjudicate of this Eleventh Amendment immunity issue would be to focus on the Plaintiffs' prayers for injunctive and/or declaratory relief. Under the *Ex Parte Young* doctrine, the suit goes forward – at least with respect to injunctive/declaratory relief – against SHERIFF LAURIE SMITH regardless of whether he is a county official or state official.

Furthermore, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal or individual capacity. See *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003); *Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 394-95 (9th Cir. 1997); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).

So even if this Court were to rule against circuit precedent and find that SHERIFF LAURIE SMITH, in her personal/individual capacity, enjoys qualified immunity from a money damages claim under an "equal protection" theory of

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Supplemental Brief   Page 3 of 7   Scocca v. Smith

1 liability, then it doesn't matter if she is a county official or state official. But if she
2 doesn't enjoy qualified immunity, then the Eleventh Amendment is not a shield
3 against a money damages claim when she is sued in her personal/individual
4 capacity regardless of her status as a county official or state official.

5 More to the point, the fact that SHERIFF LAURIE SMITH is one of only two
6 officials with the power to implement state law with respect to issuance of
7 Concealed Carry Permits (A.K.A. Licenses to Carry)[1] does not grant her the status
8 of an official working for the State of California. And comparing county sheriffs to
9 county district attorneys, just because both are locally elected at the county level, is
10 an *"apples to oranges"* fallacy.

11 First, District Attorneys do not need the Eleventh Amendment because their
12 immunity is derived from their official role as an advocate for the state performing
13 functions "**intimately associated with the judicial phase of the criminal**
14 **process**." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); see also *Van de Kamp v.*
15 *Goldstein*, 555 U.S. 335, 129 S. Ct. 855, 860-61 (2009) (giving examples where
16 absolute immunity has applied, including when a prosecutor prepares to initiate a
17 judicial proceeding, or appears in court to present evidence in support of an
18 application for a search warrant); *Ewing v. City of Stockton*, 588 F.3d 1218, 1232-33
19 (9th Cir. 2009); *Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Botello v. Gammick*,
20 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th
21 Cir. 2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320
22 F.3d 1023, 1028 (9th Cir. 2003). In other words, a district attorney's immunity is
23 derived from their connection with the judicial process. By no stretch of the
24 imagination is the issuance of a permit to carry a concealed firearm a judicial
25 function connected with the prosecution of crimes.

26 Second, even prosecutorial immunity does not extend to those actions of a

---

[1] The other being Chiefs of Police. CA Penal Code § 26155.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

prosecutor which are "administrative" or "investigative" in nature. See *Van de Kamp*, 129 S. Ct. at 861 (explaining that prosecutorial immunity does not apply, for example, when prosecutor gives advice to police during a criminal investigation, makes statements to the press, or acts as a complaining witness in support of a warrant application); *Hartman v. Moore*, 547 U.S. 250, 261-62 n.8 (2006); *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993); *Waggy v. Spokane County Washington*, 594 F.3d 707, 710-11 (9th Cir. 2010); *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *Botello*, 413 F.3d at 975-76; *Genzler*, 410 F.3d at 636.

The processes that a sheriff administers when granting (or denying) Concealed Carry Permits (A.K.A. Licenses to Carry) is more like these administrative and/or investigative actions. To reiterate, Plaintiffs are NOT challenging state law. They are challenging a local government official's implementation (on equal protection grounds) of state law in the administration of a permit process that merely requires:[2]

    a.    Proof of good moral character of the applicant,

    b.    Proof of good cause by the applicant,

    c.    Proof that the applicant either:

        i.    Is a resident of the county or a city within the county, or

        ii.    Spends a substantial period of time in a principal place of employment or business in the county,

    d.    Proof of successful completion of a course of training that shall not exceed 16 hours,

    e.    Completion of a criminal background check,

    f.    Payment of a statutorily defined fee.

Which brings us back to the argument that SHERIFF LAURIE SMITH is either (A) not immune under ANY theory against a remedy of prospective injunctive

---

[2] California Penal Code §§ 17020, 26150-26225.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

and/or declaratory relief, regardless of her status as a state official or county official, or (B) she is not immune under ANY theory against a claim for damages in her individual capacity – unless she is entitled to qualified immunity defense which is a completely separate issue.

Finally, the suggestion that county sheriffs "share state power" with the California Department of Justice because that agency can summarily stop the issuance of a Concealed Carry Permit (A.K.A. License to Carry) or revoke an existing license when it learns that the licensee is *prohibited by state or federal law from possessing, receiving, owning or purchasing a firearms"* [CA Penal Code § 26195] should be of no avail to Defendant SMITH.

This is merely a categorical determination of an licencee's ineligibility to exercise the "right to keep and bear arms" in any capacity. And while the California Department of Justice (DOJ) has the power under this statute to declare someone ineligible, or to revoke an existing license, there is no statutory authority that permits the DOJ to grant a permit for any reason, or to deny a permit on any basis other ineligibility to even possess – let alone carry in public – a firearm. That discretionary power, subject to an equal protection test, resides solely with county sheriffs and chiefs of police. CA Penal Code §§ 26150, 26155. If anything, the DOJ is only share a "slice of power" with the sheriffs and police chiefs who control the lion's share of this awesome power over the "right to keep and bear arms" for the purpose of self-defense in public places.

Besides, Eleventh Amendment immunity does not protect local governmental bodies (counties, cities, etc.), even though such entities enjoy a 'slice of state power.' *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency* (1979) 440 U.S. 391, 401, 99 S.Ct. 1171, 1177; *Northern Ins. Co. of New York v. Chatham County, Ga.* (2006) 547 U.S. 189, 193, 126 S.Ct. 1689, 1693.

/ / / /

/ / / /

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# CONCLUSION

Defendant SHERIFF LAURIE SMITH is not entitled to immunity under any theory. This Court should deny Defendants' motion to dismiss in it entirety and enter an order (if so inclined) staying this matter until resolution of the *Richards* and *Peruta* cases which are now set for oral argument on December 6, 2012 in the Ninth Circuit.

RESPECTFULLY SUBMITTED,

Dated: November 15, 2012,

/s/ Donald Kilmer

Donald Kilmer, Jr. [SBN: 179986]
Law Offices of Donald Kilmer, APC
Attorneys for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Plaintiffs' Supplemental Brief       Page 7 of 7       Scocca v. Smith